IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERM DIVISION

| | | |
|---|---|---|
| JOSE MARIA DECASTRO, | ) | Case No.: 1:22CV204 |
| Plaintiff, | ) | |
| vs. | ) | Plaintiffs Original Complaint |
| | ) | |
| PAM WAGNER, in her individual and official capacities, BRAD SPOLJARIC, in his individual and official capacities, CHANCE BLANKENSHIP, in his individual and official capacities, EVAN MCKNIGHT, in his individual and official capacities, officer FOUCH, in his individual and official capacities, "MAJOR" CHAPMAN, in his individual and official capacities, JANE DOE, in her individual and official capacities, CITY OF IRONTON, a municipality within the County of Lawrence, Ohio, and, LAWRENCE COUNTY, a county or other recognized territorial division within the state of Ohio | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | EXHIBITS 1-4 attached hereto and incorporated herein<br><br>Jury Trial Demanded Herein<br><br>J. BARRETT<br><br>M.J. BOWMAN |
| Defendants, | ) | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW**, Plaintiff, Jose Maria DeCastro, in *propia persona* in the above-titled cause, hereby file this, his Original Complaint for Civil Rights Violations under U.S.C. 42 §1983 for deprivation of certain of his guaranteed and protected civil rights relating to the 1st, 4th, and 14th Amendments.

### I. INTRODUCTION AND OPENING STATEMENT

1. This is an action brought by Plaintiff, DeCastro, against certain defendants including the City of Ironton Chief of Police, Pam Wagner, and 4 other officers, the City of Ironton, Jane Doe of the Lawrence County Clerk of Courts Office, who were all acting as agents of the state by the entities for which they were employed.

2. The injury suffered by this Plaintiff occurred at a peaceful protest taking place at the City Hall in Ironton, Ohio on 3/31/22.

3. Plaintiff DeCastro, a known journalist, vlogger, and reporter on YouTube and other media outlets, was inside the City of Ironton City Hall and videorecording.

4. Within 3 minutes of the City Hall closing and absent valid notice, Plaintiff was personally seized and handcuffed, his recording device was seized and he was placed under arrest. After approximately 2 hours, DECASTRO, was

required to post bond for alleged criminal violations, was released and his property returned to him, all but his cell phone/recording device which he uses for his occupation and personal record.

5. Despite numerous requests for the return of the property the Defendants have failed to return this as they want to stop him from recording the public officials and conducting interviews.

6. During the time he was being processed after arrest one of the officers stated that if he refused to provide his Social Security Number, that he would bring additional charges and punishment upon Plaintiff. Only days later, an employee of the Lawrence County Clerk of Courts Office was calling private citizens and falsely claiming that Plaintiff had stolen their telephone numbers and was using them to call and harass the court clerks. Further, that these private citizens should call and report the crime to the Lawrence County Sheriff.

7. The City of Ironton and Lawrence County have failed to ensure that its employees, the Chief of Police and the other officers, are properly trained and/or supervised as they acted unfettered, in violation of the Constitution and clearly established law. Because of this failure Plaintiff's clearly established rights relating to the 1st, 4th, 14th Amendments to the Constitution were egregiously violated by all Defendants.

## II. JURISDICTION AND VENUE

8. Causes of Action of this complaint arise under 42 U.S.C. §1983 (Civil Action for Deprivation of Rights). The jurisdiction of this court is founded on federal question jurisdiction, 28 U.S.C. §1331 and this court also has original jurisdiction pursuant to 28 U.S.C. §1343.

9. Venue is proper because all events giving rise to Plaintiffs' causes of action occurred within this district, as provided in 28 U.S.C. § 1391(b)(2).

## III. PARTIES

### A. Plaintiff

10. Plaintiff Jose Maria DeCastro, hereinafter "DECASTRO", at all times relevant herein, suffered injury while in this District in the City of Ironton, Ohio.

### B. Defendants

11. Plaintiff is informed and believes that Defendant, Pam Wagner, hereinafter "WAGNER", was the city of Ironton Chief of Police and a sworn peace officer, employed by defendant City of Ironton, and at all times relevant to this complaint, was acting as an employed, compensated, enriched and rewarded employee for City of Ironton. WAGNER is being sued in his individual and official capacities.

12. Plaintiff is informed and believes that Defendant, BRAD SPOLJARIC, hereinafter "SPOLJARIC", was a peace officer for the city of Ironton and employed by defendant City of Ironton, and at all times relevant to this complaint, was acting as an employed, compensated, enriched and rewarded employee for City of Ironton. SPOLJARIC is being sued in his individual and official capacities.

13. Plaintiff is informed and believes that Defendant, CHANCE BLANKENSHIP, hereinafter "BLANKSHIP", was a peace officer for the city of Ironton and employed by defendant City of Ironton, and at all times relevant to this complaint, was acting as an employed, compensated, enriched and rewarded employee for City of Ironton. BLANKENSHIP is being sued in his individual and official capacities.

14. Plaintiff is informed and believes that Defendant, EVAN MCKNIGHT, hereinafter "MCKNIGHT", was a peace officer for the city of Ironton and employed by defendant City of Ironton, and at all times relevant to this complaint, was acting as an employed, compensated, enriched and rewarded employee for City of Ironton. MCKNIGHT is being sued in his individual and official capacities.

15. Plaintiff is informed and believes that Defendant, officer FOUCH, hereinafter "FOUCH", was a peace officer for the city of Ironton and employed by defendant City of Ironton, and at all times relevant to this complaint, was

acting as an employed, compensated, enriched and rewarded employee for City of Ironton. FOUCH is being sued in his individual and official capacities.

16. Plaintiff is informed and believes that Defendant, "Major" Chapman, hereinafter "CHAPMAN", was a sworn peace officer, employed by defendant LAWRENCE COUNTY, and at all times relevant to this complaint, was acting as an employed, compensated, enriched and rewarded employee for LAWRENCE COUNTY. CHAPMAN is being sued in his individual and official capacities.

17. Plaintiff is informed and believes that Defendant, "Jane Doe", possibly known by her first name Samantha, hereinafter "JANE DOE", was an employee of the Lawrence County Clerk of Courts Office and employed by defendant LAWRENCE COUNTY, and at all times relevant to this complaint, was acting as an employed, compensated, enriched and rewarded employee for LAWRENCE COUNTY. JANE DOE is being sued in her individual and official capacities.

18. Plaintiff is informed and believes that Defendant City of Ironton, Ohio, hereinafter "IRONTON", is an incorporated political subdivision within the State of Ohio, and can be sued as such person specific to this lawsuit.

19. Plaintiff is informed and believes that Defendant LAWRENCE COUNTY, hereinafter "LAWRENCE COUNTY", is an incorporated political subdivision

within in the State of Ohio, and can be sued as such person specific to this lawsuit.

## IV. GENERAL FACTUAL ALLEGATIONS

20. Plaintiff is a videographer, vlogger, and civil rights activists who has been video recording publishing his recordings, edited and unedited, on media forums such as, YouTube, Facebook, Instagram, and the like since approximately 2020. The financial benefits of DECASTRO's postings have been an essential economic support for him since this time.

21. On Tuesday, March 29, 2022, at approximately 4:00 p.m., DECASTRO and several other local citizens were in the Ironton City Hall peacefully protesting. At approximately 5 p.m. a City of Ironton employee announced that the building was going to be closed and locked.

22. At approximately 5:03 p.m., WAGNER yelled to DECASTRO, to immediately "cease and desist his disorderly conduct" and DECASTRO was then immediately arrested by defendants SPOLJARIC, BLANKENSHIP, MCKNIGHT, and FOUCH. DECASTRO was taken to the booking area where several criminal charges were brought against him. DECASTRO was patted down, his person searched, and personal property including his wallet, car key, and other items, including his iPhone 12 Max Pro were taken.

23. During the booking process, CHAPMAN told DECASTRO that he had to get his Social Security number. When DECASTRO objected, CHAPMAN, the top-ranking jailer, told DECASTRO that they would be list DECASTRO as "John Doe" and that he would be incarcerated for up to 3 months until the FBI came back with confirmation of his identity. DECASTRO again objected saying that it's wrong to require his Social Security number.

24. CHAPMAN came back moments later and again demanded DECASTRO's social security number and threatened him with a felony charge of obstruction of justice if DECASTRO did not give him his Social Security number. DECASTRO under this threat provided his Social Security number to CHAPMAN.

25. After posting bond approximately 2 hours later, DECASTRO was released. At the time of his release, DECASTRO's personal property seized off of his person at the time of his arrest and booking was returned to him with the exception of his iPhone 12 Max Pro.

26. DECASTRO, who is not a resident of IRONTON or the state of Ohio, personally visited or called the IRONTON Police Department and demanded that they release his property to him on 3/29/22, 3/30/22, 3/31/22, and 4/12/22. They failed to return DECASTRO's cell phone. On 4/5/22 this Plaintiff prepared and had delivered to the IRONTON Police Department a formal demand for return of property, *see Exh. 1*.

27. As of this date, because he has been denied the return of his iPhone 12 Max Pro, DECASTRO has been precluded from being able to access certain of his necessary personal and certain business information, videos, photos, letters, emails, text messages, and other items. DECASTRO has thereby, additionally, been precluded from being able to access time sensitive information which he requires to prepare and publish his videos, necessary and relevant to his occupation.

28. On or about 4/5/22, DECASTRO was contacted by Darin Haberkorn, a person unknown to plaintiff. This person stated that he resolved a telephone call from the Lawrence County Clerk of Courts Office regarding him. Mr. Haberkorn stated that JANE DOE, her first name possibly Samantha, called him and reported to him that DECASTRO had stolen his telephone number and had used it to call her office and made harassing and obscene calls. JANE DOE further stated that plaintiff was crazy and that he had stolen other peoples' phone numbers and done likewise. JANE DOE then provided the Lawrence County Sheriff's Office telephone number recommended that Mr. Haberkorn call and make a formal criminal complaint against DECASTRO, see *Exhibit 2 audio recording, 00:00 – 02:08.*

29. Plaintiff holds strong concern that upon his 4/28/22 return to the Lawrence County, Ohio area, employees, officials, and agents of IRONTON and LAWRENCE COUNTY intend to cause him great distress, harm, and even

death. Despite this strong concern for his safety and well-being, Plaintiff intends to do so, as he has pending business with the court.

## V. CAUSES OF ACTION

### CAUSE 1

### (42 U.S.C. § 1983; Violation of 4th Amendment)

30. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 29 above and incorporates the same as if set forth in full.

31. Defendants WAGNER, SPOLJARIC, BLANKENSHIP, MCKNIGHT, and FOUCH knew or should have known that they failed to comply with the state of Ohio peaceful protest statutes, policies, and procedures when they encountered plaintiff on 3/29/22. Instead of directing and escorting plaintiff out of the building per the statutes, these defendants chose to make an arrest within 6 seconds of encountering him and only 3 minutes after the office was being closed for the day.

32. As a direct and proximate consequence of the acts of these defendants, DECASTRO has suffered and continues to suffer a violation of his 4th Amendment right and injury therefrom and is entitled to recover damages accordingly.

### CAUSE 2

### (42 U.S.C. § 1983; Violation of 4th Amendment)

33. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 32 above and incorporates the same as if set forth in full.

34. Defendant CHAPMAN knew or should have known that a person refusing to provide a Social Security Number in order to complete the processing of an arrest is not a violation of any law. Further, that it is a 4th Amendment violation when compelling someone to do so under threat of punishment.

35. As a direct and proximate consequence of the acts of CHAPMAN, DECASTRO has suffered and continues to suffer a violation of his 4th Amendment right and injury therefrom and is entitled to recover damages accordingly.

## CAUSE 3

### (42 U.S.C. § 1983; 14th Amendment Violation- Due Process)

36. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 35 above and incorporates the same as if set forth in full.

37. All Defendants knew or should have known that it is unlawful and constitutionally violative to withhold a citizen's personal property, when not contraband, without due process of law.

38. Despite having this knowledge, DECASTRO's subject iPhone 12 Max Pro has been withheld by the Defendants without due process of law and thereby violated Plaintiff's rights relating to the 14tht Amendment.

39. As a direct and proximate consequence of the acts of these Defendants, DECASTRO has suffered and continues to suffer injury therefrom and is entitled to recover damages accordingly.

## CAUSE 4

### (42 U.S.C. § 1983; Violation of 1st Amendment)

40. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 39 above and incorporates the same as if set forth in full.

41. In order to impede, stop, or otherwise deter DECASTRO from filming local public officials, conducting and recording interviews, and other investigatory filming, the Defendants have kept his main recording device from him. After numerous informal and official requests, they have failed to return it.

42. As a direct and proximate consequence of the acts of these Defendants, DECASTRO has suffered and continues to suffer a violation of his 1st Amendment right and injury therefrom and is entitled to recover damages accordingly.

## CAUSE 5

### (42 U.S.C. § 1983; Violation of 4th Amendment)

43. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 42 above and incorporates the same as if set forth in full.

44. Defendant CHAPMAN knew or should have known that a person refusing to provide a Social Security Number in order to complete the processing of an arrest is not a violation of any law. Further, that it is a 4th Amendment violation when compelling someone to do so under threat of punishment.

45. As a direct and proximate consequence of the acts of CHAPMAN, DECASTRO has suffered and continues to suffer a violation of his 4th Amendment right and injury therefrom and is entitled to recover damages accordingly.

## CAUSE 6

### (42 U.S.C. § 1983; Violation of 14th Amendment)

46. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 45 above and incorporates the same as if set forth in full.

47. Defendant JANE DOE, possibly Samantha, knew or should have known that any person willfully making a false complaint against another person is a crime. Further, if that person is in their official capacity such as JANE DOE doing so to subject CASTRO to being falsely arrested is a violation of his 14th Amendment rights to due process of law.

48. As a direct and proximate consequence of the acts of JANE DOE, DECASTRO has suffered and continues to suffer a violation of his 14th

Amendment right and injury therefrom and is entitled to recover damages accordingly.

## CAUSE 7

**(42 U.S.C. Sec. 1983 - Monell claim against Defendants IRONTON -and LAWRENCE COUNTY -Failure to properly train and supervise –**

49. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 48 above and incorporate the same as if set forth in full.

50. Defendants IRONTON and LAWRENCE COUNTY, through its supervisors, officers, employees and training, promulgated the making of the unconstitutional acts as outlined in the foregoing causes of action.

51. Defendants IRONTON and LAWRENCE COUNTY knew or should have known that their training and supervision of their policy makers, employees, and other officers must include clear knowledge of the constitutional nuances relating to their public service. Further, they failed to properly train and supervise their employees to refrain from making unconstitutional actions in violation of the rights of citizens as they have done as described in the foregoing.

52. As a direct and proximate consequence of the acts of these Defendants, DECASTRO has suffered and continues to suffer injury therefrom and is entitled to recover damages accordingly.

## VI. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that this honorable court find that each and every defendant has violated his rights as described.

Plaintiff prays for relief against Defendants, jointly and severally, as follows:

a. Enter judgment against each and every defendant individually named and find them jointly and severally liable;

b. Find that the Plaintiff is the prevailing party in this case and award attorney's fees and costs, according to federal law, as noted against all defendants.

c. Award punitive damages against all named defendants jointly and severally in their respective individual capacities in the amount of $100,000.00;

d. Award exemplary damages against all named defendants jointly and severally in the amount of $1,000,000.00, so as prevent any similar type of deprivation of rights in the future against any other citizen similarly situated.

e. And grant such other and further relief as appears reasonable and just, to which Plaintiff shows himself entitled.

The declaratory relief requested in this action is sought against each Defendant; against each Defendant's officers, employees, and agents; and against all persons acting in active concert or participation with any Defendant, or under any Defendant's supervision, direction, or control.

DEMAND FOR TRIAL BY JURY REQUESTED HEREIN

I, JOSE MARIA DECASTRO, DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

DATED this 8th day of April, 2022.

*Jose Maria DeCastro*

Jose Maria DeCastro
1258 Franklin Street
Santa Monica, CA 90404
(310) 963-2445
Email: iamalaskan@gmail.com
In Proper Person