**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| JOSE MARIA DECASTRO, | : | |
| | : | **Case No. 1:22-cv-204** |
| PLAINTIFF, | : | |
| | : | |
| v. | : | **JUDGE BARRETT** |
| | : | |
| PAM WAGNER, *et al.*, | : | **MAGISTRATE JUDGE BOWMAN** |
| | : | |
| DEFENDANTS. | : | |

---

### LAWRENCE COUNTY DEFENDANTS' MOTION TO DISMISS

---

Now come the Lawrence County Defendants, Major Chapman, Jane Doe, and Lawrence County, by counsel, respectfully requesting this Court dismiss Plaintiff's claims against the aforesaid Defendants pursuant to Fed.R.Civ.P. 12(b)(6). A Memorandum in Support is attached hereto and incorporated by reference.

Respectfully Submitted,

/s/ Cassaundra L. Sark
Randall L. Lambert (0017987)
Cassaundra L. Sark (0087766)
215 South Fourth Street
P.O. Box 725
Ironton, OH 45638
(740) 532-4333
(740) 532-7341 – Fax
*Counsel for Lawrence County Defendants*

1

<u>**MEMORANDUM IN SUPPORT**</u>

I.      <u>**STATEMENT OF THE CASE**</u>

Jose Maria DeCastro (hereinafter, "Plaintiff"), proceeding pro se, is "a known journalist, vlogger, and reporter on YouTube and other media outlets". (Doc. #: 1, ¶ 3). Plaintiff is a self-proclaimed "civil rights activist" who publishes his video recordings "on media forums such as, YouTube, Facebook, Instagram, and the like since approximately 2020." (Doc. #: 1, ¶ 20). According to Plaintiff, the financial benefits of his postings "have been an essential economic support for him since this time." (Doc. #: 1, ¶ 20).

On March 29, 2022[1], Plaintiff, who is not a resident of Ironton, Ohio, was involved in a protest that occurred at Ironton City Hall. (Doc. #: 1, ¶¶ 21, 26). Plaintiff claims that at approximately 4:00 p.m., on the aforesaid date, he was at Ironton City Hall "peacefully protesting." (Doc. #: 1, ¶ 21). The Complaint sets forth that at approximately 5:00 p.m., a City of Ironton employee announced that the City Hall building was closing and going to be locked. (Doc. #: 1, ¶ 21). After City Hall closed, and Plaintiff did not exit the building, he was "seized and handcuffed" and "placed under arrest" by Defendants Spoljaric, Blankenship, McKnight, and Fouch. (Doc. #: 1, ¶¶ 4, 22). The aforesaid Defendants are police officers with the Ironton Police Department. (Doc. #: 1, ¶¶ 12-15). Then, according to Plaintiff, he "was taken to the booking area where several criminal charges were brought against him" and he "was patted down, his person searched, and personal property including his wallet, car key, and other items, including his iPhone 12 Max Pro were taken." (Doc. #: 1, ¶ 22).

During the booking process, the Complaint claims that Major Chapman, with the Lawrence County Sheriff's Office, told Plaintiff "that he had to get his Social Security number." (Doc. #: 1,

---

[1] The Complaint sets forth two different dates regarding Plaintiff's protest at City Hall and subsequent arrest. (Doc. #: 1, ¶¶ 2, 21).

¶¶ 16, 23). Plaintiff objected, and according to the Complaint, Chapman told him that he would be listed as a "John Doe" and incarcerated for up to three months until the FBI confirmed his identity. (Doc. #: 1, ¶ 23). Plaintiff again objected to providing his Social Security number. (Doc. #: 1, ¶ 23). The Complaint claims that Chapman then "demanded" Plaintiff's Social Security number and "threatened him with a felony charge of obstruction of justice if [Plaintiff] did not give him his Social Security number." (Doc. #: 1, ¶ 24). Plaintiff claims that he provided his Social Security number to Chapman "under his threat". (Doc. #: 1, ¶ 24). According to the Complaint, "[a]fter approximately 2 hours, [Plaintiff], was required to post bond for alleged criminal violations, was released and his property returned to him, all but his cell phone/recording device which he uses for his occupation and personal record." (Doc. #: 1, ¶ 4).

Several days later, on April 5, 2022, Plaintiff "was contacted by Darin Haberkorn, a person unknown to plaintiff" who allegedly received a telephone call from an individual working for the Lawrence County Clerk of Courts Office regarding Plaintiff. (Doc. #: 1, ¶ 28). The Complaint claims that "Jane Doe, her first name possibly Samantha, called [Haberkorn] and reported to him that [Plaintiff] had stolen his telephone number and had used it to call her office and made harassing and obscene calls. Jane Doe further stated that plaintiff was crazy and that he had stolen other peoples' phone numbers and done likewise." (Doc. #: 1, ¶ 28).

Based upon the aforesaid allegations, Plaintiff filed a Complaint in the United States District Court for the Southern District of Ohio, Western Division, on April 13, 2022. The Complaint names the following Defendants: Pam Wagner, Brad Spoljaric, Chance Blankenship, Evan McKnight, Officer Fouch, Major Chapman, Jane Doe[2], City of Ironton, and Lawrence

---

[2] All individual Defendants are being sued in their individual and official capacities.

County, Ohio.[3] The Complaint sets forth the following causes of action: Cause 1 – 42 U.S.C. § 1983 – Violation of Fourth Amendment against Wagner, Spoljaric, Blankenship, McKnight, and Fouch; Cause 2 – 42 U.S.C. § 1983 – Violation of Fourth Amendment against Chapman; Cause 3 – 42 U.S.C. § 1983 – Fourteenth Amendment Violation – Due Process against Defendants; Cause 4 – 42 U.S.C. § 1983 – Violation of First Amendment against Defendants; Cause 5 – 42 U.S.C. § 1983 – Violation of Fourth Amendment against Chapman[4]; Cause 6 – 42 U.S.C. § 1983 – Violation of Fourteenth Amendment against Jane Doe; and Cause 7 – 42 U.S.C. § 1983 – Monell claim against Ironton and Lawrence County for failure to properly train and supervise.[5]

For the reasons set forth below, the Lawrence County Defendants maintain that the claims set forth in the Complaint fail to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6).

## II.    MOTION TO DISMISS STANDARD

Rule 12(b)(6) permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). The plaintiff's ground for relief must entail more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Although a plaintiff need not plead specific facts, the complaint must "give the defendant

---

[3] The undersigned counsel represents Major Chapman, Jane Doe, and Lawrence County, Ohio (collectively referred to as the "Lawrence County Defendants"). Pam Wagner, Brad Spoljaric, Chance Blankenship, Evan McKnight, Officer Fouch, and the City of Ironton are represented by separate counsel.

[4] The second and fifth causes of action are identical.

[5] The second, fifth, sixth, and seventh causes of action are the only claims involving Lawrence County Defendants. The first cause of action is against Ironton Police Department officers and the third and fourth causes of action involve Plaintiff's cell phone, which is in the possession of the Ironton Police Department (Doc. #: 1, ¶ 26). Accordingly, the undersigned counsel will not address the first, third, and fourth causes of action in the Motion to Dismiss. The undersigned counsel will address the seventh cause of action as it pertains to the Lawrence County Defendants.

fair notice of what the claim is, and the grounds upon which it rests." *Nader v. Blackwell*, 545 F.3d 459, 470 (6th Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). "[A] naked assertion […] gets the complaint close to stating a claim, but without some further factual enhancement it stops short of the line between possibility and plausibility […]." *Twombly*, 550 U.S. at 557. "To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), 'a […] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'" *Klusty v. Taco Bell Corp.*, 909 F.Supp. 516, 520 (S.D. Ohio, 1995) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

## III.   LAW AND ARGUMENT

### A.   PLAINTIFF'S SECOND AND FIFTH CAUSES OF ACTION FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.[6]

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). Accordingly, the Fourth Amendment "protects two types of expectations, one involving 'searches,' the other 'seizures.'" *United States v. Lewis*, Criminal 3:21-cv-00021-GFVT-EBA, *1 (E.D. Ky. 2022) (quoting *Unites States v. Jacobsen*, 466 U.S. 109, 113 (1984)).

The right to informational privacy arises from the Fourteenth Amendment. *Johnson v. Rita*, No. 4:21-CV-P37-JHM, *4-5 (W.D. Ky. 2021) (citing *Moore v. Prevo*, 379 F. App'x 425, 428 (6th Cir. 2010)). *See also Doe v. Delie*, 257 F.3d 309, 316 (3d Cir. 2001) ("The right to nondisclosure of one's medical information emanates from a different source and protects different interests than the right to be free from unreasonable searches and seizures."). The Sixth Circuit narrowly applies the right to informational privacy "only to interests that implicate a fundamental

---

[6] Plaintiff's Second and Fifth Causes of Action are duplicative, and as a result, will be addressed simultaneously.

liberty interest." *Rita,* at *4-5 (quoting *Bloch v. Ribar*, 156 F.3d 673, 684 (6th Cir. 1998)). The

Sixth Circuit has limited such a violation to only two instances:

> (1) where the release of personal information could lead to bodily
> harm, as in *Kallstrom v. City of Columbus*, 136 F.3d 1055, 1061 (6th
> Cir. 1998) (dissemination of undercover officers personnel file to
> members of violent street gang some of whom officers testified
> against at trial); and (2) where the information released was of a
> "sexual, personal, and humiliating nature," as in *Bloch*, 156 F.3d at
> 684 (nonconsensual disclosure at press conference of details of
> plaintiff's rape).

*Rita*, at *4-5.

Case law clearly establishes that the Constitution does not provide a right to privacy in

one's social security number. *Ervin v. S. Cent. Ky. Cmty. Coll.*, Civil Action No. 1:13CV-P104-

M, *5 (W.D. Ky. 2013) (citing *Cassano v. Carb*, 436 F.3d 74, 75 (2d Cir. 2006) ("We also agree

. . . that the Constitution does not provide a right to privacy in one's SSN. Like the Seventh Circuit

and other federal courts to address this question, we decline to expand the constitutional right to

privacy to cover the collections of SSNs.")).

In the case before this Court, the Complaint alleges that "Chapman knew or should have

known that a person refusing to provide a Social Security Number in order to complete the

processing of an arrest is not a violation of any law." (Doc. #: 1; PAGEID #: 11, 13; ¶¶ 34, 44).

Plaintiff further claims that "it is a 4th Amendment violation when compelling someone to do so

under threat of punishment." (Doc. #: 1; PAGEID #: 11, 13; ¶¶ 34, 44). Plaintiff claims that he

"suffered and continues to suffer a violation of his 4th Amendment right and injury therefrom and

is entitled to recover damages accordingly." (Doc. #: 1; PAGEID #: 11, 13; ¶¶ 35, 45).

The Complaint fails to address how Plaintiff's Fourth Amendment rights were allegedly

violated by Chapman. The Complaint never alleges Chapman unlawfully seized and/or searched

Plaintiff or his property. Moreover, even if Plaintiff is claiming a constitutional violation of his

right to privacy, his claim still fails. As the case law set forth above provides, Plaintiff's constitutional rights were not violated because he was required to provide his social security number. Plaintiff's Complaint provides nothing more than hollow and conclusory allegations, which fail to overcome a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Therefore, Plaintiff's second and fifth causes of action fail to state a claim upon which relief can be granted and should be dismissed.

**B. PLAINTIFF'S SIXTH CAUSE OF ACTION FAILS TO STATE A CLAIM UPON WHICH RELEIF CAN BE GRANTED.**

The Fourteenth Amendment prohibits any State from depriving "any person of life, liberty, or property, without due process of law". *Carlock v. Osborne*, Civil Action No. 4:14CV-P14-M, *6 (W.D. Ky. 2014) (quoting U.S. Const., amend. XIV, § 1). "The point is straightforward: the Due Process Clause provides that certain substantive rights – life, liberty, and property – cannot be deprived except pursuant to constitutionally adequate procedures." *Id.* at *6-7 (quoting *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985)). Historically, this guarantee of due process has been applied to *deliberate* decisions of governmental officials to deprive a person of life, liberty, or property. *Daniels v. Williams*, 474 U.S. 327, 331 (1986) (emphasis in original). Thus, "mere negligence is insufficient to trigger constitutional liability" under the Fourteenth Amendment's Due Process Clause. *L.S. v. Mount Olive Bd. of Educ.*, 765 F.Supp.2d 648, 661 (D.N.J. 2011). *See also Franklin v. Aycock*, 795 F.2d 1253, 1261 (6th Cir. 1986) ("The Court concluded that negligent conduct which causes injury to a protected interest could not be considered a 'deprivation' within the meaning of the Fourteenth Amendment, stating that a contrary holding 'would trivialize the centuries-old principle of due process of law.'").

The first inquiry in a Fourteenth Amendment Due Process claim is whether the interest at stake is within the Fourteenth Amendment's protection. *Carlock*, at *7 (citing *Arnett v. Myers*, 281

F.3d 552, 564 (6th Cir. 2002)). "The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of those interests is at stake." *Id*. (quoting *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005)). *See also Dodson v. Mohr*, No. 2:18-cv-908, *12 (S.D. Ohio 2018). "Only after reaching a conclusion that the interest claimed is within that protection does this court consider the form and nature of the process that is due." *Id*. (quoting *Hamilton v. Myers*, 281 F.3d 520, 529 (6th Cir. 2002)).

The Complaint alleges that "Defendant Jane Doe, possibly Samantha, knew or should have known that any person willfully making a false complaint against another person is a crime." (Doc. #: 1; PAGEID #: 13; ¶ 47). However, "[d]efamatory statements alone do not constitute a deprivation of liberty guaranteed by the Fourteenth Amendment." (*Thomas v. Scheid*, 977 F.2d 1017, 1020 (6th Cir. 1992) (citing *Paul v. Davis*, 424 U.S. 693, 711-12 (1976)). Accordingly, the Due Process Clause of the Fourteenth Amendment does not protect Plaintiff's interest in being free from defamatory statements. *See Brown v. Midland Cnty*., 1:21-cv-11701, *3-4 (E.D. Mich. 2021) (citing *Mertik v. Blalock*, 983 F.2d 1353, 1362 (6th Cir. 1992) ("Injury to reputation, standing along, is not a liberty interest protected by the Fourteenth Amendment.")).

According to Plaintiff, "if that person is in their official capacity such as Jane Doe doing so to subject Castro to being falsely arrested is a violation of his 14th Amendment rights to due process of law." (Doc. #: 1; PAGEID #: 13; ¶ 47). Plaintiff was arrested on March 31, 2022. (Doc. #: 1; PAGEID #: 2; ¶ 2). However, according to Exhibit 4, attached to the Complaint, Jane Doe's statements regarding Plaintiff did not occur until April 1, 2022, which was after Plaintiff was arrested. (Doc. #: 1-1; PAGEID #: 25; ¶ 1). The allegations set forth in the Complaint, and exhibits attached thereto, establish that Plaintiff was never arrested as a result of Jane Doe's statements.

Any allegation regarding Plaintiff being "falsely arrested" is merely based on a hypothetical situation. *See Moss v. United States*, 323 F.3d 445, 463-64 (6th Cir. 2003) (noting that "if the conflict is as to a matter that is irrelevant or the conflict is merely hypothetical, there is no constitutional violation"); *Elliott v. Causey*, No. 1:13CV-164-M, *4 (W.D. Ky. 2014) (citing *Horn v. Madison Cnty. Fiscal Court*, 22 F.3d 653, 659 (6th Cir. 1994) ("When the theory of causation is matter of pure speculation and is nothing more than [a] hypothetical argument, the pleadings are insufficient to sustain a compensable § 1983 claim.")). Accordingly, Plaintiff's sixth cause of action fails to state a claim upon which relief can be granted, and as a result, dismissal is warranted.

### C. PLAINTIFF'S SEVENTH CAUSE OF ACTION FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

There are three main requirements for a local government to be liable under § 1983: (1) its employee's conduct must be pursuant to the local government's law, custom, or policy *(Monell v. New York City Dept. of Soc. Servs.,* 436 U.S. 658, 691 (2018)); (2) its employee's conduct must be either unconstitutional or in violation of a right secured by a federal statute (*Id*.); and (3) that law, custom, or policy must be unconstitutional or otherwise violate a right secured by federal statute (*Id*. at 690, 694). *Pepitone v. Twp. of Lower Merion,* No. 19-1447, *15 (E.D. Pa. 2019). Thus, a municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691. *See also Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).

In order to sufficiently allege a § 1983 claim, "[a] plaintiff must identify a custom or policy and specify what exactly that custom or policy was." *Pepitone*, *15. (citing *Tejada v. Corr. Officer Dale of Lehigh Cty. Prison*, 2018 WL 3688917, *5 (E.D. Pa. 2018) ("A complaint fails to sufficiently plead a *Monell* policy claim where [it] fails to identify any specific custom or policy,

9

but instead alleges that the policies were insufficient in a generic way.") (internal quotations omitted)). Thus, a plaintiff must set forth more than a threadbare recital of the elements of a cause of action supported by mere conclusory statements. *Cross v. Metro Govt. of Nashville/Davidson Cnty.*, No. 3-12-1109, *4 (M.D. Tenn. 2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

As the court fittingly explained in *Curney*:

> This Court understands *Twombly and Iqbal* as requiring Plaintiff to allege some facts in his Complaint to support his conclusory allegations that Highland Park "fail[s] to adequately train and/or supervise its police officers." Plaintiff cannot allege a municipal liability claim hoping that discovery will reveal facts to support the claim. A lawsuit is not a fishing expedition for a plaintiff to discover a claim against the defendant.

*Curney v. City of Highland Park*, No. 11-12083, 2012 WL 1079473, *5 (E.D. Mich. 2012); *see also Denard v. Williams*, No. 10-14023, 2011 WL 4374534, *4 (E.D. Mich. 2011) ("[t]o merely state that a municipality has a policy or custom is not enough; a plaintiff must allege facts demonstrating [the] municipality's policy, such as examples of past situations where law enforcement officials have violated constitutional rights.").

In this case, the Complaint sets forth conclusory allegations that "Lawrence County, through its supervisors, officers, employees and training, promulgated the making of the unconstitutional acts as outlined in the foregoing causes of action." (Doc. #: 1, ¶ 50). The Complaint further claims that "Lawrence County knew or should have known that their training and supervision of their policy makers, employees, and other officers must include clear knowledge of the constitutional nuances relating to their public service" and "failed to properly train and supervise their employees to refrain from making unconstitutional actions in violation of the rights of citizens * * *." (Doc. #: 1, ¶ 51). The allegations set forth in the Complaint are merely "labels and conclusions" and "a formulaic recitation of the elements", which are insufficient to

10

overcome a motion to dismiss. *Twombly*, 550 U.S. at 555. Thus, Plaintiff "has not identified any specific municipal policy, custom, training program, or supervision policy to support [his] claims against the [Municipal Defendants]." *Jackson v. City of Highland Park*, No. 15-10678, *7 (E.D. Mich. 2015) (quoting *Rush v. City of Lansing*, 13-1317, 2015 WL 632321, *5 (W.D. Mich. 2015) (dismissing all claims against the City of Lansing under Rule 12(b)(6)).

In this case, Plaintiff's claim against Lawrence County fails to meet the *Monell* articulation requirement. The Complaint fails to identify any specific policy or custom that was the moving force behind the alleged constitutional violation, and as a result, fails to state a claim upon which relief can be granted against the aforesaid Defendant.

### D. DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY

"Section 1983 claims are limited by the qualified immunity exception, such that a government employee will be shielded from liability so long as the employee acted under the objectively reasonable belief that his or her actions were lawful." *Ahlers v. Schebil*, 188 F.3d 365, 372-73 (6th Cir. 1999) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 815-19 (1982)). A successful § 1983 claimant must establish that a defendant acted knowingly or intentionally in violating his or her constitutional rights. *Id*. Acting negligently or recklessly does not overcome the qualified immunity afforded to the governmental employee. *Id.* "The protection of qualified immunity applies regardless of whether the government official's error is 'a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Groh v. Ramirez*, 540 U.S. 551, 567 (2004) (Kennedy, J., dissenting), citing *Butz v. Economou*, 438 U.S. 478, 507 (1978) (noting that the doctrine of qualified immunity covers "mere mistakes in judgment, whether the mistake is one of fact or one of law.")).

11

To determine whether a governmental employee is entitled to qualified immunity, a court must consider: (1) whether, considering the allegations in a light most favorable to the party asserting the injury, a constitutional right would have been violated on the facts alleged; and (2) whether the right at issue was "clearly established." *Sherrod v. Williams*, No. 3:14-cv-454, \*13 (S.D. Ohio 2019) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). A right is "clearly established" if "[a] reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). *See also Johnson v. Moseley*, 790 F.3d 649, 653 (6th Cir. 2015) ("Qualified immunity ordinarily applies unless the contours of the asserted right were sufficiently clear that every reasonable official would have understood that what he was doing violated that right."). In determining whether qualified immunity applies, these questions need not be considered in order. *Sherrod*, at \*13 (citing *Pearson*, 555 U.S. at 236). Moreover, the burden lies on the plaintiff to refute a defense of qualified immunity once properly pleaded. *Howell*, 668 F.3d at 353 (citing *Blake v. Wright*, 179 F.3d 1003, 1007 (6th Cir. 1999), *cert. denied*, 528 U.S. 1136 (2000)).

As explained above, Defendants' actions did not violate a "clearly established" constitutional right. Even viewing the allegations in a light most favorable to Plaintiff, it is clear that no constitutional violation occurred. Accordingly, Defendants are entitled to qualified immunity.

## IV.   CONCLUSION

For the reasons set forth above, the second and fifth causes of action against Defendant Chapman, the sixth cause of action against Defendant Jane Doe, and the seventh cause of action against Lawrence County fail to state a claim upon which relief can be granted pursuant to

13

Fed.R.Civ.P. 12(b)(6). Accordingly, Defendants respectfully request this Court grant the Motion to Dismiss.

Respectfully Submitted,

/s/ Cassaundra L. Sark
Cassaundra L. Sark (0087766)
*Counsel for Lawrence County Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the Lawrence County Defendants' Motion

to Dismiss was provided via the Court's electronic filing system (CM/ECF) on the 11th day of May

2022 and mailed, postage prepaid, via USPS to the following:

Jose Maria DeCastro
1258 Franklin Street
Santa Monica, CA 90404

/s/ Cassaundra L. Sark
Cassaundra L. Sark (0087766)
*Counsel for Lawrence County Defendants*
