UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JOSE MARIA DECASTRO, | : | |
| | : | Case No. 1:22-cv-204 |
| PLAINTIFF, | : | |
| | : | |
| v. | : | JUDGE BARRETT |
| | : | |
| PAM WAGNER, *et al.*, | : | MAGISTRATE JUDGE BOWMAN |
| | : | |
| DEFENDANTS. | : | |

## LAWRENCE COUNTY DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

Now come the Lawrence County Defendants, Major Chapman, Jane Doe, and Lawrence County, by counsel, respectfully requesting this Court dismiss the First Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(6). A Memorandum in Support is attached hereto and incorporated by reference.

Respectfully Submitted,

/s/ Cassaundra L. Sark
Cassaundra L. Sark (0087766)
215 South Fourth Street
P.O. Box 725
Ironton, OH 45638
(740) 532-4333
(740) 532-7341 – Fax
*Counsel for Lawrence County Defendants*

**MEMORANDUM IN SUPPORT**

I. **STATEMENT OF THE CASE**

Jose Maria DeCastro (hereinafter, "Plaintiff"), proceeding pro se, "is a videographer, vlogger, and civil rights activists [*sic*] who has been video recording, publishing his recordings, edited and unedited, on media forums such as YouTube, Facebook, Instagram, and the like since approximately 2020." (Doc. #: 20, ¶ 9). According to Plaintiff, the financial benefits of his postings "have been an essential economic support for him." (Doc. #: 20, ¶ 9).

On March 29, 2022, Plaintiff, who is not a resident of Ironton, Ohio, was at the Ironton City Hall building waiting "for a permit to use one of the rooms for a constitutional teaching session." (Doc. #: 20, ¶¶ 10, 15). The Amended Complaint alleges that at approximately 5:00 p.m., a City of Ironton employee announced that the building was closing and going to be locked. (Doc. #: 20, ¶ 10). Although Plaintiff claims he was not given time to leave the building, per the Amended Complaint, his interaction with Ironton Police Chief Pam Wagner did not occur until three minutes later at 5:03 p.m. (Doc. #: 20, ¶¶ 10-11). According to the Amended Complaint, Wagner approached Plaintiff and ordered him to "cease and desist his disorderly conduct." (Doc. #: 20, ¶ 11). After Plaintiff failed to leave the building, he was arrested by Defendants Spoljaric, Blankenship, McKnight, and Fouch. (Doc. #: 20, ¶ 11). Plaintiff was then taken to the booking area where he "was patted down, his person searched, and personal property including his wallet, car key, and other items, including his iPhone 12 Max Pro were taken." (Doc. #: 20, ¶ 11).

Plaintiff claims that during the booking process, "John Chapman, the top-ranking jailer, told [Plaintiff] that he had to get his Social Security number." (Doc. #: 20, ¶ 12). After Plaintiff objected, Chapman allegedly informed him that he would be listed as "John Doe" and incarcerated, for up to three months, until the FBI confirmed his identity. (Doc. #: 20, ¶ 12). Allegedly, Chapman

2

again demanded Plaintiff's Social Security number and threatened to charge Plaintiff with obstruction of justice if Plaintiff did not comply by providing his Social Security number. (Doc. #: 20, ¶ 13). As a result, Plaintiff "under this threat provided his Social Security number to John Chapman." (Doc. #: 20, ¶ 13).

The Amended Complaint claims that after Plaintiff posted bond, his personal property, except for his iPhone 12 Max Pro, was returned to him at the time he was released. (Doc. #: 20, ¶ 14). Plaintiff alleges that he "personally visited or called the Ironton Police Department and demanded that they release his property to him on 3/29/22, 3/30/22, 3/31/22, and 4/12/22. They failed to return [Plaintiff]'s cell phone." (Doc. #: 20, ¶ 15). On April 28, 2022, Plaintiff's iPhone was returned "in a damaged state." (Doc. #: 20, ¶ 16).

Based upon the aforesaid allegations, Plaintiff's Amended Complaint sets forth the following causes of action: Cause 1 – 42 U.S.C. § 1983 – Violation of Fourth Amendment; Cause 2 – 42 U.S.C. § 1983 – Fourteenth Amendment Violation (Due Process); Cause 3 – 42 U.S.C. § 1983 – Violation of First Amendment; Cause 4 – 42 U.S.C. § 1983 – Monell Claims Against Defendants In Their Official Capacities.

## II.   PROCEDURAL HISTORY

Plaintiff filed a Complaint in the United States District Court for the Southern District of Ohio, Western Division, on April 13, 2022. (Doc. #: 1). The Complaint named the following Defendants: Pam Wagner, Brad Spoljaric, Chance Blankenship, Evan McKnight, Officer Fouch, Major Chapman, Jane Doe, City of Ironton, and Lawrence County, Ohio. The Complaint set forth the following causes of action: Cause 1 – 42 U.S.C. § 1983 – Violation of Fourth Amendment against Wagner, Spoljaric, Blankenship, McKnight, and Fouch; Cause 2 – 42 U.S.C. § 1983 – Violation of Fourth Amendment against Chapman; Cause 3 – 42 U.S.C. § 1983 – Fourteenth

3

Amendment Violation – Due Process against Defendants; Cause 4 – 42 U.S.C. § 1983 – Violation of First Amendment against Defendants; Cause 5 – 42 U.S.C. § 1983 – Violation of Fourth Amendment against Chapman; Cause 6 – 42 U.S.C. § 1983 – Violation of Fourteenth Amendment against Jane Doe; and Cause 7 – 42 U.S.C. § 1983 – Monell claim against Ironton and Lawrence County for failure to properly train and supervise.

On May 11, 2022, the Lawrence County Defendants filed a Motion to Dismiss for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). (Doc. #: 5). On the same day, counsel for the Ironton Defendants filed an Answer to the Complaint. (Doc. #: 12). Thereafter, on June 21, 2022, a Motion for Judgment on the Pleadings was filed by the Ironton Defendants. (Doc. #: 15).

Plaintiff failed to respond to the Lawrence County Defendants' Motion to Dismiss pursuant to S.D. Ohio Civ. R. 7.2(a)(2). As a result, on June 29, 2022, this Court's Order to Show Cause required Plaintiff, on or before July 22, 2022, to explain, in writing, why the Lawrence County Defendants' Motion to Dismiss should not be construed as unopposed and granted. (Doc. #: 16). Alternatively, the Court permitted Plaintiff to satisfy the requirements of the aforesaid Order by filing a responsive memorandum to Defendants' motion by July 22, 2022. (Doc. #: 16). The Order stated that Plaintiff's "[f]ailure to timely comply with this Order will result in the pending motion being granted as unopposed […]." (Doc. #: 16).

Similarly, Plaintiff failed to respond to the Ironton Defendants' Motion for Judgment on the Pleadings pursuant to S.D. Ohio Civ. R. 7.2(a)(2). On July 21, 2022, this Court's Order to Show Cause ordered Plaintiff to explain, in writing, on or before August 11, 2022, why the Ironton Defendants' Motion should not be construed as unopposed and granted. (Doc. #: 17). Plaintiff was permitted to satisfy the requirements of the Order by filing a responsive memorandum to

4

Defendants' motion by August 11, 2022. (Doc. #: 17). The Order stated that Plaintiff's "[f]ailure to timely comply with this Order will result in the pending motion being granted as unopposed […]." (Doc. #: 17).

Plaintiff failed to comply with this Court's June 29, 2022 Order to Show Cause. On August 11, 2022, Plaintiff filed a Response to the Order to Show Cause. (Doc. #: 18). The aforesaid Response provided that Plaintiff, until July 27, 2022, did not receive any filings in this matter. (Doc. #: 18, ¶ 2). Plaintiff claimed that "[o]n July 28, 2022, Plaintiff received this court's order to show cause, *Dkt. #17*, as the first item he has received from anyone relating to this action." (Doc. #: 18, ¶ 4). As a result, Plaintiff requested that the case not be dismissed and be granted the "opportunity to pursue his case on the merits." (Doc. #: 18, ¶ 6).

On August 15, 2022, this Court's Order rescinded the June 29 and July 21, 2022 Orders to Show Cause. (Doc. #: 19). The Order granted Plaintiff an extension of 30 days, from the date of the Order, to respond to Defendants' pending dispositive motions or file an amended complaint. (Doc. #: 19).

Plaintiff was required, per the Order dated August 15, 2022, to file his responses to Defendants' pending dispositive motions or file an amended complaint by September 14, 2022. One day after this deadline, Plaintiff filed an Amended Complaint. (Doc. #: 20). The Amended Complaint omits the following Defendants who were named in the original Complaint: John Chapman, Jane Doe, Lawrence County, Ohio, and the City of Ironton, Ohio. The Amended Complaint also omits the following causes of action that were set forth in the original Complaint: Cause 2 – 42 U.S.C. § 1983 – Violation of Fourth Amendment against Chapman; Cause 5 – 42 U.S.C. § 1983 – Violation of Fourth Amendment against Chapman; and Cause 6 – 42 U.S.C. § 1983 – Violation of Fourteenth Amendment against Jane Doe.

For the reasons set forth below, the Lawrence County Defendants respectfully request this Court dismiss Plaintiff's Amended Complaint.

### III. LAW AND ARGUMENT

#### A. Motion To Dismiss Standard.

Rule 12(b)(6) permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). The plaintiff's ground for relief must entail more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Although a plaintiff need not plead specific facts, the complaint must "give the defendant fair notice of what the claim is, and the grounds upon which it rests." *Nader v. Blackwell*, 545 F.3d 459, 470 (6th Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). "[A] naked assertion […] gets the complaint close to stating a claim, but without some further factual enhancement it stops short of the line between possibility and plausibility […]." *Twombly*, 550 U.S. at 557. Thus, "[t]o survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), 'a […] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'" *Klusty v. Taco Bell Corp.*, 909 F.Supp. 516, 520 (S.D. Ohio, 1995) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

#### B. The Amended Complaint Fails To Name John Chapman, Jane Doe, And Lawrence County As Defendants And Fails To Set Forth Any Causes Of Action Against The Aforesaid Defendants.

An amended complaint takes the places of the original complaint, "so it must include all

of the Defendants that Plaintiff personally intends to sue and all of the claims that Plaintiff personally intends to raise." *Phillips-Addis v. Bush*, No. 1:21-cv-248, *10 (W.D. Mich. 2021). *See Freeman v. Jones*, No. 1:20-cv-00290-CLC-SKL, *3 (E.D. Tenn. 2020) ("The amended complaint should clearly list each Defendant that Plaintiff wishes to sue in the caption."); *Elmore v. Memphis Shelby Cnty. Film Commn.*, 2:20-cv-02330-JTF-cgc, *5 (W.D. Tenn. 2021). Thus, because the amended complaint controls who the defendants are in a lawsuit, "parties voluntarily dropped from a […] complaint do not remain in the case." *Proctor v. First Premier Corp.*, No. 20-2162, *3 fn.2 (D.D.C. 2021) (quoting *Palakovic v. Wetzel*, 854 F.2d 209, 221 n.13 (3d Cir. 2017)). *See Courser v. Allard*, No. 1:16-CV-1108, 2016 WL 10592322, *1 (W.D. Mich. 2016) (treating amended complaint dropping defendant as voluntary dismissal as to that defendant).

"An amendment pursuant to Rule 15 that eliminates (or proposes to eliminate) all causes of action against a particular defendant is the same as a motion to dismiss under Rule 41(a)(2) as to that defendant." *Cooper v. City of Westerville*, No. 2:13-cv-427, *8 (S.D. Ohio 2014) (citing *Dee-K Enterprises, Inc. v. Heveafil Sdn. Bhd.*, 177 F.R.D. 351, 355 (E.D. Va. 1998); *Braswell v. Invacare Corp.*, 760 F.Supp.2d 679, 682-83 (S.D. Miss. 2010) (finding plaintiff's motion to amend complaint, in which she dropped a particular defendant from the action, was appropriately considered as a voluntary dismissal in accordance with Rule 41(a)(2)); *Chambers v. Time Warner, Inc.*, No. 00 Civ. 2839, 2003 WL 1107790, *2 (S.D.N.Y. 2003) ("[A] Rule 15(a) amendment eliminating a claim is the same as a Rule 41(a) voluntary dismissal of a claim.")). Accordingly, claims that are not reasserted in the amended complaint are deemed to have been voluntarily dismissed without prejudice. *In re Behr Dayton Thermal Prods., LLC Litig.*, No. 3:08-cv-326, *7 (S.D. Ohio 2012)

In this case, Plaintiff's filing of the Amended Complaint eliminates Lawrence County, Ohio; John Chapman; and Jane Doe as Defendants. Moreover, the causes of action that were set forth against the aforesaid parties in the original Complaint are not set forth in the Amended Complaint. Therefore, Plaintiff, in essence, is seeking to voluntarily dismiss the lawsuit against Lawrence County, John Chapman, and Jane Doe.

Although the First Amended Complaint does set forth allegations regarding John Chapman (Doc. #: 20, PAGEID #: 135, ¶¶ 12-13), by omitting Chapman as a named defendant and omitting the causes of action set forth against him, the undersigned counsel assumes Plaintiff intended to dismiss Chapman. *See Carthan v. Snyder (In re Water)*, 384 F.Supp.3d 802, 843 n.9 (E.D. Mich. 2019) ("Walling is omitted as a named defendant but is still referred to in subsequent allegations. The Court assumes that plaintiffs intended to omit Walling.") (reference to record omitted). Accordingly, the Amended Complaint fails to state a claim against Lawrence County, John Chapman, and Jane Doe.

      C. **IF THIS COURT DETERMINES THAT JOHN CHAPMAN IS A DEFENDANT, THE CLAIMS AGAINST HIM NONETHELESS FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

The right to informational privacy arises from the Fourteenth Amendment. *Johnson v. Rita*, No. 4:21-CV-P37-JHM, *4-5 (W.D. Ky. 2021) (citing *Moore v. Prevo*, 379 F. App'x 425, 428 (6th Cir. 2010)). *See also Doe v. Delie*, 257 F.3d 309, 316 (3d Cir. 2001) ("The right to nondisclosure of one's medical information emanates from a different source and protects different interests than the right to be free from unreasonable searches and seizures."). Unlike other circuits, the Sixth Circuit "'has developed and applied a different approach in assessing informational privacy claims' that 'requires that the asserted privacy interest implicate a fundamental right.'"

8

*Lee v. City of Columbus*, 636 F.3d 245, 259 (6th Cir. 2011) (quoting *Lambert v. Hartman*, 517 F.3d 433, 442 (6th Cir. 2008)). The Sixth Circuit has limited such a violation to only two instances:

> (1) where the release of personal information could lead to bodily harm, as in *Kallstrom v. City of Columbus*, 136 F.3d 1055, 1061 (6th Cir. 1998) (dissemination of undercover officers personnel file to members of violent street gang some of whom officers testified against at trial); and (2) where the information released was of a "sexual, personal, and humiliating nature," as in *Bloch*, 156 F.3d at 684 (nonconsensual disclosure at press conference of details of plaintiff's rape).

*Rita*, at *4-5.

Case law clearly establishes that the Constitution does not provide a right to privacy in one's Social Security number. *Ervin v. S. Cent. Ky. Cmty. Coll.*, Civil Action No. 1:13CV-P104-M, *5 (W.D. Ky. 2013) (citing *Cassano v. Carb*, 436 F.3d 74, 75 (2d Cir. 2006) ("We also agree . . . that the Constitution does not provide a right to privacy in one's SSN. Like the Seventh Circuit and other federal courts to address this question, we decline to expand the constitutional right to privacy to cover the collections of SSNs.")). *See also Lambert,* 517 F.3d at 445 ("[A]s a policy matter, the Clerk's decision to provide unfettered internet access to people's Social Security numbers was unwise…to constitutionalize a harm of the type [the plaintiff] has suffered would be to open a Pandora's box of claims under 42 U.S.C. § 1983, a step we are unwilling to take."); *Cutshall v. Sundquist*, 193 F.3d 466, 481 (6th Cir. 1999) ("[T]he Constitution does not provide Cutshall with a right to keep his registry information private.").

In this case, the Amended Complaint alleges that "[d]uring the booking process, John Chapman, the top-ranking jailer, told DECASTRO that he had to get his Social Security number." (Doc. #: 20, PAGEID #: 135, ¶ 12). Plaintiff claims that when he objected, Chapman told him that he would be listed as "John Doe" and "be incarcerated for up to 3 months until the FBI came back with confirmation of his identity." (Doc. #: 20, PAGEID #: 135, ¶ 12). Plaintiff claims he objected

once again "saying that it's wrong to require his Social Security number." (Doc. #: 20, PAGEID #: 135, ¶ 12). Plaintiff contends that Chapman once again demanded his Social Security number and "threatened him with a felony charge of obstruction of justice" if Plaintiff did not comply, and as a result, Plaintiff "under this threat provided his Social Security number to John Chapman." (Doc. #: 20, PAGEID #: 125, ¶ 13).

If the Amended Complaint is claiming a constitutional violation of Plaintiff's right to privacy, the claim fails. Plaintiff's constitutional rights were not violated because he was required to provide his Social Security number. Plaintiff's Amended Complaint provides nothing more than conclusory allegations, which fail to overcome a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).

## IV. CONCLUSION

For the reasons set forth above, Lawrence County, John Chapman, and Jane Doe maintain that the Amended Complaint fails to set forth a claim upon which relief can be granted regarding the aforesaid parties. Accordingly, Lawrence County, John Chapman, and Jane Doe respectfully request this Court grant the Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6).

Respectfully Submitted,

/s/ Cassaundra L. Sark
Cassaundra L. Sark (0087766)
*Counsel for Lawrence County Defendants*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and accurate copy of the Lawrence County Defendants' Motion to Dismiss the First Amended Complaint was provided via the Court's electronic filing system (CM/ECF) on the 20th day of September 2022 and sent certified mail, via USPS, to the following:

Jose Maria DeCastro
1258 Franklin Street
Santa Monica, CA 90404

                                        /s/ Cassaundra L. Sark
                                        Cassaundra L. Sark (0087766)
                                        *Counsel for Lawrence County Defendants*