# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION, CINCINNATI

| | | |
|---|---|---|
| JOSE MARIA DECASTRO, | : | CASE NO. 1:22-cv-00204 |
| Plaintiff, | : | Judge Michael R. Barrett |
| | : | Magistrate Judge Stephanie K. Bowman |
| v. | : | |
| | : | DEFENDANTS PAM WAGNER, BRAD |
| PAM WAGNER, *ET AL.*, | : | SPOLJARIC, CHANCE BLANKENSHIP, |
| | : | EVAN MCNIGHT, ROBERT FOUCH, |
| Defendants. | : | AND THE CITY OF IRONTON, OHIO'S |
| | : | ANSWER TO PLAINTIFF'S FIRST |
| | : | AMENDED COMPLAINT |
| | | |
| | | JURY DEMAND ENDORSED HEREON |

Now come Defendants Pam Wagner, Brad Spoljaric, Chance Blankenship, Evan McNight, Robert Fouch, and the City of Ironton, Ohio ("the Ironton Defendants"), and for their Answer to Plaintiff's Amended Complaint state as follows:

## I. JURISDICTION AND VENUE

1. Answering Paragraphs 1 and 2, the Ironton Defendants deny any constitutional violations, and therefore deny the allegations contained therein.

## II. PARTIES

### A. Plaintiff

2. Answering Paragraph 3, the Ironton Defendants specifically deny the allegations contained therein.

### B. Defendants

3. Answering Paragraph 4, the Ironton Defendants admit that Pam Wagner is the Chief of Police for the City of Ironton. The Ironton Defendants deny the remaining allegations as written.

4. Answering Paragraphs 5, 6, 7, and 8, the Ironton Defendants admit that Brad Spoljaric, Chance Blankenship, Evan McKnight, and Robert Fouch are law enforcement officers for the City of Ironton Police Department. The Ironton Defendants deny the remaining allegations as written.

### III. GENERAL FACTUAL ALLEGATIONS

5. Answering Paragraph 9, the Ironton Defendants are without sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the same.

6. Answering Paragraph 10, the Ironton Defendants admit that on Tuesday, March 29, 2022, Plaintiff was present in the Ironton City Center, and that Plaintiff was informed by an Ironton City Center employee that the building was going to be closed and locked at 5:00 pm. The Ironton Defendants deny the remaining allegations contained therein.

7. Answering Paragraph 11, the Ironton Defendants deny the allegations as written. Answering further, the Ironton Defendants specifically deny that Plaintiff provided or served Defendants with a copy of the video he identifies as Exhibit 1.

8. Answering Paragraphs 12 and 13, the Ironton Defendants are without sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the same.

9. Answering Paragraph 14, the Ironton Defendants are without sufficient knowledge and information to form a belief as to the truth of the allegations contained, and therefore deny the same.

10. Answering Paragraph 15, the Ironton Defendants deny the allegations as written.

11. Answering Paragraph 16, the Ironton Defendants specifically deny the allegations contained therein.

12. Answering Paragraph 17, the Ironton Defendants specifically deny the allegations contained therein.

13. Answering Paragraphs 18 and 19, the Ironton Defendants are without sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the same.

14. Answering Paragraphs, 20, 21, 22, 23, and 24, the Ironton Defendants are without sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the same.

### IV.    CAUSES OF ACTION

### CAUSE 1

15. Answering Paragraph 25, the Ironton Defendants incorporate the foregoing admissions and denials by reference herein.

16. Answering Paragraphs 26, 27, and 28, the Ironton Defendants specifically deny the allegations contained therein.

### CAUSE 2

17. Answering Paragraph 29, the Ironton Defendants incorporate the foregoing admissions and denials by reference herein.

18. Answering Paragraph 30, the Ironton Defendants deny the allegations as written.

19. Answering Paragraphs 31 and 32, the Ironton Defendants specifically deny the allegations contained therein.

### CAUSE 3

20. Answering Paragraph 33, the Ironton Defendants incorporate the foregoing admissions and denials by reference herein.

21. Answering Paragraphs 34 and 35, the Ironton Defendants specifically deny the allegations contained therein.

## CAUSE 4

22. Answering Paragraph 36, the Ironton Defendants incorporate the foregoing admissions and denials by reference herein.

23. Answering Paragraphs 37 and 38, the Ironton Defendants specifically deny the allegations contained therein.

24. The Ironton Defendants deny any and all allegations not otherwise specifically admitted or denied herein.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff's claims may be barred by the *Heck v. Humphrey* doctrine. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

3. Plaintiff's claims may be barred by the doctrines of estoppel, issue preclusion, claim preclusion, res judicata, laches, unclean hands, waiver and/or the statute of limitations.

4. The Ironton Defendants state that there may have been an insufficiency of process and an insufficiency of service of process on the Ironton Defendants.

5. Plaintiff has failed to mitigate damages, if any, that he may have suffered.

6. At all times the Ironton Defendants acted reasonably, lawfully and in good faith, and had reasonable grounds for believing that their conduct did not violate any federal or statutory provisions.

7. At all times the Ironton Defendants acted in accordance with the U.S. Constitution, the Ohio Constitution, all Ohio statutory provisions, and all state and local laws relative thereto.

8. The Ironton Defendants state that Plaintiff suffered no compensable damage as a result of any alleged actions of Defendants, which are specifically denied.

9. The Ironton Defendants do not maintain an unconstitutional custom, policy, or practice.

10. The Ironton Defendants are absolutely and or qualifiedly immune from suit under both federal and state law.

11. The Ironton Defendants state that at all times, they have acted reasonably, lawfully, in good faith, and without malice.

12. The Ironton Defendants state that if, in fact, they performed any wrongful acts, which are specifically denied, such acts were not performed intentionally, knowingly, purposely, willfully, wantonly, recklessly, maliciously, in bad faith, or with animus or ill-will.

13. All actions taken by the Ironton Defendants were in compliance with all laws, were privileged, and absolutely privileged.

14. The injuries and damages allegedly sustained by Plaintiff are the direct and proximate result of the conduct and actions of Plaintiff.

15. The injuries and damages allegedly sustained by Plaintiff are the direct and proximate result of the independent actions of Plaintiff or other third parties over whom the Ironton Defendants had no control.

16. Plaintiff has failed to mitigate his damages.

17. The Defendants state that any damages awarded in this matter may be subject to setoff.

18. Plaintiff's claim for punitive/exemplary damages is in violation of the Ohio and United States Constitutions, state, federal and the common law.

19. The Ironton Defendants give notice that they intend to assert and rely upon all affirmative defenses, immunities, avoidances, counterclaims, cross-claims, and third party claims that

become available or apparent during the course of discovery or trial, and thereby reserve the right to amend their Answer to assert such defenses.

**WHEREFORE**, the Ironton Defendants request that this Honorable Court dismiss Plaintiff's Complaint with an Order that Defendants' attorney fees and costs be paid as provided under applicable law.

        Respectfully submitted,

        SURDYK, DOWD & TURNER CO., L.P.A.

        */s/ Dawn M. Frick*
        Jeffrey C. Turner (0063154)
        Dawn M. Frick (0069068)
        Nathaniel W. Rose (0099458)
        8163 Old Yankee Street, Suite C
        Dayton, Ohio 45458
        (937) 222-2333, (937) 222-1970 (fax)
        jturner@sdtlawyers.com
        dfrick@sdtlawyers.com
        nrose@sdtlawyers.com
        *Trial Attorneys for Pam Wagner, Brad Spoljaric, Chance Blankenship, Evan McNight, Robert Fouch, and the City of Ironton, Ohio*

## JURY DEMAND

Defendants hereby demand a trial by jury on those claims to which it is entitled.

        */s/ Dawn M. Frick*
        Dawn M. Frick (0069068)

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 29, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, a copy of which will automatically be forwarded to the parties or their counsel of record and I certify that I have mailed by United States Postal Service First Class mail and by electronic mail, the document to the parties not participating in the electronic filing system:

Jose Maria DeCastro
1258 Franklin Street
Santa Monica, CA 90404
iamalaskan@gmail.com

                                                        */s/ Dawn M. Frick*_____
                                                        Dawn M. Frick (0069068)