## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION, CINCINNATI

| | | |
|---|---|---|
| **JOSE MARIA DECASTRO,** | : | **CASE NO. 1:22-cv-00204** |
| | : | |
| **Plaintiff,** | : | **Judge Michael R. Barrett** |
| | : | **Magistrate Judge Stephanie K. Bowman** |
| v. | : | |
| | : | **DEFENDANTS PAM WAGNER, BRAD** |
| **PAM WAGNER, ET AL.,** | : | **SPOLJARIC, CHANCE BLANKENSHIP,** |
| | : | **EVAN MCNIGHT, ROBERT FOUCH,** |
| **Defendant.** | : | **AND THE CITY OF IRONTON, OHIO'S** |
| | : | **RESPONSE IN OPPOSITION TO** |
| | : | **PLAINTIFF'S MOTION FOR LEAVE TO** |
| | : | **FILE RESPONSE** |

On June 21, 2022, Defendants Pam Wagner, Brad Spoljaric, Chance Blankenship, Evan McNight, Robert Fouch, and the City of Ironton, Ohio ("the Ironton Defendants") filed a Motion for Judgment on the Pleadings. (Doc. 13.) Said motion, if granted, would be dispositive of all of Plaintiff's claims against the Ironton Defendants. Plaintiff never responded to the Ironton Defendants' Motion, and on July 21, 2022, this Court ordered Plaintiff to show cause by August 11, 2022 why the Ironton Defendants' motion should not be construed as unopposed and granted. (Doc. 17.) Plaintiff filed his Response to this Court's Order to Show Cause (hereinafter "Plaintiff's Response") on August 11, 2022. (Doc. 18.) In Plaintiff's Response he claimed that he had received nothing from this Court or the Ironton Defendants in this action prior to July 27, 2022. (See Doc. 18.) In response, on August 15, 2022, this Court allowed Plaintiff thirty additional days to respond to the Ironton Defendants' dispositive motion. (Doc. 19.)

Consequently, Plaintiff filed his Amended Complaint on September 15, 2022, exactly thirty days after this Court granted Plaintiff an additional thirty days, even though Plaintiff stated he "ha[d] been preparing his First Amended Complaint which he anticipated filing under Rule 15

1

*as soon he received any response from the defendants*." (emphasis added.) (Doc. 20; Doc. 18, PageID 128.) The Ironton Defendants timely filed their Answer to Plaintiff's Amended Complaint and an accompanying Motion for Judgment on the Pleadings. (Docs. 22, 23.) Again, this Court was forced to issue an Order to Show Cause on November 7, 2022. (Doc. 26.) Plaintiff failed to respond, and this case was properly dismissed on December 6, 2022. (Doc. 27.)

As this Court has repeatedly held, "[w]hile some latitude may be extended to pro se litigants 'when dealing with sophisticated legal issues . . . there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer.'" *Hoffmeyer v. Chambers-Smith*, 2021 WL 2619750, *1 (S.D. Ohio June 25, 2021) (quoting Jourdan v. Jabe, 951 F.2d 108, 109 (6th Cir. 1991)); *see also, e.g.*, *Waddell v. Bennett*, 2015 WL 5579915, *2 (S.D. Ohio Aug. 31, 2015). As such, "pro se litigants must still comply with the procedural rules that govern civil cases." *Deters v. Hammer*, 568 F.Supp.3d 883, 887 (S.D. Ohio 2021) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)). In other words, "*pro se* litigants should not 'be accorded special consideration' when they fail to adhere to readily-comprehended court deadlines." *Eddins v. Department of Ohio Veterans of Foreign Wars*, 2012 WL 1987162, *1 (S.D. Ohio June 4, 2012) (quoting Jourdan, 951 F.2d at 110). Here, it has been over two months since the Ironton Defendants filed their Motion for Judgment on the Pleadings and Plaintiff has still, to this date, not responded to said motion. S.D. Ohio Civ. R. 7.2(a)(2) specifically provides that a memorandum in opposition "shall be filed within twenty-one (21) days after the date of service of the motion." Given that this is a procedural rule that sets forth a "readily comprehended court deadline[]," Plaintiff should not "be accorded special consideration" here. *Eddins* at *1.

In Plaintiff's Response, he claimed that other than this Court's original Order to Show Cause (Doc. 17), he "has received nothing from the defendants or this court." (Doc. 18, PageID

128.) Plaintiff further indicates in Plaintiff's Response that his address is 1258 Franklin Street, Santa Monica, CA 90404. However, every single filing by the Ironton Defendants in this case, including the Notices of Appearance (Docs. 9, 10 and 11.), Answer to Plaintiff's Complaint (Doc. 12.), Motion for Judgment on the Pleadings (Doc. 13.), Answer to Plaintiff's Amended Complaint (Doc. 22.), Motion for Judgment on the Pleadings (Doc. 23) and Notice of Substitution of Counsel (Doc. 24.) contain a Certificate of Service indicating that they were mailed to Plaintiff's above noted address. (See Exhibit A). Additionally, included as Exhibit B to the instant filing are the service letters for each of those filings which were sent to Plaintiff's above noted address. Finally, included as Exhibit C, is an affidavit of Raven Clark, attesting to the fact that all of the Ironton Defendants' filings in this case were sent to Plaintiff's above noted address. Of further importance is that since the original Motion for Judgment on the Pleadings and Plaintiff's Response, the status quo has remained the same. Neither Plaintiff's address has changed, nor has he file a motion to amend his service address.

Plaintiff alleges that he has "acted in good faith" and that "he has been hindered" as he has not received a number of documents. (Doc. 29, PageID 230.) This simply is not the case. The address listed in the Court's docket system, i.e., the address where the Court would serve any and all communications is the same address the Ironton Defendants have sent all communications and correspondence to and is the same address Plaintiff utilizes in his own filings. Furthermore, he has now managed to fully respond to our second Motion for Judgment on the Pleadings when he was "unable" to respond to our prior Motion for Judgment on the Pleadings after being served at the same address.

Quite frankly, even if Plaintiff did not receive this Court's Order to Show Cause filed on November 7, 2022, this does not excuse his conduct. Plaintiff was properly served with the Motion

3

for Judgment on the Pleadings via email and United States Postal Service. (Doc. 22, PageID 178; Exhibit D.) Plaintiff was already on notice from his prior filings and interactions with this Court of the need to respond to Motion for Judgment on the Pleadings and failing to do so would result in an order to show cause. Nevertheless, he failed to timely respond to both. Furthermore, he made no additional efforts to contact the Ironton Defendants or the Court for an extension. This conduct should not be rewarded. Plaintiff's piecemeal adoption of when service has and has not been perfected has inexplicably and seemingly worked in his favor at every turn and once every responsive deadline has come and gone. Plaintiff is clearly acting in bad faith. Thus, service is not the issue in this matter, rather it is Plaintiff's dilatory conduct and this conduct alone that is at the crux of this matter.

      Plaintiff's Motion for Leave to File a Response is clearly a last-ditch effort to excuse his own lack of attention to this matter, as demonstrated by Exhibits A, B, C, and D attached hereon. Thus, this Court should deny his motion and affirm its December 6, 2022 dismissal of this action.

      Respectfully submitted,

      SURDYK, DOWD & TURNER CO., L.P.A.

*/s/ Nathaniel W. Rose*_____
Jeffrey C. Turner (0063154)
Dawn M. Frick (0069068)
Nathaniel W. Rose (0099458)
8163 Old Yankee Street, Suite C
Dayton, Ohio 45458
(937) 222-2333, (937) 222-1970 (fax)
jturner@sdtlawyers.com
dfrick@sdtlawyers.com
nrose@sdtlawyers.com
*Trial Attorneys for Pam Wagner, Brad Spoljaric, Chance Blankenship, Evan McNight, Robert Fouch, and the City of Ironton, Ohio*

4

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 8, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, a copy of which will automatically be forwarded to the parties or their counsel of record and I certify that I have mailed by United States Postal Service First Class mail and by electronic mail, the document to the parties not participating in the electronic filing system:

Jose Maria DeCastro
1258 Franklin Street
Santa Monica, CA 90404
amalaskan@gmail.com

                                                */s/ Nathaniel W. Rose*
                                                Nathaniel W. Rose (0099458)