# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| JOSE MARIA DECASTRO, | : | CASE NO. 1:22-cv-00204 |
| | : | |
| Plaintiff, | : | JUDGE BARRETT |
| | : | |
| v. | : | MAGISTRATE JUDGE BOWMAN |
| | : | |
| PAM WAGNER, ET AL., | : | |
| | : | **NOTICE OF APPEARANCE OF** |
| Defendant. | : | **JEFFREY C. TURNER** |

---

Now comes Jeffrey C. Turner of Surdyk, Dowd & Turner Co., L.P.A. and hereby enters an

appearance in the above matter as counsel for Pam Wagner, Brad Spoljaric, Chance Blankenship,

Evan McNight, Robert Fouch, and the City of Ironton, Ohio.


Respectfully submitted,

SURDYK, DOWD & TURNER CO., L.P.A.


*/s/ Jeffrey C. Turner*
Jeffrey C. Turner (0063154)
Dawn M. Frick (0069068)
Benjamin J. Reeb (100018)
8163 Old Yankee Street, Suite C
Dayton, Ohio 45458
(937) 222-2333 | (937) 222-1970
jturner@sdtlawyers.com
dfrick@sdtlawyers.com
breeb@sdtlawyers.com
*Trial Attorneys for Pam Wagner, Brad*
*Spoljaric, Chance Blankenship, Evan*
*McNight, Robert Fouch, and the City of*
*Ironton, Ohio*



Exhibit A

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2022, I electronically filed the foregoing with the Clerk of

the Court using the CM/ECF system, which will send notification of such filing to all counsel of

record.  A copy of the foregoing was additionally sent to the following via regular US mail:

Jose Maria DeCastro
1258 Franklin Street
Santa Monica, CA 90404

/s/ Jeffrey C. Turner
Jeffrey C. Turner (0063154)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| JOSE MARIA DECASTRO, | : | CASE NO. 1:22-cv-00204 |
| | : | |
| Plaintiff, | : | JUDGE BARRETT |
| | : | |
| v. | : | MAGISTRATE JUDGE BOWMAN |
| | : | |
| PAM WAGNER, ET AL., | : | |
| | : | **NOTICE OF APPEARANCE OF** |
| Defendant. | : | **BENJAMIN J. REEB** |

Now comes Benjamin J. Reeb of Surdyk, Dowd & Turner Co., L.P.A. and hereby enters an appearance in the above matter as counsel for Pam Wagner, Brad Spoljaric, Chance Blankenship, Evan McNight, Robert Fouch, and the City of Ironton, Ohio.

Respectfully submitted,

SURDYK, DOWD & TURNER CO., L.P.A.

*/s/ Benjamin J. Reeb*
Jeffrey C. Turner (0063154)
Dawn M. Frick (0069068)
Benjamin J. Reeb (100018)
8163 Old Yankee Street, Suite C
Dayton, Ohio 45458
(937) 222-2333 | (937) 222-1970
jturner@sdtlawyers.com
dfrick@sdtlawyers.com
breeb@sdtlawyers.com
*Trial Attorneys for Pam Wagner, Brad*
*Spoljaric, Chance Blankenship, Evan*
*McNight, Robert Fouch, and the City of*
*Ironton, Ohio*

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record. A copy of the foregoing was additionally sent to the following via regular US mail:

Jose Maria DeCastro
1258 Franklin Street
Santa Monica, CA 90404

*/s/ Benjamin J. Reeb*
Benjamin J. Reeb (100018)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| JOSE MARIA DECASTRO, | : | CASE NO. 1:22-cv-00204 |
| | : | |
| Plaintiff, | : | JUDGE BARRETT |
| | : | |
| v. | : | MAGISTRATE JUDGE BOWMAN |
| | : | |
| PAM WAGNER, ET AL., | : | |
| | : | **NOTICE OF APPEARANCE OF** |
| Defendant. | : | **DAWN M. FRICK** |

Now comes Dawn M. Frick of Surdyk, Dowd & Turner Co., L.P.A. and hereby enters an appearance in the above matter as counsel for Pam Wagner, Brad Spoljaric, Chance Blankenship, Evan McNight, Robert Fouch, and the City of Ironton, Ohio.

Respectfully submitted,

SURDYK, DOWD & TURNER CO., L.P.A.

/s/ Dawn M. Frick
Jeffrey C. Turner (0063154)
Dawn M. Frick (0069068)
Benjamin J. Reeb (100018)
8163 Old Yankee Street, Suite C
Dayton, Ohio 45458
(937) 222-2333 | (937) 222-1970
jturner@sdtlawyers.com
dfrick@sdtlawyers.com
breeb@sdtlawyers.com
*Trial Attorneys for Pam Wagner, Brad Spoljaric, Chance Blankenship, Evan McNight, Robert Fouch, and the City of Ironton, Ohio*

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record. A copy of the foregoing was additionally sent to the following via regular US mail:

Jose Maria DeCastro
1258 Franklin Street
Santa Monica, CA 90404

/s/ Dawn M. Frick
Dawn M. Frick (0069068)

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION, CINCINNATI

| | | |
|---|---|---|
| JOSE MARIA DECASTRO, | : | **CASE NO. 1:22-cv-00204** |
| | : | |
| **Plaintiff,** | : | **Judge Michael R. Barrett** |
| | : | **Magistrate Judge Stephanie K. Bowman** |
| v. | : | |
| | : | **DEFENDANTS PAM WAGNER, BRAD** |
| PAM WAGNER, ET AL., | : | **SPOLJARIC, CHANCE BLANKENSHIP,** |
| | : | **EVAN MCNIGHT, ROBERT FOUCH,** |
| **Defendant.** | : | **AND THE CITY OF IRONTON, OHIO'S** |
| | : | **ANSWER TO PLAINTIFF'S** |
| | | **COMPLAINT** |

**JURY DEMAND ENDORSED HEREON**

Now come Defendants Pam Wagner, Brad Spoljaric, Chance Blankenship, Evan McNight, Robert Fouch, and the City of Ironton, Ohio ("the Ironton Defendants"), and for their Answer to Plaintiff's Complaint state as follows:

## I.    INTRODUCTION AND OPENING STATEMENT

1. Answering Paragraph 1, the Ironton Defendants admit that Plaintiff has brought the subject lawsuit against the Ironton Defendants and the other defendants named therein. The Ironton Defendants deny the remaining allegations as written.

2. Answering Paragraph 2, the Ironton Defendants deny the allegations as written.

3. Answering Paragraph 3, the Ironton Defendants admit that Plaintiff was inside the Ironton City Center on March 31, 2022. The Ironton Defendants are without sufficient knowledge and information to form a belief as to the truth of the remaining allegations contained therein, and therefore deny the same.

4. Answering Paragraph 4, the Ironton Defendants deny the allegations as written.

5. Answering Paragraph 5, the Ironton Defendants deny the allegations as written.

1

6. Answering Paragraph 6, the Ironton Defendants specifically deny that any Ironton Police Officer told Plaintiff that if he refused to provide his Social Security number, additional charges and punishment would be brought upon him. The Ironton Defendants are without sufficient knowledge and information to form a belief as to the remaining allegations therein, and therefore deny the same.

7. Answering Paragraph 7, the Ironton Defendants specifically deny the allegations contained therein.

## II.    JURISDICTION AND VENUE

8. Answering Paragraphs 8 and 9, the Ironton Defendants deny any constitutional violations, and therefore deny the allegations contained therein.

## III.    PARTIES

### A. Plaintiff

9. Answering Paragraph 10, the Ironton Defendants specifically deny the allegations contained therein.

### B. Defendants

10. Answering Paragraph 11, the Ironton Defendants admit that Pam Wagner is the Chief of Police for the City of Ironton. The Ironton Defendants deny the remaining allegations as written.

11. Answering Paragraphs 12, 13, 14, and 15, the Ironton Defendants admit that Chance Blankenship, Evan McNight, and Robert Fouch are law enforcement officers for the City of Ironton Police Department. The Ironton Defendants deny the remaining allegations as written.

12. Answering Paragraph 16, the Ironton Defendants are without sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the same.

2

13. Answering Paragraph 17, the Ironton Defendants are without sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the same.

14. Answering Paragraph 18, the Ironton Defendants admit the City of Ironton, Ohio, is a political subdivision within the State of Ohio. The Ironton Defendants deny the remaining allegations as written.

15. Answering Paragraph 19, the Ironton Defendants admit that Lawrence County is a political subdivision within the State of Ohio. The Ironton Defendants deny the remaining allegations as written.

## IV.    GENERAL FACTUAL ALLEGATIONS

16. Answering Paragraph 20, the Ironton Defendants are without sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the same.

17. Answering Paragraph 21, the Ironton Defendants admit that on Tuesday, March 29, 2022, Plaintiff was present in the Ironton City Center. The Ironton Defendants deny the remaining allegations as written.

18. Answering Paragraph 22, the Ironton Defendants deny the allegations as written.

19. Answering Paragraphs 23 and 24, the Ironton Defendants are without sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the same.

20. Answering Paragraph 25, the Ironton Defendants are without sufficient knowledge and information to form a belief as to the truth of the allegations contained, and therefore deny the same.

3

21. Answering Paragraph 26, the Ironton Defendants deny the allegations as written.

22. Answering Paragraph 27, the Ironton Defendants specifically deny that Plaintiff has been denied the return of his iPhone 12 Max Pro. The Ironton Defendants are without sufficient knowledge and information to form a belief as to the truth of the remaining allegations contained therein, and therefore deny the same.

23. Answering Paragraphs 28 and 29, the Ironton Defendants are without sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the same.

## V.    CAUSES OF ACTION

### CAUSE 1

24. Answering Paragraph 30, the Ironton Defendants incorporate the foregoing admissions and denials by reference herein.

25. Answering Paragraph 31, the Ironton Defendants specifically deny that they failed to comply with any state and/or federal law. The Ironton Defendants deny the remaining allegations as written.

26. Answering Paragraph 32, the Ironton Defendants specifically deny the allegations contained therein.

### CAUSE 2

27. Answering Paragraph 33, the Ironton Defendants incorporate the foregoing admissions and denials by reference herein.

28. Answering Paragraphs 34 and 35, the Ironton Defendants are without sufficient knowledge and information to form a belief as to the truth of the allegations therein, and therefore deny the same.

4

## CAUSE 3

29. Answering Paragraph 36, the Ironton Defendants incorporate the foregoing admissions and denials by reference herein.

30. Answering Paragraph 37, the Ironton Defendants deny the allegations as written.

31. Answering Paragraph 38, the Ironton Defendants specifically deny the allegations contained therein.

32. Answering Paragraph 39, the Ironton Defendants specifically deny the allegations contained therein.

## CAUSE 4

33. Answering Paragraph 40, the Ironton Defendants incorporate the foregoing admissions and denials by reference herein.

34. Answering Paragraph 41, the Ironton Defendants deny the allegations as written.

35. Answering Paragraph 42, the Ironton Defendants specifically deny the allegations contained therein.

## CAUSE 5

36. Answering Paragraph 43, the Ironton Defendants incorporate the foregoing admissions and denials by reference herein.

37. Answering Paragraphs 44 and 45, the Ironton Defendants are without sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the same.

## CAUSE 6

38. Answering Paragraph 46, the Ironton Defendants incorporate the foregoing admissions and denials by reference herein.

39. Answering Paragraphs 47 and 48, the Ironton Defendants are without sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the same.

## CAUSE 7

40. Answering Paragraph 49, the Ironton Defendants incorporate the foregoing admissions and denials by reference herein.

41. Answering Paragraphs 50, 51, and 52, the Ironton Defendants specifically deny the allegations contained therein to the extent they pertain to the Ironton Defendants. The Ironton Defendants are without sufficient knowledge and information as to the truth of the remaining allegations therein, and therefore deny the same.

42. The Ironton Defendants deny any and all allegations not otherwise specifically admitted or denied herein.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff's claims may be barred by the *Heck v. Humphrey* doctrine. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

3. Plaintiff's claims may be barred by the doctrines of estoppel, issue preclusion, claim preclusion, res judicata, laches, unclean hands, waiver and/or the statute of limitations.

4. The Ironton Defendants state that there may have been an insufficiency of process and an insufficiency of service of process on the Ironton Defendants.

5. Plaintiff has failed to mitigate damages, if any, that he may have suffered.

6

6. At all times the Ironton Defendants acted reasonably, lawfully and in good faith, and had reasonable grounds for believing that their conduct did not violate any federal or statutory provisions.

7. At all times the Ironton Defendants acted in accordance with the U.S. Constitution, the Ohio Constitution, all Ohio statutory provisions, and all state and local laws relative thereto.

8. The Ironton Defendants state that Plaintiff suffered no compensable damage as a result of any alleged actions of Defendants, which are specifically denied.

9. The Ironton Defendants do not maintain an unconstitutional custom, policy, or practice.

10. The Ironton Defendants are absolutely and or qualifiedly immune from suit under both federal and state law.

11. The Ironton Defendants state that at all times, they have acted reasonably, lawfully, in good faith, and without malice.

12. The Ironton Defendants state that if, in fact, they performed any wrongful acts, which are specifically denied, such acts were not performed intentionally, knowingly, purposely, willfully, wantonly, recklessly, maliciously, in bad faith, or with animus or ill-will.

13. All actions taken by the Ironton Defendants were in compliance with all laws, were privileged, and absolutely privileged.

14. The injuries and damages allegedly sustained by Plaintiff are the direct and proximate result of the conduct and actions of Plaintiff.

15. The injuries and damages allegedly sustained by Plaintiff are the direct and proximate result of the independent actions of Plaintiff or other third parties over whom the Ironton Defendants had no control.

16. Plaintiff has failed to mitigate his damages.

7

17. The Defendants state that any damages awarded in this matter may be subject to setoff.

18. Plaintiff's claim for punitive/exemplary damages is in violation of the Ohio and United States Constitutions, state, federal and the common law.

19. The Ironton Defendants give notice that they intend to assert and rely upon all affirmative defenses, immunities, avoidances, counterclaims, cross-claims, and third party claims that become available or apparent during the course of discovery or trial, and thereby reserve the right to amend their Answer to assert such defenses.

   **WHEREFORE**, the Ironton Defendants request that this Honorable Court dismiss Plaintiff's Complaint with an Order that Defendants' attorney fees and costs be paid as provided under applicable law.

Respectfully submitted,

SURDYK, DOWD & TURNER CO., L.P.A.

*/s/ Dawn M. Frick*
Jeffrey C. Turner (0063154)
Dawn M. Frick (0069068)
Benjamin J. Reeb (100018)
8163 Old Yankee Street, Suite C
Dayton, Ohio 45458
(937) 222-2333, (937) 222-1970 (fax)
jturner@sdtlawyers.com
dfrick@sdtlawyers.com
breeb@sdtlawyers.com
*Trial Attorneys for Pam Wagner, Brad Spoljaric, Chance Blankenship, Evan McNight, Robert Fouch, and the City of Ironton, Ohio*

## JURY DEMAND

Defendant hereby demands a trial by jury on those claims to which it is entitled.

*/s/ Dawn M. Frick*

8

Dawn M. Frick (0069068)

## CERTIFICATE OF SERVICE

    I hereby certify that on May 11, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, a copy of which will automatically be forwarded to the parties or their counsel of record and I certify that I have mailed by United States Postal Service the document to the parties not participating in the electronic filing system:

    Jose Maria DeCastro
    1258 Franklin Street
    Santa Monica, CA 90404

                            */s/ Dawn M. Frick*
                            Dawn M. Frick (0069068)

Case: 1:22-cv-00204-MRB-SKB Doc #: 13 Filed: 06/20/22 Page: 1 of 13 PAGEID #: 88

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION, CINCINNATI

| | | |
|---|---|---|
| JOSE MARIA DECASTRO, | : | **CASE NO. 1:22-cv-00204** |
| | : | |
| **Plaintiff,** | : | **Judge Michael R. Barrett** |
| | : | **Magistrate Judge Stephanie K. Bowman** |
| v. | : | |
| | : | **DEFENDANTS PAM WAGNER, BRAD** |
| **PAM WAGNER, ET AL.,** | : | **SPOLJARIC, CHANCE BLANKENSHIP,** |
| | : | **EVAN MCNIGHT, ROBERT FOUCH,** |
| **Defendant.** | : | **AND THE CITY OF IRONTON, OHIO'S** |
| | : | **MOTION FOR JUDGMENT ON THE** |
| | | **PLEADINGS** |

Now come Defendants Pam Wagner, Brad Spoljaric, Chance Blankenship, Evan McNight,

Robert Fouch, and the City of Ironton, Ohio ("the Ironton Defendants"), by and through counsel,

and hereby move this Honorable Court for an Order granting them judgment on the pleadings,

pursuant to Fed.R.Civ.P. 12(c). The Ironton Defendants' arguments in support of this request are

set forth more fully herein.

Respectfully submitted,

SURDYK, DOWD & TURNER CO., L.P.A.

/s/ Dawn M. Frick
Jeffrey C. Turner (0063154)
Dawn M. Frick (0069068)
Benjamin J. Reeb (100018)
8163 Old Yankee Street, Suite C
Dayton, Ohio 45458
(937) 222-2333, (937) 222-1970 (fax)
jturner@sdtlawyers.com
dfrick@sdtlawyers.com
breeb@sdtlawyers.com
*Trial Attorneys for Pam Wagner, Brad
Spoljaric, Chance Blankenship, Evan
McNight, Robert Fouch, and the City of
Ironton, Ohio*

## MEMORANDUM IN SUPPORT

### I.    INTRODUCTION AND PROCEDURAL HISTORY

Plaintiff Jose DeCastro ("Plaintiff"), proceeding pro se, is a self-proclaimed "videographer, vlogger, and civil rights activists [sic] who has been video recording publishing his recordings, edited and unedited, on media forums such as, YouTube, Facebook, Instagram, and the like since approximately 2020." (Doc. 1, PageID 7). Plaintiff claims that the financial benefit from his postings serves as an essential economic support for him. (Id.).

On Tuesday, March 29, 2022, Plaintiff, who is not a resident of Ironton, Ohio, and several local residents entered Ironton City Hall (i.e., Ironton City Center) at approximately 4:00 p.m. (Id.). Plaintiff claims that he and local citizens accompanying him were present at the City Center to engage in a "peaceful protest[]." (Id.). Plaintiff alleges that at approximately 5:00 p.m., a City of Ironton employee informed him that the Ironton City Center was closing and going to be locked. (Id.). Despite this, Plaintiff remained on the property. Then, according to the Complaint, Plaintiff was approached by Ironton Police Chief, Pam Wagner, who ordered Plaintiff to "cease and desist his disorderly conduct." (Id.). After failing to comply and leave the building, Plaintiff was arrested by Ironton Police Officers Spoljaric, Blankenship, McKnight, and Fouch. (Id.). Then, according to Plaintiff, he "was taken to the booking area where several criminal charges were brought against him" and he "was patted down, his person searched, and personal property including his wallet, car key, and other items, including his iPhone 12 Max Pro were taken." (Id.).

Plaintiff then alleges that after posting bond approximately two hours later, he was released, at which time his personal property was returned to him with the exception of his iPhone 12 Max Pro. (Doc. 1, PageID 8). Plaintiff claims to have made several demands to the Ironton Police Department for the return of his cell phone, including a formal demand that he claims he

1

delivered to the Ironton Police Department on 4/5/22. (Id.). He also filed a Complaint for Replevin in Ironton Municipal Court Case No. CVH2200076 on April 4, 2022, as reflected by Exhibit A attached hereto. Additionally, in an Entry by Judge Kevin J. Waldo in that case, the Court notes that Plaintiff was returned his iPhone 12 Max by Ironton Police Department representative, Pam Wagner, and consequently, that the case was dismissed with prejudice. This Entry is attached hereto as Exhibit B.[1]

Plaintiff filed his Complaint in the instant case on April 13, 2022. The Complaint names the following Defendants: Pam Wagner, Brad Spoljaric, Chance Blankenship, Evan McKnight, Robert Fouch, City of Ironton ("the Ironton Defendants"), as well as Major Chapman, Jane Doe, Lawrence County, Ohio ("the Lawrence County Defendants"). Plaintiff's Complaint sets forth seven causes of action. However, only Cause 1 (alleged violation of the Fourth Amendment), Cause 3 (alleged violation of the Fourteenth Amendment – Due Process), Cause 4 (alleged violation of the First Amendment), and Cause 7 (*Monell* claim for failure to properly train and supervise) are directed at the Ironton Defendants. The remaining claims are directed at the Lawrence County Defendants, and as such, are not addressed in this Motion.

As explained herein, with regard to all of the causes of action against the Ironton Defendants, Plaintiff has failed to state a claim upon which relief can be granted.

---

[1] It is appropriate to consider Exhibits A and B on the Ironton Defendants' Rule 12(c) Motion because it is well-established in the Sixth Circuit that, on a Rule 12(b)(6) or 12(c) motion, "the 'court may take judicial notice of other court proceedings without converting the motion into one for summary judgment.'" *Scott v. Reif*, 659 Fed.Appx. 338, 342 (6th Cir. 2016) (quoting *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816 (6th Cir. 2020)).

2

Case: 1:22-cv-00204-MRB-SKB Doc #: 13 Filed: 06/20/22 Page: 4 of 13 PAGEID #: 91

## II.    LAW AND ARGUMENT

### A.  Standard of Review

Under the Federal Rules of Civil Procedure, "after the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). Judgment may be granted under Rule 12(c) where the moving parties clearly establish that no material issue of fact remains to be resolved and that they are entitled to judgment as a matter of law. *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007). A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard of review as a motion under Rule 12(b)(6). *Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692, 697 (6th Cir. 2005).

In addition, it is well settled that, in presenting a complaint, "[t]hreadbare recital of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). Although the court must accept well-pleaded allegations of the complaint as true for purposes of a motion to dismiss, the court is not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). Specifically, "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' provide insufficient grounds for entitlement to relief." *Huffer v. Bogen*, 503 Fed.Appx. 455, 461 (6th Cir. 2012) (quoting *Twombly*, 550 U.S. at 555). "What *Twombly* and *Iqbal* do require is that plaintiffs provide factual allegations from which a court may plausibly infer a cause of action." *Gross v. Nationwide Credit, Inc.*, Case No. 1:10-CV-00738, 2011 WL 379167, *3 (S.D. Ohio Feb. 2, 2011).

**B. With regard to Plaintiff's first cause of action, Plaintiff has failed to state a claim for relief under the Fourth Amendment.**

The Fourth Amendment guarantees "that government officials may not subject citizens to searches or seizures without proper authorization," and therefore, "[a] person who has been the victim of an unlawful arrest or wrongful seizure under the color of law has a claim based on [this Amendment." *Brooks v. Rothe*, 577 F.3d 701, 706 (6th Cir. 2009). "[A] warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed." *Devenpeck v. Alford*, 543 U.S. 146, 152, 125 S.Ct. 588 (2004). "the validity of the arrest does not depend on whether the suspect actually committed the crime. . . ." *Michigan v. DeFillippo*, 443 U.S. 31, 36, 99 S.Ct. 2627 (1979). As a result, "in order for a wrongful arrest claim to succeed under § 1983, a plaintiff must prove that the police lacked probable cause." *Fridley v. Horrighs*, 291 F.3d 867, 872 (6th Cir. 2002).

"Probable cause exists if the facts and circumstances known to the officer warrant a prudent man in believing that the offense has been committed." *Logsdon v. Hains*, 492 F.3d 334, 341 (6th Cir. 2007) (quoting *Henry v. United States*, 361 U.S. 98, 102, 80 S.Ct. 168 (1959)). The probable cause inquiry "'depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest,' where supported by 'reasonably trustworthy information'" *Id.* (citation omitted). An officer who intends to execute a warrantless arrest is not tasked with an overly-burdensome duty to investigate." *Id.* In initially determining probable cause, an officer need not "investigate independently every claim of innocence." *Id.* (citing *Gardenhire v. Schubert*, 205 F.3d 303, 318 (6th Cir. 2000)). "And after the officer determines, on the basis of the facts and circumstances known to him, that probable cause exists, the officer has no further duty to investigate or to search for exculpatory evidence." *Id.*

4

"Authorization for an arrest typically depends on state law." *Skovgard v. Pedro*, 448 Fed.Appx. 538, 544 (6th Cir. 2011) (citing *Logsdon*, 492 F.3d at 341). Here, Plaintiff was initially arrested for criminal trespass. The criminal trespass statute in Ohio provides as follows:

(A) No person, without privilege to do so, shall do any of the following:

   (1) Knowingly enter or remain on the land or premises of another;

   (2) Knowingly enter or remain on the land or premises of another, the use of which is lawfully restricted to certain persons, purposes, modes, or hours, when the offender knows the offender is in violation of any such restriction or is reckless in that regard;

   (3) Recklessly enter or remain on the land or premises of another, as to which notice against unauthorized access or presence is given by actual communication to the offender, or in a manner prescribed by law, or by posting in a manner reasonably calculated to come to the attention of potential intruders, or by fencing or other enclosure manifestly designed to restrict access;

   (4) Being on the land or premises of another, negligently fail or refuse to leave upon being notified by signage posted in a conspicuous place or otherwise being notified to do so by the owner or occupant, or the agent or servant of either;

   (5) Knowingly enter or remain on a critical infrastructure facility.

O.R.C. § 2911.21(A)(1)-(5). Further, Section 2911.21(B) provides that "[i]t is no defense to a charge under this section that the land or premises involved was owned, controlled, or in custody of a public agency." Finally, the Ohio Revised Code defines "privilege" as "an immunity, license, or right conferred by law, bestowed by express or implied grant, arising out of status, position, office, or relationship, or growing out of necessity." *Id.* § 2901.01(A)(12). "'Ohio courts construe the lack-of-privilege requirement as an element of the offense of criminal trespass, and not an affirmative defense.'" *Skovgard*, 448 Fed.Appx. at 544 (quoting *Logsdon*, 492 F.3d at 342).

Here, the Ironton Defendants had probable cause to arrest Plaintiff. The Ironton Defendants arrested Plaintiff after the office was closed for the day. Furthermore, it is undisputed that Plaintiff

5

knew that the Office was closed at the time of his arrest. For instance, in his Complaint, Plaintiff acknowledges that "[a]t approximately 5 p.m. a City of Ironton employee announced that the building was going to be closed and locked." (Doc. 1, PageID 7). He further acknowledges that he was arrested "3 minutes after the office was being closed for the day." (Id.). Finally, he also acknowledges that Chief Wagner warned him to leave prior to arresting him. (Id.). Thus, by Plaintiff's own admission, he remained on the property after closing and refused to leave when told to do so. Therefore, the Ironton Defendants had probable cause to place Plaintiff under arrest.

Also, Plaintiff cannot demonstrate that he had any privilege to remain at the Ironton City Center after closing. In his Complaint, Plaintiff alleges as follows: the Ironton Defendants "failed to comply with the state of Ohio peaceful protest statutes, policies, and procedures when they encountered plaintiff on 3/29/22. Instead of directing and escorting plaintiff out of the building per the statutes, these defendants chose to make an arrest within 6 seconds of encountering him and only 3 minutes after the office was being closed for the day." (Doc. 1, PageID 10). However, Plaintiff has not identified any statute that would permit his conduct because no such statute exists. Thus, without any privilege to remain on the property, this further affirms that the Ironton Defendants had probable cause to arrest Plaintiff. Accordingly, Plaintiff has failed to state a viable Fourth Amendment claim under § 1983.

### C. With regard to Plaintiff's third cause of action, Plaintiff has failed to state a claim for relief under the Fourteenth Amendment.

The Fourteenth Amendment provides, in part, that "[n]o State shall ... deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. The Due Process Clause contains both a procedural and a substantive component. To present a procedural due process claim under 42 U.S.C. § 1983, the plaintiff must "show that the defendant acted under the color of state law to deprive the plaintiff of a definite liberty or property interest." *Mich. Paytel*

*Joint Venture v. City of Detroit*, 287 F.3d 527, 539 (6th Cir. 2002). However, "[i]n order to assert such a claim, [a plaintiff] must first 'plead . . . that state remedies for redressing the wrong are inadequate'" *Buchanan v. Reeve*, 2005 WL 1652188, *9 (S.D. Ohio Apr. 8, 2005) (quoting *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir.1983), cert denied, 469 U.S. 834, 105 S.Ct. 125, 83 L.Ed.2d 67 (1984)). Additionally, when a plaintiff fails to allege any facts indicating that his remedies under Ohio law to redress the wrong complained of are inadequate, he has failed to state a due process claim that is actionable in a § 1983 proceeding. *Id.*

Here, Plaintiff's due process claim pertains to his allegation that the Ironton Defendants have withheld his iPhone from him. Nevertheless, Plaintiff has failed to allege any facts indicating that his remedies under Ohio law are inadequate to redress this alleged wrong. The Sixth Circuit has specifically held that state remedies, such as replevin proceeding under state law, is an adequate remedy for individuals seeking property that has been seized by police. *International Metal Trading Inc. v. City of Romulus, Mich.*, 438 Fed.Appx. 460, 463 (6th Cir. 2011). Plaintiff, in fact, filed a replevin action against Ironton Police Department in Ironton Municipal Court Case No. CVH2200076. Exhibit A, which attached hereto, is Plaintiff's Complaint for Replevin filed in Ironton Municipal Court Case No. CVH2200076. Furthermore, Exhibit B, which is attached hereto, is an Entry by Judge Kevin J. Waldo in Plaintiff's replevin action. That Entry states in relevant part:

> The Court observed the Defendant, Ironton Police Department representative, Pam Wagner, return to the Plaintiff, Jose DeCastro, the IPhone 12 Max, subject of the Replevin action, herein.

> Therefore, the Plaintiff has obtained possession of the subject property and no evidence was presented as to any damages, thus, the case herein, is **DISMISSED** with prejudice.

Thus, Plaintiff not only filed a Replevin action, but said action proved to be adequate, as Plaintiff has re-gained possession of his iPhone 12 Max.[2]

Accordingly, because Plaintiff has failed to allege any facts indicating that his remedies under Ohio law to redress the wrong complained of are inadequate, he has failed to state a due process claim that is actionable in a § 1983 proceeding.

### D. With regard to Plaintiff's fourth cause of action, Plaintiff has failed to state a claim for relief under the First Amendment.

Plaintiff's First Amendment claim is based on his allegation that the Ironton Defendants have "kept [Plaintiff's] main recording device from him" "[i]n order to impede, stop, otherwise deter [Plaintiff] from filming public officials, conducting and recording interviews, and other investigatory filming." (Doc. 1, PageID 12). While courts have held that there is a First Amendment right to film police officers, those cases have dealt with situations where a Plaintiff was prevented from recording while engaged in lawful activities or pursuant to some statute or regulation. *See Crawford v. Geiger*, 996 F.Supp.2d 603, 614-15 (N.D. Ohio 2014) (collecting cases).

Here, Plaintiff was not able to engage in recording activities because his cell phone was seized pursuant to a lawful arrest that had nothing to do with his recording activities. Thus, although Plaintiff's fourth cause of action is couched as a "1st Amendment" claim, it is actually indistinguishable from his due process claim pertaining to the seizure of his cell phone. And, as previously explained, Plaintiff has failed to state a due process claim that is actionable under §

---

[2] As previously explained herein, it is appropriate for the Court to consider Exhibits A and B on a Rule 12(C) Motion without converting the Motion into one for Summary Judgment. *See supra* page 3, note 1. Nevertheless, even without considering Exhibits A and B, the result would still be the same. It is not determinative that Plaintiff did in fact file a Replevin action; rather, what is determinative is the fact that such an action is available to him, and that such an action is an adequate state law remedy. *See, e.g., International Metal Trading Inc. v. City of Romulus, Mich.*, 438 Fed.Appx. 460, 463 (6th Cir. 2011).

1983 because he has failed to allege any facts indicating that his remedies under Ohio law to redress the wrong complained of (i.e., regain possession of his cell phone) are inadequate.

**E. With regard to Plaintiff's seventh cause of action, Plaintiff has failed to state a claim for relief under *Monell* against the City of Ironton.**

Plaintiff's *Monell* claim is based on his allegation that the City of Ironton "failed to properly train and supervise their employees to refrain from making unconstitutional actions in violation of the rights of citizens as they have done as described in the foregoing [causes of action]." However, "[t]here can be no liability under *Monell* without an underlying constitutional violation." *Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014) (citing *Scott v. Clay Cnty., Tenn.*, 205 F.3d 867, 879 (6th Cir. 2000)). As explained herein, Plaintiff has failed to state a constitutional violation under all of his theories of liability. As such, without being able to show an underlying constitutional violation, Plaintiff's *Monell* claim is also without merit. *Id.* Nevertheless, even if Plaintiff were able to show an underlying constitutional violation, Plaintiff has failed to adequately state a *Monell* claim against the City of Ironton.

"'A plaintiff raising a municipal liability claim under § 1983 must demonstrate that the alleged federal violation occurred because of a municipal policy or custom.'" *Bickerstaff v. Lucarelli*, 830 F.3d 388, 401-02 (6th Cir. 2016) (quoting *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013)). "This means that the plaintiff must show "'a direct causal link' between the policy and the alleged constitutional violation such that the [municipal policy] can be deemed the 'moving force' behind the violation.'" *Id.* at 402 (quoting *Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 383 (6th Cir. 2004)). A Plaintiff can establish an illegal policy or custom by showing one of the following: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision-making authority ratified illegal

9

actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess*, 735 F.3d at 478.

Here, Plaintiff's *Monell* claim appears to fall under the category of inadequate training or supervision. "[T]o prevail on such a theory, [Plaintiff] must show that the City of [Ironton's] policy was 'representative of (1) a clear and persistent pattern of illegal activity, (2) which the [City] knew or should have known about, (3) yet remained deliberately indifferent about, and (4) that the [City's] custom was the cause' of the deprivation of [his] constitutional rights." *Bickerstaff*, 830 F.3d at 402 (quoting *Thomas v. City of Chattanooga*, 398 F.3d 426, 433 (6th Cir. 2005)). Further, it is well-established that "speculative allegations" regarding a City's alleged custom or policy regarding inadequate training or supervision "fall short of stating a claim against the City." *Id.* In other words, "[w]ith no factual allegations showing a formal policy or any prior incidents to support the City['s] adoption of such an informal practice or custom, [a plaintiff's] *Monell* municipal-liability claim accordingly fails." *Id.*

In his Complaint, Plaintiff merely states as follows:

> Ironton . . . knew or should have known that their training and supervision of their policy makers, employees, and other officers must include clear knowledge of the constitutional nuances relating to their public service. Further, they failed to properly train and supervise their employees to refrain from making unconstitutional actions in violation of the rights of citizens as they have done as described in the foregoing.

Other than these "speculative allegations," Plaintiff has made no factual allegations showing what formal policy the City of Ironton has adopted, nor has he pointed to any prior incidents to support a finding that the City of Ironton has adopted an informal practice or custom. Accordingly, Plaintiff has failed to state a *Monell* Claim against the City of Ironton. *See, e.g., id.*

**F. The Ironton Defendants are entitled to qualified immunity.**

To state a claim for relief under § 1983, "a plaintiff must allege a violation of a right secured by the federal Constitution or laws and must show that the violation was committed by a person acting under color of state law." *Flanory v. Bonn*, 604 F.3d 249, 253 (6th Cir. 2010). Additionally, once a defendant raises the affirmative defense of qualified immunity, the plaintiff bears the burden of demonstrating that the defendant is not, in fact entitled to qualified immunity. *Hall v. Sweet*, 666 Fed.Appx. 469, 474 (6th Cir. 2016) (citing *Rodriguez v. Passinault*, 637 F.3d 675, 689 (6th Cir. 2011)).

Under the doctrine of qualified immunity, "'government officials performing discretionary functions are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would know.'" *Hager v. Pike County Bd. of Educ.*, 286 F.3d 366, 371 (6th Cir. 2002) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727 (1982)). Consequently, the determination of whether qualified immunity shields a defendant involves a two-part inquiry—a court must determine (1) whether the plaintiff suffered a violation of his constitutional rights; and (2) whether the constitutional right in question was a clearly established constitutional right of which a reasonable person would know. *Id.* "These prongs of the qualified immunity test may be addressed in any order." *Godboldo v. County of Wayne*, 686 Fed.Appx. 335, 339 (6th Cir. 2017) (citing *Pearson v. Callahan*, 555 U.S. 223, 236, 129 S.Ct. 808 (2009)). Further, "[t]he burden is on the plaintiff to show that the officials are not entitled to qualified immunity." *Campbell v. Dundee Community Schools*, 661 Fed.Appx. 884, 889 (6th Cir. 2016) (citing *Binay v. Bettendorf*, 601 F.3d 640, 647 (6th Cir. 2010)).

11

As explained herein, the allegations in Plaintiff's Complaint fail to demonstrate that the Ironton Defendants violated a constitutional right, let alone a right that was clearly established. Accordingly, the Ironton Defendants are entitled to qualified immunity.

## III.   CONCLUSION

In light of the foregoing, the Ironton Defendants respectfully request that this Court grant their Motion for Judgment on the Pleadings, and dismiss Plaintiff's claims addressed herein, with prejudice.

Respectfully submitted,

SURDYK, DOWD & TURNER CO., L.P.A.

*/s/ Dawn M. Frick*
Jeffrey C. Turner (0063154)
Dawn M. Frick (0069068)
Benjamin J. Reeb (100018)
8163 Old Yankee Street, Suite C
Dayton, Ohio 45458
(937) 222-2333, (937) 222-1970 (fax)
jturner@sdtlawyers.com
dfrick@sdtlawyers.com
breeb@sdtlawyers.com
*Trial Attorneys for Pam Wagner, Brad Spoljaric, Chance Blankenship, Evan McNight, Robert Fouch, and the City of Ironton, Ohio*

## CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, a copy of which will automatically be forwarded to the parties or their counsel of record and I certify that I have mailed by United States Postal Service the document to the parties not participating in the electronic filing system:

Jose Maria DeCastro
1258 Franklin Street
Santa Monica, CA 90404

*/s/ Dawn M. Frick*
Dawn M. Frick (0069068)

12

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION, CINCINNATI

| | | |
|---|---|---|
| **JOSE MARIA DECASTRO,** | : | **CASE NO. 1:22-cv-00204** |
| | : | |
| **Plaintiff,** | : | **Judge Michael R. Barrett** |
| | : | **Magistrate Judge Stephanie K. Bowman** |
| **v.** | : | |
| | : | **DEFENDANTS PAM WAGNER, BRAD** |
| **PAM WAGNER, *ET AL*.,** | : | **SPOLJARIC, CHANCE BLANKENSHIP,** |
| | : | **EVAN MCNIGHT, ROBERT FOUCH,** |
| **Defendants.** | : | **AND THE CITY OF IRONTON, OHIO'S** |
| | : | **ANSWER TO PLAINTIFF'S FIRST** |
| | | **AMENDED COMPLAINT** |

**JURY DEMAND ENDORSED HEREON**

Now come Defendants Pam Wagner, Brad Spoljaric, Chance Blankenship, Evan McNight, Robert Fouch, and the City of Ironton, Ohio ("the Ironton Defendants"), and for their Answer to Plaintiff's Amended Complaint state as follows:

## I. JURISDICTION AND VENUE

1. Answering Paragraphs 1 and 2, the Ironton Defendants deny any constitutional violations, and therefore deny the allegations contained therein.

## II. PARTIES

### A. Plaintiff

2. Answering Paragraph 3, the Ironton Defendants specifically deny the allegations contained therein.

### B. Defendants

3. Answering Paragraph 4, the Ironton Defendants admit that Pam Wagner is the Chief of Police for the City of Ironton. The Ironton Defendants deny the remaining allegations as written.

4. Answering Paragraphs 5, 6, 7, and 8, the Ironton Defendants admit that Brad Spoljaric, Chance Blankenship, Evan McKnight, and Robert Fouch are law enforcement officers for the City of Ironton Police Department. The Ironton Defendants deny the remaining allegations as written.

## III.   GENERAL FACTUAL ALLEGATIONS

5. Answering Paragraph 9, the Ironton Defendants are without sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the same.

6. Answering Paragraph 10, the Ironton Defendants admit that on Tuesday, March 29, 2022, Plaintiff was present in the Ironton City Center, and that Plaintiff was informed by an Ironton City Center employee that the building was going to be closed and locked at 5:00 pm. The Ironton Defendants deny the remaining allegations contained therein.

7. Answering Paragraph 11, the Ironton Defendants deny the allegations as written. Answering further, the Ironton Defendants specifically deny that Plaintiff provided or served Defendants with a copy of the video he identifies as Exhibit 1.

8. Answering Paragraphs 12 and 13, the Ironton Defendants are without sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the same.

9. Answering Paragraph 14, the Ironton Defendants are without sufficient knowledge and information to form a belief as to the truth of the allegations contained, and therefore deny the same.

10. Answering Paragraph 15, the Ironton Defendants deny the allegations as written.

11. Answering Paragraph 16, the Ironton Defendants specifically deny the allegations contained therein.

12. Answering Paragraph 17, the Ironton Defendants specifically deny the allegations contained therein.

13. Answering Paragraphs 18 and 19, the Ironton Defendants are without sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the same.

14. Answering Paragraphs, 20, 21, 22, 23, and 24, the Ironton Defendants are without sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and therefore deny the same.

## IV.   CAUSES OF ACTION

### CAUSE 1

15. Answering Paragraph 25, the Ironton Defendants incorporate the foregoing admissions and denials by reference herein.

16. Answering Paragraphs 26, 27, and 28, the Ironton Defendants specifically deny the allegations contained therein.

### CAUSE 2

17. Answering Paragraph 29, the Ironton Defendants incorporate the foregoing admissions and denials by reference herein.

18. Answering Paragraph 30, the Ironton Defendants deny the allegations as written.

19. Answering Paragraphs 31 and 32, the Ironton Defendants specifically deny the allegations contained therein.

### CAUSE 3

20. Answering Paragraph 33, the Ironton Defendants incorporate the foregoing admissions and denials by reference herein.

21. Answering Paragraphs 34 and 35, the Ironton Defendants specifically deny the allegations contained therein.

## CAUSE 4

22. Answering Paragraph 36, the Ironton Defendants incorporate the foregoing admissions and denials by reference herein.

23. Answering Paragraphs 37 and 38, the Ironton Defendants specifically deny the allegations contained therein.

24. The Ironton Defendants deny any and all allegations not otherwise specifically admitted or denied herein.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff's claims may be barred by the *Heck v. Humphrey* doctrine. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

3. Plaintiff's claims may be barred by the doctrines of estoppel, issue preclusion, claim preclusion, res judicata, laches, unclean hands, waiver and/or the statute of limitations.

4. The Ironton Defendants state that there may have been an insufficiency of process and an insufficiency of service of process on the Ironton Defendants.

5. Plaintiff has failed to mitigate damages, if any, that he may have suffered.

6. At all times the Ironton Defendants acted reasonably, lawfully and in good faith, and had reasonable grounds for believing that their conduct did not violate any federal or statutory provisions.

7. At all times the Ironton Defendants acted in accordance with the U.S. Constitution, the Ohio Constitution, all Ohio statutory provisions, and all state and local laws relative thereto.

8.  The Ironton Defendants state that Plaintiff suffered no compensable damage as a result of any alleged actions of Defendants, which are specifically denied.

9.  The Ironton Defendants do not maintain an unconstitutional custom, policy, or practice.

10. The Ironton Defendants are absolutely and or qualifiedly immune from suit under both federal and state law.

11. The Ironton Defendants state that at all times, they have acted reasonably, lawfully, in good faith, and without malice.

12. The Ironton Defendants state that if, in fact, they performed any wrongful acts, which are specifically denied, such acts were not performed intentionally, knowingly, purposely, willfully, wantonly, recklessly, maliciously, in bad faith, or with animus or ill-will.

13. All actions taken by the Ironton Defendants were in compliance with all laws, were privileged, and absolutely privileged.

14. The injuries and damages allegedly sustained by Plaintiff are the direct and proximate result of the conduct and actions of Plaintiff.

15. The injuries and damages allegedly sustained by Plaintiff are the direct and proximate result of the independent actions of Plaintiff or other third parties over whom the Ironton Defendants had no control.

16. Plaintiff has failed to mitigate his damages.

17. The Defendants state that any damages awarded in this matter may be subject to setoff.

18. Plaintiff's claim for punitive/exemplary damages is in violation of the Ohio and United States Constitutions, state, federal and the common law.

19. The Ironton Defendants give notice that they intend to assert and rely upon all affirmative defenses, immunities, avoidances, counterclaims, cross-claims, and third party claims that

become available or apparent during the course of discovery or trial, and thereby reserve the right to amend their Answer to assert such defenses.

**WHEREFORE**, the Ironton Defendants request that this Honorable Court dismiss Plaintiff's Complaint with an Order that Defendants' attorney fees and costs be paid as provided under applicable law.

Respectfully submitted,

SURDYK, DOWD & TURNER CO., L.P.A.

*/s/ Dawn M. Frick*
Jeffrey C. Turner (0063154)
Dawn M. Frick (0069068)
Nathaniel W. Rose (0099458)
8163 Old Yankee Street, Suite C
Dayton, Ohio 45458
(937) 222-2333, (937) 222-1970 (fax)
jturner@sdtlawyers.com
dfrick@sdtlawyers.com
nrose@sdtlawyers.com
*Trial Attorneys for Pam Wagner, Brad Spoljaric, Chance Blankenship, Evan McNight, Robert Fouch, and the City of Ironton, Ohio*

## JURY DEMAND

Defendants hereby demand a trial by jury on those claims to which it is entitled.

*/s/ Dawn M. Frick*
Dawn M. Frick (0069068)

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, a copy of which will automatically be forwarded to the parties or their counsel of record and I certify that I have mailed by United States Postal Service First Class mail and by electronic mail, the document to the parties not participating in the electronic filing system:

Jose Maria DeCastro
1258 Franklin Street
Santa Monica, CA 90404
iamalaskan@gmail.com

/s/ Dawn M. Frick
Dawn M. Frick (0069068)

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION, CINCINNATI

| | | |
|---|---|---|
| JOSE MARIA DECASTRO, | : | **CASE NO. 1:22-cv-00204** |
| | : | |
| Plaintiff, | : | **Judge Michael R. Barrett** |
| | : | **Magistrate Judge Stephanie K. Bowman** |
| v. | : | |
| | : | **DEFENDANTS PAM WAGNER, BRAD** |
| PAM WAGNER, ET AL., | : | **SPOLJARIC, CHANCE BLANKENSHIP,** |
| | : | **EVAN MCNIGHT, ROBERT FOUCH,** |
| Defendants. | : | **AND THE CITY OF IRONTON, OHIO'S** |
| | : | **MOTION FOR JUDGMENT ON THE** |
| | | **PLEADINGS** |

---

Now come Defendants Pam Wagner, Brad Spoljaric, Chance Blankenship, Evan McNight, Robert Fouch, and the City of Ironton, Ohio ("the Ironton Defendants"), by and through counsel, and hereby move this Honorable Court for an Order granting them judgment on the pleadings, pursuant to Fed.R.Civ.P. 12(c). The Ironton Defendants' arguments in support of this request are set forth more fully herein.

Respectfully submitted,

SURDYK, DOWD & TURNER CO., L.P.A.

*/s/ Dawn M. Frick*
Jeffrey C. Turner (0063154)
Dawn M. Frick (0069068)
Nathaniel W. Rose (0099458)
8163 Old Yankee Street, Suite C
Dayton, Ohio 45458
(937) 222-2333, (937) 222-1970 (fax)
jturner@sdtlawyers.com
dfrick@sdtlawyers.com
nrose@sdtlawyers.com
*Trial Attorneys for Pam Wagner, Brad
Spoljaric, Chance Blankenship, Evan
McNight, Robert Fouch, and the City of
Ironton, Ohio*

## MEMORANDUM IN SUPPORT

### I.   INTRODUCTION AND PROCEDURAL HISTORY

Plaintiff Jose DeCastro ("Plaintiff"), proceeding pro se, filed his original complaint in the instant case on April 13, 2022. The Complaint names the following Defendants: Pam Wagner, Brad Spoljaric, Chance Blankenship, Evan McKnight, Robert Fouch, City of Ironton ("the Ironton Defendants"), as well as Major Chapman, Jane Doe, Lawrence County, Ohio ("the Lawrence County Defendants"). The Ironton Defendants filed their Answer and served Mr. DeCastro at the address listed in the caption on his Complaint on May 11, 2022. (See Exh. A)  The Lawrence County Defendants filed a Motion to Dismiss on May 11, 2022, and the Ironton Defendants filed a Motion for Judgment on the Pleadings on June 21, 2022 (Doc. 13) and again, served it on Plaintiff at the address identified in his Complaint. (See Exh. B.)  Plaintiff never filed a response to either of these motions, and as such, this Court issued two separate Orders to Show Cause, one on June 29 (regarding the Lawrence County Defendants' Motion to Dismiss, Doc. 16) and on July 21, 2022 (regarding the Ironton Defendants' Motion for Judgment on the Pleadings, Doc. 17). Plaintiff filed a Response to the Court's Order to Show Cause on August 11, 2022. (Doc. 18.) However, before the Ironton Defendants had an opportunity to respond, on August 15, 2022, this Court entered an Order indicating that it construed Plaintiff's response as being responsive to both Orders to Show Cause. (Doc. 19.)  The Order further indicated that Plaintiff would be granted a thirty-day extension of time to respond to Defendants' pending dispositive motions, or in the alternative, to file his first amended complaint. Plaintiff filed his First Amended Complaint on September 15, 2022. (Doc. 20).  However, the Amended Complaint was apparently manually filed and its exhibits, which included a USB drive, were not served upon the Ironton Defendants.

1

Like Plaintiff's original Complaint, Plaintiff's Amended Complaint names the Ironton Defendants as parties to the suit. However, Plaintiff's Amended Complaint does not name the Lawrence County Defendants, and it appears Plaintiff has eliminated his claims against the Lawrence County Defendants. The facts alleged in Plaintiff's Amended Complaint are nearly identical to the original Complaint. Those facts are set forth below.

Plaintiff is a self-proclaimed "videographer, vlogger, and civil rights activists [sic] who has been video recording publishing his recordings, edited and unedited, on media forums such as, YouTube, Facebook, Instagram, and the like since approximately 2020." (Doc. 20, PageID 134). Plaintiff claims that the financial benefit from his postings serves as an essential economic support for him. (Id.).

Plaintiff alleges that on Tuesday, March 29, 2022, Plaintiff (who is not a resident of Ironton, Ohio) and fourteen other individuals entered Ironton City Hall (i.e., Ironton City Center) at approximately 4:00 p.m. (Id.). Although in his original Complaint, Plaintiff claimed that he and the other individuals were present at the City Center to engage in a "peaceful protest," in his Amended Complaint, he claims that he and the others were there "waiting hours for a permit to use one of the rooms for a constitutional teaching session." (Doc. 1, PageID 7) (Doc. 20, PageID 134). Plaintiff alleges that at approximately 5:00 p.m., a City of Ironton employee informed him that the Ironton City Center was closing and going to be locked. (Doc. 20, PageID 134-135). Despite this, Plaintiff remained on the property. Then, according to Plaintiff, Plaintiff was approached by Ironton Police Chief, Pam Wagner, who ordered Plaintiff to "cease and desist his disorderly conduct." (Id., PageID 135). After failing to comply and leave the building, Plaintiff was arrested by Ironton Police Officers Spoljaric, Blankenship, McKnight, and Fouch. (Id.). Then, according to Plaintiff, he "was taken to the booking area where several criminal charges were

brought against him" and he "was patted down, his person searched, and personal property including his wallet, car key, and other items, including his iPhone 12 Max Pro were taken." (Id.).

Plaintiff then alleges that after posting bond approximately two hours later, he was released, at which time his personal property was returned to him with the exception of his iPhone 12 Max Pro. (Id.). On April 1, 2022, Judge Kevin Waldo issued an Entry in Plaintiff's criminal Case No. 22CRB211A, B, C, that the "officer or officers had probable cause to take the phone." (Exh. C.) Plaintiff claims to have made several demands to the Ironton Police Department for the return of his cell phone, including a formal demand that he claims he delivered to the Ironton Police Department on 4/5/22. (Id., PageID 136). He also filed a Complaint for Replevin in Ironton Municipal Court Case No. CVH2200076 on April 4, 2022, as reflected by Exhibit D attached hereto. Additionally, in an Entry by Judge Kevin J. Waldo in that case (which is attached hereto as Exhibit E), [1] the Court notes that Plaintiff was returned his iPhone 12 Max by Ironton Police Department representative, Pam Wagner. That Entry further notes that after Plaintiff obtained possession of the iPhone, "no evidence was presented as to any damages," and thus, the case was dismissed with prejudice. Although there has never before been any reports of Plaintiff's iPhone being damaged, and Plaintiff did not raise any such concerns during the replevin hearing, Plaintiff now claims in his Amended Complaint that his iPhone was returned "in a damaged state." (Doc. 20, PageID 136). Specifically, Plaintiff notes that "[u]pon immediate inspection" of his iPhone when it was returned, he "observed that the sim card and tray were missing and that the area of insert was damaged." (Id.). Despite claiming that he noticed said damages immediately upon its

---

[1] It is appropriate to consider Exhibits C, D and E, on the Ironton Defendants' Rule 12(c) Motion because it is well-established in the Sixth Circuit that, on a Rule 12(b)(6) or 12(c) motion, "the 'court may take judicial notice of other court proceedings without converting the motion into one for summary judgment.'" *Scott v. Reif*, 659 Fed.Appx. 338, 342 (6th Cir. 2016) (quoting *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816 (6th Cir. 2020)).

return, it is quite puzzling that the Replevin Entry notes that after the phone was returned to Plaintiff, "no evidence was presented as to any damages." (Exhibit E). Furthermore, Plaintiff also now claims for the first time that the Ironton Defendants "searched the contents of [Plaintiff's] cell phone." (Doc. 20, PageID 138). However, besides this baseless assertion, Plaintiff alleges no facts to support this.

Like Plaintiff's original Complaint, Plaintiff's Amended Complaint sets forth four causes of action against the Ironton Defendants: Cause 1 – alleged violation of the Fourth Amendment; Cause 2 – alleged violation of the Fourteenth Amendment (Due Process); Cause 3 – alleged violation of the First Amendment; and Cause 4 – *Monell* claim. Although Causes 1-3 are nearly identical to those set forth in Plaintiff's original Complaint, it should be noted that Cause 4, the *Monell* claim, is now based on an alleged custom, policy, or practice as opposed to a failure to train and supervise. As explained herein, with regard to all of the causes of action against the Ironton Defendants, Plaintiff has failed to state a claim upon which relief can be granted.

## II.   LAW AND ARGUMENT

### A. Standard of Review

Under the Federal Rules of Civil Procedure, "after the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). Judgment may be granted under Rule 12(c) where the moving parties clearly establish that no material issue of fact remains to be resolved and that they are entitled to judgment as a matter of law. *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007). A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard of review as a motion under Rule 12(b)(6). *Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692, 697 (6th Cir. 2005).

In addition, it is well settled that, in presenting a complaint, "[t]hreadbare recital of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). Although the court must accept well-pleaded allegations of the complaint as true for purposes of a motion to dismiss, the court is not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). Specifically, "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' provide insufficient grounds for entitlement to relief." *Huffer v. Bogen*, 503 Fed.Appx. 455, 461 (6th Cir. 2012) (quoting *Twombly*, 550 U.S. at 555). "What *Twombly* and *Iqbal* do require is that plaintiffs provide factual allegations from which a court may plausibly infer a cause of action." *Gross v. Nationwide Credit, Inc.*, Case No. 1:10-CV-00738, 2011 WL 379167, *3 (S.D. Ohio Feb. 2, 2011).

### B. Plaintiff has failed to state a claim for relief under the Fourth Amendment.

The Fourth Amendment guarantees "that government officials may not subject citizens to searches or seizures without proper authorization," and therefore, "[a] person who has been the victim of an unlawful arrest or wrongful seizure under the color of law has a claim based on [this Amendment." *Brooks v. Rothe*, 577 F.3d 701, 706 (6th Cir. 2009). "[A] warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed." *Devenpeck v. Alford*, 543 U.S. 146, 152, 125 S.Ct. 588 (2004). "[T]he validity of the arrest does not depend on whether the suspect actually committed the crime. . . ." *Michigan v. DeFillippo*, 443 U.S. 31, 36, 99 S.Ct. 2627 (1979). As a result, "in order for a wrongful arrest claim to succeed under § 1983, a plaintiff must prove that the police lacked probable cause." *Fridley v. Horrighs*, 291 F.3d 867, 872 (6th Cir. 2002).

"Probable cause exists if the facts and circumstances known to the officer warrant a prudent man in believing that the offense has been committed." *Logsdon v. Hains*, 492 F.3d 334, 341 (6th

Cir. 2007) (quoting *Henry v. United States*, 361 U.S. 98, 102, 80 S.Ct. 168 (1959)). The probable cause inquiry "'depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest,' where supported by 'reasonably trustworthy information'" *Id.* (citation omitted). An officer who intends to execute a warrantless arrest is not tasked with an overly-burdensome duty to investigate." *Id.* In initially determining probable cause, an officer need not "investigate independently every claim of innocence." *Id.* (citing *Gardenhire v. Schubert*, 205 F.3d 303, 318 (6th Cir. 2000)). "And after the officer determines, on the basis of the facts and circumstances known to him, that probable cause exists, the officer has no further duty to investigate or to search for exculpatory evidence." *Id.*

"Authorization for an arrest typically depends on state law." *Skovgard v. Pedro*, 448 Fed.Appx. 538, 544 (6th Cir. 2011) (citing *Logsdon*, 492 F.3d at 341). Here, Plaintiff was initially arrested for criminal trespass. The criminal trespass statute in Ohio provides as follows:

(A) No person, without privilege to do so, shall do any of the following:

   (1) Knowingly enter or remain on the land or premises of another;

   (2) Knowingly enter or remain on the land or premises of another, the use of which is lawfully restricted to certain persons, purposes, modes, or hours, when the offender knows the offender is in violation of any such restriction or is reckless in that regard;

   (3) Recklessly enter or remain on the land or premises of another, as to which notice against unauthorized access or presence is given by actual communication to the offender, or in a manner prescribed by law, or by posting in a manner reasonably calculated to come to the attention of potential intruders, or by fencing or other enclosure manifestly designed to restrict access;

   (4) Being on the land or premises of another, negligently fail or refuse to leave upon being notified by signage posted in a conspicuous place or otherwise being notified to do so by the owner or occupant, or the agent or servant of either;

   (5) Knowingly enter or remain on a critical infrastructure facility.

O.R.C. § 2911.21(A)(1)-(5). Further, Section 2911.21(B) provides that "[i]t is no defense to a charge under this section that the land or premises involved was owned, controlled, or in custody of a public agency." Finally, the Ohio Revised Code defines "privilege" as "an immunity, license, or right conferred by law, bestowed by express or implied grant, arising out of status, position, office, or relationship, or growing out of necessity." *Id.* § 2901.01(A)(12). "'Ohio courts construe the lack-of-privilege requirement as an element of the offense of criminal trespass, and not an affirmative defense.'" *Skovgard*, 448 Fed.Appx. at 544 (quoting *Logsdon*, 492 F.3d at 342).

Here, the Ironton Defendants had probable cause to arrest Plaintiff. The Ironton Defendants arrested Plaintiff after the office was closed for the day. Furthermore, it is undisputed that Plaintiff knew that the Office was closed at the time of his arrest. For instance, in his Complaint, Plaintiff acknowledges that "[a]t approximately 5 p.m. a City of Ironton employee announced that the building was going to be closed and locked." (Doc. 20, PageID 134-135). He further acknowledges that Chief Wagner first approached him in the City Center at 5:03 p.m., and that Wagner warned him to leave prior to arresting him. (Id., PageID 135). Thus, by Plaintiff's own admission, he remained on the property after closing and refused to leave when told to do so. Therefore, the Ironton Defendants had probable cause to place Plaintiff under arrest.

Also, Plaintiff cannot demonstrate that he had any privilege to remain at the Ironton City Center after closing. In his Complaint, Plaintiff alleges as follows: the Ironton Defendants "failed to comply with the state of Ohio peaceful protest statutes, policies, and procedures when they encountered plaintiff on 3/29/22. Instead of directing and escorting plaintiff out of the building per the statutes, these defendants chose to make an arrest." (Id., PageID 138). However, Plaintiff has not identified any statute that would permit his conduct because no such statute exists. Thus, without any privilege to remain on the property, this further affirms that the Ironton Defendants

had probable cause to arrest Plaintiff. Accordingly, Plaintiff has failed to state a viable Fourth Amendment claim under § 1983.

### C. Plaintiff has failed to state a claim for relief under the Fourteenth Amendment.

The Fourteenth Amendment provides, in part, that "[n]o State shall ... deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. The Due Process Clause contains both a procedural and a substantive component. To present a procedural due process claim under 42 U.S.C. § 1983, the plaintiff must "show that the defendant acted under the color of state law to deprive the plaintiff of a definite liberty or property interest." *Mich. Paytel Joint Venture v. City of Detroit*, 287 F.3d 527, 539 (6th Cir. 2002). However, "[i]n order to assert such a claim, [a plaintiff] must first 'plead . . . that state remedies for redressing the wrong are inadequate'" *Buchanan v. Reeve*, 2005 WL 1652188, *9 (S.D. Ohio Apr. 8, 2005) (quoting *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir.1983), cert denied, 469 U.S. 834, 105 S.Ct. 125, 83 L.Ed.2d 67 (1984)). Additionally, when a plaintiff fails to allege any facts indicating that his remedies under Ohio law to redress the wrong complained of are inadequate, he has failed to state a due process claim that is actionable in a § 1983 proceeding. *Id.*

Here, Plaintiff's due process claim pertains to his allegation that the Ironton Defendants have withheld his iPhone from him. Nevertheless, Plaintiff has failed to allege any facts indicating that his remedies under Ohio law are inadequate to redress this alleged wrong. The Sixth Circuit has specifically held that state remedies, such as replevin proceeding under state law, is an adequate remedy for individuals seeking property that has been seized by police. *International Metal Trading Inc. v. City of Romulus, Mich.*, 438 Fed.Appx. 460, 463 (6th Cir. 2011). Plaintiff, did in fact, file a replevin action against Ironton Police Department in Ironton Municipal Court Case No. CVH2200076. Exhibit D, which attached hereto. Furthermore, Exhibit E, which is

8

attached hereto, is an Entry by Judge Kevin J. Waldo in Plaintiff's replevin action. That Entry states, in relevant part:

> The Court observed the Defendant, Ironton Police Department representative, Pam Wagner, return to the Plaintiff, Jose DeCastro, the IPhone 12 Max, subject of the Replevin action, herein.
>
> Therefore, the Plaintiff has obtained possession of the subject property and no evidence was presented as to any damages, thus, the case herein, is **DISMISSED** with prejudice.

Thus, Plaintiff not only filed a Replevin action, but said action proved to be adequate, as Plaintiff has re-gained possession of his iPhone 12 Max.[2]

Accordingly, because Plaintiff has failed to allege any facts indicating that his remedies under Ohio law to redress the wrong complained of are inadequate, he has failed to state a due process claim that is actionable in a § 1983 proceeding.

### D. ,Plaintiff has failed to state a claim for relief under the First Amendment.

Plaintiff's First Amendment claim is based on his allegation that the Ironton Defendants have "kept [Plaintiff's] main recording device from him" "[i]n order to impede, stop, otherwise deter [Plaintiff] from filming public officials, conducting and recording interviews, and other investigatory filming." (Doc. 20, PageID 139). While courts have held that there is a First Amendment right to film police officers, those cases have dealt with situations where a Plaintiff was prevented from recording while engaged in lawful activities or pursuant to some statute or regulation. *See Crawford v. Geiger*, 996 F.Supp.2d 603, 614-15 (N.D. Ohio 2014) (collecting cases).

---

[2] As previously explained herein, it is appropriate for the Court to consider Exhibits A and B on a Rule 12(C) Motion without converting the Motion into one for Summary Judgment. *See supra* page 3, note 1. Nevertheless, even without considering Exhibits D and E, the result would still be the same. It is not determinative that Plaintiff did in fact file a Replevin action; rather, what is determinative is the fact that such an action is available to him, and that such an action is an adequate state law remedy. *See, e.g.*, *International Metal Trading Inc. v. City of Romulus, Mich.*, 438 Fed.Appx. 460, 463 (6th Cir. 2011).

Here, Plaintiff was not able to engage in recording activities because his cell phone was seized pursuant to a lawful arrest that had nothing to do with his recording activities. Thus, although Plaintiff's third cause of action is couched as a "1st Amendment" claim, it is actually indistinguishable from his due process claim pertaining to the seizure of his cell phone. And, as previously explained, Plaintiff has failed to state a due process claim that is actionable under § 1983 because he has failed to allege any facts indicating that his remedies under Ohio law to redress the wrong complained of (i.e., regain possession of his cell phone) are inadequate.

### E. Plaintiff has failed to state a claim for relief under *Monell* against the City of Ironton.

Plaintiff's *Monell* claim is based on his allegation that the City of Ironton "promulgated the custom practice or policies which enables officers like the defendants to target proponents of First Amendment protected activities, i.e. recording public officials in the City of Ironton and arrest them, unlawfully search, seize and permanently damage recording devices to deter said protected activities." (Doc. 20, PageID 140). However, "[t]here can be no liability under *Monell* without an underlying constitutional violation." *Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014) (citing *Scott v. Clay Cnty., Tenn.*, 205 F.3d 867, 879 (6th Cir. 2000)). As explained herein, Plaintiff has failed to state a constitutional violation under all of his theories of liability. As such, without being able to show an underlying constitutional violation, Plaintiff's *Monell* claim is also without merit. *Id.* Nevertheless, even if Plaintiff were able to show an underlying constitutional violation, Plaintiff has failed to adequately state a *Monell* claim against the City of Ironton.

"'A plaintiff raising a municipal liability claim under § 1983 must demonstrate that the alleged federal violation occurred because of a municipal policy or custom.'" *Bickerstaff v. Lucarelli*, 830 F.3d 388, 401-02 (6th Cir. 2016) (quoting *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013)). "This means that the plaintiff must show "'a direct causal link' between the policy

10

and the alleged constitutional violation such that the [municipal policy] can be deemed the 'moving force' behind the violation.'" *Id.* at 402 (quoting *Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 383 (6th Cir. 2004)). A Plaintiff can establish an illegal policy or custom by showing one of the following: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision-making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess*, 735 F.3d at 478.

Here, Plaintiff's *Monell* claim appears to fall under either the first or fourth category of *Monell* claims identified above. To prevail under the first category—the policy or legislative enactment category, "a plaintiff must 'identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy.'" *Jackson v. City of Cleveland*, 925 F.3d 793, 829 (6th Cir. 2019) (quoting *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). However, when proceeding under this theory, "the plaintiff must show that there were 'formal rules or understandings—often but not always committed to writing—that [were] intended to, and [did], establish fixed plans of action to be followed under similar circumstances consistently and over time.'" *Id.* (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-81 (1986).

With regard to the first category (i.e., policy or legislative enactment) Plaintiff has failed to state a viable *Monell* claim. Although Plaintiff claims that the Ironton Defendants have a policy of "targeting proponents of First Amendment protected activities," Plaintiff has not, nor could he, point to any "formal rules or understanding," written or unwritten, "establish[ing] fixed plans of action to be followed under similar circumstances consistently and over time." *Id.* (quoting

11

*Pembaur* 475 U.S. at 480-81). Accordingly, Plaintiff has clearly failed to state a claim under the first theory of *Monell* liability.

To prevail under the fourth category—i.e., the existence of a custom of tolerance or acquiescence of federal rights violations—a plaintiff must satisfy the following four-prong test: "(1) a 'clear and persistent pattern' of misconduct, (2) notice or constructive notice on the part of the municipality, (3) the defendant's tacit approval of the misconduct, and (4) a direct causal link to the violations." *Griham v. City of Memphis Tennessee*, 2022 WL 989175, *6 (W.D. Tenn.) (quoting *Nouri v. County of Oakland*, 615 Fed.Appx. 291, 296 (6th Cir. 2015)). Inevitably, to succeed under this theory, a Plaintiff's Complaint must contain "allegations of . . . similar incidents." *Nouri* at 296. In other words, when a plaintiff "has only his own experience on which to rely, . . . that is not enough to state a claim." *Id.*

Here, Plaintiff also fails to state a viable *Monell* claim under the fourth category (i.e., custom of tolerance or acquiescence). Plaintiff attempts to establish a custom based solely on his own experience. And as previously indicated, the Sixth Circuit in *Nouri* explicitly held that such an approach "is not enough to state a claim." *Id.* Accordingly, because Plaintiff has failed to satisfy the necessary requirements for a *Monell* claim under any theory of liability, his *Monell* claim must be dismissed.

**F. The Ironton Defendants are entitled to qualified immunity.**

To state a claim for relief under § 1983, "a plaintiff must allege a violation of a right secured by the federal Constitution or laws and must show that the violation was committed by a person acting under color of state law." *Flanory v. Bonn*, 604 F.3d 249, 253 (6th Cir. 2010). Additionally, once a defendant raises the affirmative defense of qualified immunity, the plaintiff bears the burden of demonstrating that the defendant is not, in fact entitled to qualified immunity. *Hall v. Sweet*,

12

666 Fed.Appx. 469, 474 (6th Cir. 2016) (citing *Rodriguez v. Passinault*, 637 F.3d 675, 689 (6th Cir. 2011)).

Under the doctrine of qualified immunity, "'government officials performing discretionary functions are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would know.'" *Hager v. Pike County Bd. of Educ.*, 286 F.3d 366, 371 (6th Cir. 2002) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727 (1982)). Consequently, the determination of whether qualified immunity shields a defendant involves a two-part inquiry—a court must determine (1) whether the plaintiff suffered a violation of his constitutional rights; and (2) whether the constitutional right in question was a clearly established constitutional right of which a reasonable person would know. *Id.* "These prongs of the qualified immunity test may be addressed in any order." *Godboldo v. County of Wayne*, 686 Fed.Appx. 335, 339 (6th Cir. 2017) (citing *Pearson v. Callahan*, 555 U.S. 223, 236, 129 S.Ct. 808 (2009)). Further, "[t]he burden is on the plaintiff to show that the officials are not entitled to qualified immunity." *Campbell v. Dundee Community Schools*, 661 Fed.Appx. 884, 889 (6th Cir. 2016) (citing *Binay v. Bettendorf*, 601 F.3d 640, 647 (6th Cir. 2010)).

As explained herein, the allegations in Plaintiff's Complaint fail to demonstrate that the Ironton Defendants violated a constitutional right, let alone a right that was clearly established. Accordingly, the Ironton Defendants are entitled to qualified immunity.

## III.  CONCLUSION

In light of the foregoing, the Ironton Defendants respectfully request that this Court grant their Motion for Judgment on the Pleadings, and dismiss Plaintiff's claims addressed herein, with prejudice.

Respectfully submitted,

SURDYK, DOWD & TURNER CO., L.P.A.

*/s/ Dawn M. Frick*
Jeffrey C. Turner (0063154)
Dawn M. Frick (0069068)
Nathaniel W. Rose (0099458)
8163 Old Yankee Street, Suite C
Dayton, Ohio 45458
(937) 222-2333, (937) 222-1970 (fax)
jturner@sdtlawyers.com
dfrick@sdtlawyers.com
nrose@sdtlawyers.com
*Trial Attorneys for Pam Wagner, Brad*
*Spoljaric, Chance Blankenship, Evan*
*McNight, Robert Fouch, and the City of*
*Ironton, Ohio*

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, a copy of which will automatically be forwarded to the parties or their counsel of record and I certify that I have mailed by United States Postal Service First Class mail and by electronic mail, the document to the parties not participating in the electronic filing system:

Jose Maria DeCastro
1258 Franklin Street
Santa Monica, CA 90404
iamalaskan@gmail.com

*/s/ Dawn M. Frick*
Dawn M. Frick (0069068)

14

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION, CINCINNATI

| | |
|---|---|
| JOSE MARIA DECASTRO, | : CASE NO. 1:22-cv-00204 |
| | : |
| Plaintiff, | : Judge Michael R. Barrett |
| | : Magistrate Judge Stephanie K. Bowman |
| v. | : |
| | : **DEFENDANTS PAM WAGNER, BRAD** |
| PAM WAGNER, ET AL., | : **SPOLJARIC, CHANCE** |
| | : **BLANKENSHIP, EVAN MCNIGHT,** |
| Defendant. | : **ROBERT FOUCH, AND THE CITY OF** |
| | : **IRONTON, OHIO'S NOTICE OF** |
| | **SUBSTITUTION OF COUNSEL** |

Notice is hereby given that Nathaniel W. Rose of Surdyk, Dowd & Turner Co., L.P.A. is substituted for Benjamin J. Reeb as trial counsel for Defendants Pam Wagner, Brad Spoljaric, Chance Blankenship, Evan McNight, Robert Fouch, and the City of Ironton, Ohio in the above-captioned case. Jeffrey C. Turner and Dawn M. Frick remain as Trial Counsel.

Respectfully submitted,

*/s/ Nathaniel W. Rose*
Jeffrey C. Turner (0063154)
Dawn M. Frick (0069068)
Nathaniel W. Rose (0099458)
8163 Old Yankee Street, Suite C
Dayton, Ohio 45458
(937) 222-2333, (937) 222-1970 (fax)
jturner@sdtlawyers.com
dfrick@sdtlawyers.com
nrose@sdtlawyers.com
*Trial Attorneys for Pam Wagner, Brad*
*Spoljaric, Chance Blankenship, Evan*
*McNight, Robert Fouch, and the City of*
*Ironton, Ohio*

Approved:

*/s/ Benjamin J. Reeb (100018) per verbal*
*approval*

## CERTIFICATE OF SERVICE

     I hereby certify that on September 29, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, a copy of which will automatically be forwarded to the parties or their counsel of record and I certify that I have mailed by United States Postal Service First Class Mail and electronic mail the document to the parties not participating in the electronic filing system:

     Jose Maria DeCastro
     1258 Franklin Street
     Santa Monica, CA 90404
     iamalaskan@gmail.com

                            */s/ Nathaniel W. Rose*_____
                            Nathaniel W. Rose (0099458)