UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JOSE MARIA DECASTRO, | : |
| | : Case No. 1:22-cv-204 |
| PLAINTIFF, | : |
| | : |
| v. | : JUDGE BARRETT |
| | : |
| PAM WAGNER, *et al.*, | : MAGISTRATE JUDGE BOWMAN |
| | : |
| DEFENDANTS. | : |

### LAWRENCE COUNTY DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE RESPONSE

This pro se action was filed on April 22, 2022. (Doc. #: 1). On May 11, 2022, Defendants Lawrence County, Major Chapman, and Jane Doe (hereinafter, "Lawrence County Defendants") filed a Motion to Dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). (Doc. #: 8).

S.D. Ohio Civ.R. 7.2(a)(2) provides that a memorandum in opposition "shall be filed within twenty-one (21) days after the date of service of the motion." However, more than 21 days elapsed from the date of service of the Lawrence County Defendants' motion, and Plaintiff failed to file a response. Thereafter, on June 29, 2022, this Court's Order to Show Cause (Doc. #: 16) provided the following, in pertinent part:

> Plaintiff is hereby **ORDERED TO SHOW CAUSE**, in writing on or before July 22, 2022, why Defendants Lawrence County, Major Chapman and Jane Doe's motion to dismiss (doc. 8) should not be construed as unopposed and granted for the reasons stated. Plaintiff may also satisfy the requirements of this Order by filing a responsive memorandum to Defendants' motion by the July 22, 2022 deadline.
>
> Failure to timely comply with this Order will result in the pending motion being granted as unopposed for the reasons stated therein.

Plaintiff failed to file a response to this Court's Order to Show Cause or file a responsive memorandum to the Lawrence County Defendants' motion to dismiss by July 22, 2022.

On August 11, 2022, Plaintiff filed a Response to this Court's Order to Show Cause. (Doc. #: 18). The aforesaid Response provided that Plaintiff, until July 27, 2022, did not receive any filings in this matter. (Doc. #: 18, ¶ 2). Plaintiff claims that "[o]n July 28, 2022, Plaintiff received this court's order to show cause, *Dkt. #17*, as the first item he has received from anyone relating to this action." (Doc. #: 18, ¶ 4). As a result, Plaintiff requested that the case not be dismissed and to be granted the "opportunity to pursue his case on the merits." (Doc. #: 18, ¶ 6).

On August 15, 2022, this Court's Order granted Plaintiff a 30-day extension, from the date of the Order, to respond to the Lawrence County Defendants' Motion to Dismiss and the City of Ironton Defendants' Motion for Judgment on the Pleadings. (Doc. #: 19). The aforesaid Order also rescinded the June 29 and July 21, 2022 Orders to Show Cause. (Doc. #: 19).

Plaintiff was required, per the Order dated August 15, 2022, to file his responses to Defendants' pending dispositive motions or file an amended complaint by September 14, 2022. One day after this deadline, Plaintiff filed an Amended Complaint. (Doc. #: 20). Five days later, on September 20, 2022, a Motion to Dismiss was filed by the Lawrence County Defendants. (Doc. #: 21).

Plaintiff once again failed to timely response, and on October 24, this Court entered an Order to Show Cause ordering Plaintiff to show cause, in writing, on or before November 17, 2022, as to why the Lawrence County Defendants' Motion to Dismiss should not be construed as unopposed and granted for the reasons stated. (Doc. #: 25). The Order further provided that "Plaintiff may also satisfy the requirements of this Order by filing a responsive memorandum to

Defendants motion by the 11/17/2022 deadline. Failure to timely comply with this Order will result in the pending motion being granted as unopposed for the reasons stated therein." (Doc. #: 25).

On December 6, 2022, this Court's Order granted Defendants' Motion to Dismiss and "closed and terminated" this case from the Court's active docket. (Doc. #: 27). On December 7, Plaintiff filed a Motion for Leave to File Response Two Days Late. (Doc. #: 29). Attached to the Motion for Leave is Plaintiff's Response in Opposition to Defendants' Motion for Judgment on the Pleadings.[1] (Doc. #: 29-1). For the reasons set forth below, Defendants respectfully request this Court deny Plaintiff's Motion for Leave to file a response in opposition.

### I. Plaintiff's Motion For Leave Should Be Denied Because A 2-Day Extension Fails To Meet The Deadlines Set Forth In The Orders To Show Cause.

Plaintiff's Motion for Leave (Doc. #: 29) claims that he is making a "request for a 2-day enlargement of time to file his Response to Defendant's Motion for Judgment on the Pleadings and which also answers the Order to Show Cause DOC# 20." (Doc. #: 29, PAGEID #: 229). Plaintiff further avers that he "sent his Response to Defendant's Motion for Judgment on the Pleadings to his process server for filing and they arrived at the Court late for filing in person on Monday December 5th, which is within the deadline for responding." (Doc. #: 29, PAGEID #: 230). However, the Orders to Show Cause required Plaintiff to respond to the Lawrence County Defendants' Motion to Dismiss by November 17, 2022 (Doc. #: 25), and respond to the City of Ironton Defendants' Motion for Judgment on the Pleadings by November 30, 2022 (Doc. #: 26). Therefore, Plaintiff's request for a "2-day enlargement" fails to meet the deadlines set forth in the

---

[1] Plaintiff's Response in Opposition notes that "[a]lthough Defendants filed a Motion to Dismiss, an Answer, and a Motion for Judgment on the Pleadings in response to Plaintiff's First Amended Complaint, this filing is responsive to all three of the aforementioned documents." (Doc. #: 29-1). Plaintiff's Certificates of Service only set forth counsel for the Ironton City Defendants. (Doc. #: 29, 29-1). However, the Ironton City Defendants filed the Motion for Judgment on the Pleadings, and the Lawrence County Defendants filed the Motion to Dismiss. Thus, because it is unclear whether the Response in Opposition is directed towards the Lawrence County Defendants, the undersigned counsel believes it is appropriate to respond to Plaintiff's Motion for Leave.

Orders to Show Cause.

## II. Plaintiff's Motion For Leave Should Be Denied Because He Has Failed To Establish Excusable Neglect.

Plaintiff's Motion for Leave claims that his "delay in filing Plaintiff's Response in opposition to the Motion to Dismiss is due to excusable neglect and was not intentional." (Doc. #: 29, PAGEID #: 229). Plaintiff further claims that he "has acted in good faith but has been hindered in that he has not received 2 of the 3 Orders to Show Cause, which resulted in delayed responses from Plaintiff to this Court." (Doc. #: 29, PAGEID #: 230).

In this case, all documents filed by the Lawrence County Defendants have been mailed to Plaintiff at 1258 Franklin Street, Santa Monica, California 90404. The aforesaid address is what was provided, by Plaintiff, for service in this case and in his Response to this Court's Order to Show Cause. (Doc. #: 18). *See Robb v. Smallwood*, 165 Ohio App.3d 385, 165 Ohio App.3d 385, 2005-Ohio-5863, ¶ 12 ("[A]ppellant received proper service because the clerk sent the hearing notice to his address of record in Athens, Ohio."). Although pro se litigants "are held to less stringent standards" (*Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)), they "are not exempt from the requirements of the Federal Rules of Civil Procedure" (*Pleasant-Bay v. Shelby Cnty. Govt.*, No. 2:17-cv-02502-TLP-tmp, *4 (W.D. Tenn. 2019)). If Plaintiff was aware that he was not receiving all filings in this case, he could have easily contacted the Clerk of Courts to inquire about filings in this matter. *See Fox v. Wofford*, No. 5:14-CV-00231-TBR, *4 (W.D. Ky. 2016) (citing *Casimir v. Sunrise Fin., Inc.*, 299 F. App'x 591, 593 (7th Cir. 2008) ("[A]ll litigants, including pro se litigants, are responsible for maintaining communication with the court and monitoring the status of their lawsuit as necessary.")). *See also Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("[A] litigant who invokes the processes of the federal courts is responsible for maintaining

4

communication with the court during the pendency of his lawsuit."). However, Plaintiff has continually shown that he will not abide by the deadlines imposed by this Court.

In *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991), the Sixth Circuit Court of Appeals held the following:

> [The case is not being] dismissed as a result of inartful pleading or any lack of legal training, but rather because he failed to adhere to readily comprehended court deadlines of which he was well-aware. That he comprehended their significance is evidenced by his having sought their extension. The district court was generous in granting extensions which Jourdan failed to utilize.

*Id*. at 110. The Court went on to hold that "[a]lthough this court prefers that claims be adjudicated on their merits, dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." *Id*. (citing *Holt v. Pitts*, 619 F.2d 558, 562 (6th Cir. 1980)). Thus, the case merited dismissal because Jourdan failed to pursue his case despite two extensions of time. *Id*.

Likewise, in the case before this Court, Plaintiff has been given multiple extensions beyond the twenty-one days permitted in S.D. Ohio Civ.R. 7.2(a)(2) to file a memorandum in opposition to the Lawrence County Defendants' Motion to Dismiss. (Doc. #: 16, 19, 25). Plaintiff has "engaged in a clear pattern of delay" by failing to comply with multiple orders of the Court. Thus, dismissal was appropriate. *See Malott v. Haas*, Civil Action No. 16-13014, *6 (E.D. Mich. 2017). Accordingly, for the reasons set forth above, Defendants respectfully request this Court deny Plaintiff's Motion for Leave.

                                            Respectfully Submitted,

                                            /s/ Cassaundra L. Sark
                                            Cassaundra L. Sark (0087766)
                                            *Counsel for Lawrence County Defendants*

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and accurate copy of the Lawrence County Defendants' Response in Opposition to Plaintiff's Motion for Leave to File Response was provided via the Court's electronic filing system (CM/ECF) on the 13th day of December 2022 and mailed, postage prepaid, via USPS, to the following:

Jose Maria DeCastro
1258 Franklin Street
Santa Monica, CA 90404

                                                     /s/ Cassaundra L. Sark
                                                     Cassaundra L. Sark (0087766)
                                                     *Counsel for Lawrence County Defendants*