## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| JOSE MARIA DECASTRO, : | |
| : | Case No. 1:22-cv-204 |
| PLAINTIFF, : | |
| : | |
| v.  : | JUDGE BARRETT |
| : | |
| PAM WAGNER, *et al.*, : | MAGISTRATE JUDGE BOWMAN |
| : | |
| DEFENDANTS. : | |

### LAWRENCE COUNTY DEFENDANTS' REPLY IN SUPPORT OF THE MOTION TO DISMISS

It is unclear whether Plaintiff's Response in Opposition (hereinafter, "Response") is directed towards the Ironton City Defendants and/or the Lawrence County Defendants. Plaintiff's Response notes that "[a]lthough Defendants filed a Motion to Dismiss, an Answer, and a Motion for Judgment on the Pleadings in response to Plaintiff's First Amended Complaint, this filing is responsive to all three of the aforementioned documents." (Doc. #: 29-1). However, the Ironton City Defendants filed the Motion for Judgment on the Pleadings, and the Lawrence County Defendants filed the Motion to Dismiss. Additionally, the Certificate of Service establishes that the Response was only mailed to counsel for the Ironton City Defendants. (Doc. #: 29, 29-1). Thus, because it is unclear whether the Response in Opposition is directed towards the Lawrence County Defendants, the undersigned counsel believes it is appropriate to respond to Plaintiff's Response.

Plaintiff's Response fails to address Defendants' arguments set forth in the Lawrence County Defendants' Motion to Dismiss. The Lawrence County Defendants' Motion to Dismiss argued that the Amended Complaint failed to name John Chapman, Jane Doe, and Lawrence County as Defendants and failed to set forth any causes of action against the aforesaid Defendants.

Moreover, the causes of action that were set forth against Lawrence County, John Chapman and Jane Doe in the original Complaint were omitted in the Amended Complaint.

Additionally, the Lawrence County Defendants' Motion to Dismiss claimed that if this Court determines that John Chapman is a Defendant, the claims against him nonetheless fail to state a claim upon which relief can be granted. Defendants' asserted that Plaintiff's constitutional rights were not violated as a result of being required to provide his Social Security number.

As a result of Plaintiff ignoring the arguments set forth in Defendants' Motion to Dismiss, he concedes them. *Aaron v. Durrani*, Consolidated No. 1:13-cv-202, *10 n.6 (S.D. Ohio 2014) (citing *Miller v. Rosenker*, 578 F.Supp.2d 107, 111-112 (D.D.C. 2008) (Plaintiff failed to respond to six arguments that Defendant made in his motion to dismiss and as a result, the plaintiff is deemed to have conceded all six of those arguments.), *reversed in part* by *Miller v. Hersman*, 594 F.3d 8 (C.A.D.C. 2010)). *See also Degolia v. Kenton Cnty.*, 381 F.Supp.3d 740, 759-60 (E.D. Ky 2019) ("[W]hen a plaintiff filed an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.") (citation and quotation marks omitted); *Washington v. Roosen, Varchetti & Oliver, PPLC*, 894 F.Supp.2d 1015, 1027 (W.D. Mich. 2012) ("Failing to respond to arguments properly raised in a motion to dismiss constitutes abandonment of that position."); *Palmer v. GMAC Comm. Mort.*, 628 F.Supp.2d 186, 193 (D.D.C. 2009) ("Where a party addresses some but not all arguments raised in a motion to dismiss, courts in this district treat such arguments as conceded); *Stephenson v. Cox*, 223 F.Supp.2d 119, 122 (D.D.C. 2002) (dismissing various counts of complaint as conceded, nothing that "[t]he court's role is not to act as an advocate for the plaintiff and construct legal arguments on his behalf in order to counter those in the motion to dismiss."). "When a party fails to respond to an argument in a motion to dismiss, the Court assumes

2

that the party conceded the point and abandoned the claim." *Sanders v. Cuyahoga Cnty.*, 1:21-cv-1254, *14 (N.D. Ohio 2022). Thus, a plaintiff abandons undefended claims. *Id*.

Plaintiff's Response addressed the arguments set forth in the Ironton City Defendants' Motion to Dismiss. (Doc. #: 32, PAGEID #: 417). However, Plaintiff's Response failed to address the arguments set forth in the Lawrence County Defendants' Motion to Dismiss. As a result, Defendants' respectfully request this Court grant the Lawrence County Defendants' Motion to Dismiss.

    Respectfully Submitted,

    /s/ Cassaundra L. Sark
    Cassaundra L. Sark (0087766)
    *Counsel for Lawrence County Defendants*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and accurate copy of the Lawrence County Defendants' Reply in Support of the Motion to Dismiss was provided via the Court's electronic filing system (CM/ECF) on the 24th day of January 2023 and sent certified mail, via USPS, to the following:

Jose Maria DeCastro
1258 Franklin Street
Santa Monica, CA 90404

                                                       /s/ Cassaundra L. Sark
                                                       Cassaundra L. Sark (0087766)
                                                       *Counsel for Lawrence County Defendants*