IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DISTRICT

| | |
|---|---|
| JOSE MARIA DECASTRO       ) | Case No. 22-cv-00204 |
| *Plaintiff*,              ) | |
| vs.                       ) | |
| PAM WAGNER, et al.        ) | |
| *Defendants*.             ) | |

**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

Pursuant to Fed. R. Civ. P. 26(c), Plaintiff Jose Maria DeCastro ("Plaintiff"), hereby moves this Court to enter a protective order to stop Defendants from participating in premature discovery that violates the Federal Rules of Civil Procedure, in order to harass and or unnecessarily burden Plaintiff, to keep personal information confidential, and any other relief that this Court deems proper.

In support of this motion, Plaintiff submits a memorandum of law, which is fully incorporated herein.

Plaintiff has attached Defendant's discovery request as **Exhibit 1**.

Plaintiff has attempted in good faith to confer with Defendants' counsel to resolve this dispute but has been unsuccessful.

**BACKGROUND**

On March 8, 2023, Cassaundra L. Sark, counsel for John Chapman, Jane Doe, and Lawrence County, sent a request to Plaintiff by email the "First Set Written Discovery to DeCastro" ("Request") attached as Exhibit 1. The Request included interrogatories numbered 1

through 15, requests for admission numbered 1 through 8, and requests for production of documents ("RFPs").

Plaintiff responded by email to Sark, acknowledging the RFPs but asking if Plaintiff should disregard the interrogatories and requests for admission since they were served prior to the Rule 26(f) meeting, in violation of Fed. R. Civ. P. 26(d)(1). Plaintiff specifically objected to the requests that were mostly requesting things duplicative to things required to be in initial disclosures and requesting things irrelevant to the claims, and asked why a motion for sanctions shouldn't be filed.

Sark responded that she was mistaken, to disregard the set of requests, and that she would resend the same request once the meeting had occurred, basically disregarding Plaintiff's notice that the request was overly broad, duplicative, and was meant to harass.

Also note that Defendants emailed the discovery request even though Plaintiff was not accepting service by email, and the discovery request was not signed by Defendants.

On April 11, 2023, Plaintiff received by mail, a request for discovery from Dawn M. Frick, counsel for Defendants Pam Wagner, Brad Spoljaric, Chance Blankenship, Evan McNight, Robert Fouch, and the City of Ironton.

Frick's request was less duplicative and didn't seem to have questions meant simply to harass and embarrass Plaintiff, so Plaintiff has not attached it. However, the request contained interrogatories and requests for admission, which were served prior to the Rule 26(f) meeting, in violation of Fed. R. Civ. P. 26(d)(1). Plaintiff decided not to respond at all, because it wasn't worth typing up a reply letter.

On May 8, 2023, Plaintiff received an email from Nate Rose, an associate of Frick's, saying that Plaintiff had missed a responsive deadline that was on Defendant's calendar for May 5, 2023.

Plaintiff responded essentially the same as to the other Defendant's counsel, asking whether Plaintiff should disregard the requests in violation of federal rules or if there was any reason why Plaintiff shouldn't file a motion for sanctions.

On May 9, 2023, Frick replied with "We are happy to schedule a Rule 26(f) conference. Please provide us with times in the next two weeks that work for you and a phone number to reach you and we can confer regarding a discovery plan".

Although Frick's request for discovery was properly served by mail, it was also not signed by Defendants. There was what could be considered a digital signature for e-filed documents, but discovery requests are not e-filed with the court.

Plaintiff has made no claims related to any of the following:

1. Reduction in income;

2. Taxes paid;

3. Mental or emotional injury;

4. Physical injury

5. Loss of employment or wages

**POINTS AND AUTHORITIES**

Pursuant to Rule 26(b)(1), parties may discover matters that are relevant to the subject matter of the pending action. *Nair v. EMH Medical Center*, 2007 WL 4365395 (N.D. Ohio). However, Rule 26(b)(2) limits potentially abusive and marginal discovery requests by allowing courts to limit "unreasonably cumulative or duplicative" discovery or where "the burden or

expense of the proposed discovery outweighs its likely benefit." *Prosonic Corp. v. Stafford*, 2008 WL 64710 (S.D. Ohio). Federal Rule 26(c) allows courts to issue a protective order upon showing of "good cause" by the moving party to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…." In ruling on a protective order, courts must balance the competing interests at issue and compare the hardship to be placed upon the parties if the motion is granted. *Nair*, at *1

The courts have well established that discovery can be stayed while dispositive motions are pending. Here, there will be no Rule 26(f) meeting until after the dispositive motions are decided, so discovery is premature due to the dispositive motions but also under Fed. R. Civ. P. 26(d)(1).

Further, discovery has a heightened potential for abuse when litigants seek irrelevant information that is potentially damaging to reputation and privacy. See *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984). ("Although the Rule contains no specific reference to privacy or to other rights or interests that may be implicated, such matters are implicit in the broad purpose and language of the Rule"); *Jennings v. Peters*, 162 F.R.D. 120, 122 (N.D. Ill. 1995) (discovery process abused where plaintiffs were likely to use deposition to embarrass deponent in his election campaign). Here, Defendants make several requests for highly private and confidential information to embarrass and harass Plaintiff, specifically, Defendants request tax returns, social security numbers, and private medical records.

The discovery sought by the Defendants is simply not proportional to the needs of this case, Defendants' discovery requests invade the privacy of not only the Plaintiff but of potential witnesses. Most of the interrogatories ask for information far beyond the claims in the instant

litigation. Accordingly, a protective order under Federal Rule of Civil Procedure 26 is required to stop Defendant's abuse of power.

## CONCLUSION

For the foregoing reasons, Plaintiff requests that this court order:

1. Defendants refrain from serving discovery requests until after the Rule 26(f) meeting has occurred;

2. Plaintiff's discovery materials shall be used solely for the purposes of supporting Defendants' defenses in this litigation and shall not be used for any other purpose, including, without limitation, any other litigation, proceeding, or enforcement action;

3. Before filing a motion that includes or attaches Plaintiff's discovery material, Defendants shall confer with Plaintiff or Plaintiff's counsel in good faith on such procedures that may be necessary or advisable to protect the confidentiality of the discovery material;

4. Any other relief that this Court deems necessary.

DATED: May 15, 2023

Respectfully submitted,

/s/ Jose Maria DeCastro
Jose Maria DeCastro, Pro Se
1258 Franklin Street
Santa Monica, CA 90404
(310) 963-2445
Email: iamalaskan@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ Jose Maria DeCastro