UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JOSE MARIA DECASTRO, | : | |
| | : | Case No. 1:22-cv-204 |
| PLAINTIFF, | : | |
| | : | |
| v. | : | JUDGE BARRETT |
| | : | |
| PAM WAGNER, *et al.*, | : | MAGISTRATE JUDGE BOWMAN |
| | : | |
| DEFENDANTS. | : | |

**LAWRENCE COUNTY DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

I. **INTRODUCTION**

On May 15, 2023, Plaintiff filed a Motion for Protective Order (Doc. #: 39) (hereinafter, "Motion") pursuant to Fed.R.Civ.P. 26(c). Plaintiff requested "this Court to enter a protective order to stop Defendants from participating in premature discovery that violates the Federal Rules of Civil Procedure, in order to harass and or unnecessarily burden Plaintiff, to keep personal information confidential, and any other relief that this Court deems proper." (Doc. #: 39, PAGEID #: 468). Attached to Plaintiff's Motion, and labeled as Exhibit 1, is the Lawrence County Defendants' First Set of Requests for Admissions, Interrogatories, and Requests for Production of Documents to Plaintiff. For the reasons set forth below, the Lawrence County Defendants respectfully request this Court deny Plaintiff's Motion.

II. **LAW AND ARGUMENT**

A. **Federal Rule of Civil Procedure 26(c) Standard.**

Parties may generally seek discovery of any "relevant, non-privileged information." *Palma v. Roman*, Civil Action No. 3:16CV-00457-CRS, *2-3 (W.D. Ky. 2017) (citing *In re Ohio*

*Execution Protocol Litigation*, 845 F.3d 231, 236 (6th Cir. 2016) (citing Fed.R.Civ.P. 26(b)(1)). Federal Rule of Civil Procedure 26(c) permits a party from whom discovery is sought to "move for a protective order in the court where the action is pending – or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken." District courts may, "for good cause," issue such orders to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense * * *." Fed.R.Civ.P. 26(c). The moving party bears the burden of demonstrating the alleged harm identified from Rule 26(c)(1) "with a particular demonstration of fact, as distinguished from stereotyped and conclusory statements." *Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012). Thus, vague and conclusory allegations of confidentiality are insufficient, and the movant must make "a particularized showing that the information sought is confidential * * *." *Parsons v. Gen. Motors Corp.*, 85 F.R.D. 724, 726 (N.D. Ga. 1980). For the reasons set forth below, Defendants respectfully request this Court deny Plaintiff's Motion.

> **B. Defendants' First Set of Written Discovery Is No Longer Pending, And As A Result, Plaintiff's Motion, As Against The Lawrence County Defendants, Is Moot.**

A court may not adjudicate disputes that have become moot. *Collier v. Winn*, No. 2:10-cv-12845, *2 (E.D. Mich. 2020) (citing *McPherson v. Mich. High Sch. Athletic Assn., Inc.*, 119 F.3d 453, 458 (6th Cir. 1997) (en banc)). In this case, the email correspondence between the undersigned counsel and Plaintiff, on or about March 8, 2023, establishes that the written discovery requests sent to Plaintiff are no longer pending. (See Email Correspondence, attached as Exhibit 1). Specifically, the undersigned counsel told Plaintiff to "disregard the first set of written discovery that [was] sent" because it will be sent again "when the rule 26(f) report is filed." (Ex. 1). Therefore, Plaintiff's Motion should be denied as moot as to the Lawrence County Defendants.

2

### C. **Plaintiff Failed To Follow The Procedures Set Forth In This Court's Local Rules And The Judges' Standing Orders And Has Not Attempted To Resolve The Alleged Discovery Disputes; Thus, His Motion Should Be Denied.**

S.D. Ohio Civ. R. 37.1, entitled "Consultation Among Counsel; Informal Discovery Dispute Conference," provides the following:

> Objections, motions, applications, and requests relating to discovery shall not be filed in this Court under any provision in Fed. R. Civ. P. 26 or 37 unless the parties have first exhausted among themselves all extrajudicial means for resolving their differences. After extrajudicial means for the resolution of differences about discovery have been exhausted, in lieu of immediately filing a motion under Fed. R. Civ. P. 26 or 37, any party may first seek an informal telephone conference with the Judge assigned to supervise discovery in the case.

Section D of Judge Barrett's Standing Order provides the following regarding discovery motions:

> **THIS COURT DOES NOT PERMIT DISCOVERY MOTIONS**, *i.e.* motions to compel or motions for protective order regarding discovery disputes, unless and until counsel use the following procedure: Counsel must first attempt to resolve disputes by extrajudicial means (required by S.D. Ohio Civ. R. 37.1 * * *). This Court defines [extrajudicial means] as requiring counsel to try to resolve the matter both in writing and telephonically. If counsel are unable to resolve the dispute between themselves, then they must contact the Court's Courtroom Deputy, Krista Zeller * * *, and a telephone conference with all counsel and the Court will be scheduled as soon as possible.

Magistrate Judge Bowman's Standing Order echoes the abovementioned S.D. Ohio Civ. R. 37.1 and Judge Barrett's Standing Order and sets forth the following in Section D:

> **2. Motions Relating to Discovery**: This Court does not allow motions relating to discovery until an informal discovery conference, as described below, is held.
>
> 3. **Informal Discovery Conferences**: Pursuant to the Federal and Local Rules of Civil Procedure, the parties must exhaust all extrajudicial means of resolving discovery disputes before

3

> contacting the Court. *See* Fed. R. Civ. P. 37(a)(2); S.D. Ohio Civ. R. 37.1. If counsel's efforts toward an amicable solution have failed, counsel should contact the Courtroom Deputy, Kevin Moser, by telephone, in order to schedule an informal conference with the Court. Before the conference, counsel should prepare and deliver to chambers a brief, **no more than 2 pages in length**, setting forth arguments for or against the requested discovery. * * *

In this case, Plaintiff alleges that he "attempted in good faith to confer with Defendants' counsel to resolve this dispute but has been unsuccessful." (Doc. #: 1, PAGEID #: 468). However, the only discussion between the undersigned counsel and Plaintiff occurred via email on or about March 8, 2023. (Ex. 1). In that exchange, the undersigned counsel sent Plaintiff an email stating "[a]ttached you'll find the Lawrence County Defendants' first set of written discovery. A hard copy is being mailed out today. If you have any questions or concerns, please let me know." Plaintiff responded by stating the following:

> I've noted your RFPs, but did you mean to send me interrogatories (especially these ones)? Sending interrogatories without leave of the court before the 26(f) meeting is improper, and these questions are mostly requesting things that will be in my initial disclosures or for things wholly inappropriate, especially given my claims. Should I disregard these, or is there any reason why I shouldn't file a motion for sanctions? I'm considering doing exactly that. Were you unaware that you're out of bounds?

The undersigned counsel responded shortly thereafter stating that the written discovery requests were sent under the mistaken belief that a Rule 26(f) report was completed in this case, but after reviewing the docket, realized one had not been completed. The email further provided to "disregard the first set of written discovery that [was] sent" because it will be sent "once more when the rule 26(f) report is filed."

After this exchange, Plaintiff never contacted the undersigned counsel regarding any type of discovery dispute. Plaintiff never specified what discovery requests he had an issue with or what

4

he deemed "wholly inappropriate." Therefore, Defendants maintain that the parties have not exhausted all extrajudicial means for resolving Plaintiff's alleged discovery dispute.

Additionally, Plaintiff did not comply with this Court's Local Rules, Judge Barrett's Standing Order, and/or Magistrate Judge Bowman's Standing Order. To Defendants' knowledge, Plaintiff did not seek an informal telephone conference with either Judge Barrett or Magistrate Judge Bowman. The record does not reflect that Plaintiff contacted the Court to schedule a telephone conference with all counsel and the Court or that any brief was prepared and delivered to chambers setting forth arguments against the requested discovery. Accordingly, because Plaintiff did not follow the proper procedures regarding his discovery motion, Defendants respectfully request this Court deny Plaintiff's Motion.

> **D. The Lawrence County Defendants' First Set Of Written Discovery Requests To Plaintiff Do Not Cause Annoyance, Embarrassment, Oppressions, Or Undue Burden Or Expense, And As A Result, Plaintiff Is Not Entitled To A Protective Order.**

Pursuant to Fed.R.Civ.P. 26(c), a party, or any person from whom discovery is sought, may move for a protective order. The aforesaid Rule provides that "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action," and that an order may be issued "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense * * *."

In this matter, Plaintiff claims that the Lawrence County Defendants' first set of written discovery requests were "meant simply to harass and embarrass Plaintiff." (Doc. #: 39, PAGEID #: 469). Plaintiff further claims that "Defendants make several requests for highly private and confidential information to embarrass and harass Plaintiff, specifically, Defendants request tax returns, social security numbers, and private medical records." (Doc. #: 39, PAGEID #: 471).

5

As evidenced by Defendants' first set of written discovery requests, which are attached to Plaintiff's Motion, Defendants request Plaintiff to describe "all injuries and symptoms, whether physical, mental, or emotional, [he] experienced as a result of the Lawrence County Defendants' actions and claim to have been caused, aggravated, or otherwise contributed to by the incident(s) upon which the Amended Complaint is based." (Defendants' Interrogatory No. 7). Obviously, if Plaintiff is not alleging any physical, mental, or emotional damages, the aforesaid Interrogatory is inapplicable, and Plaintiff could easily explain this in his response. However, it is unclear exactly what damages Plaintiff is alleging, and if he is claiming physical, mental, and/or emotional damages, then Plaintiff's medical records are relevant to this action.

It was also not unreasonable for Defendants to request Plaintiff's Social Security Number ("SSN"). The Amended Complaint alleges that "Plaintiff is a videographer, vlogger, and civil rights activists [*sic*] who has been video recording, publishing his recordings" on social media forums such as YouTube, Facebook, and Instagram since 2020. (Doc. #: 20, PAGEID #: 134, ¶ 9). Plaintiff stated that "[t]he financial benefits of [his] postings have been an essential economic support for him." (Doc. #: 1, PAGEID #: 134, ¶ 9). The Amended Complaint then sets forth causes of action alleging that the Defendants violated his constitutional rights by impeding his right to film public officials, conduct and record interviews, and other investigatory filming. Thus, it logically follows that if Plaintiff cannot do those things, he may be claiming loss of income damages.[1] If Plaintiff is claiming loss of income, then his SSN is relevant.[2] Nonetheless, if Plaintiff believes that his SSN is irrelevant, he is entitled to object to an interrogatory that seeks that

---

[1] The Lawrence County Defendants maintain that the Amended Complaint fails to name John Chapman, Jane Doe, and Lawrence County as Defendants and fails to set forth any causes of action against the aforesaid Defendants. However, this issue, as set forth in Defendants' Motion to Dismiss, remains pending before this Court, and as a result, it is unclear whether the causes of action set forth in the Amended Complaint are against the Lawrence County Defendants.

[2] Numerous trial and appellate courts have required civil litigants to disclose SSN in the confines of discovery. *Hart v. Alamo Rent a Car*, 959 N.E.2d 15, 2011-Ohio-4099, 195 Ohio App.3d 167, ¶ 10.

information or provide a partial SSN in response.

Lastly, "tax returns are not categorically privileged from disclosure in the Sixth Circuit." *Palma,* Civil Action No. 3:16CV-00457-CRS at *5. *See also DeMarco ex rel. Bricklayers & Masons' Local Union No. 5 v. C & L Masonry, Inc.*, 891 F.2d 1236, 1240 (6th Cir. 1989) (citing *Credit Like Ins. Co. v. Uniworld Ins. Co.*, 94 F.R.D. 113 (S.D. Ohio 1982) (tax returns and other financial information enjoy no special privilege from disclosure)); *Catrinar v. Wynnestone Cmtys. Corp.*, No. 14-11872, *4 (E.D. Mich. 2015) (citing *White v. Michigan Dept. of Human Servs.*, 2011 WL 1882924, *1 (E.D. Mich. 2011) ("Tax returns are subject to discovery in civil litigation between private parties.")). Accordingly, Plaintiff's arguments that the Lawrence County Defendants' written discovery requests are being used to embarrass and harass Plaintiff is meritless and unfounded.

### III. **CONCLUSION**

For the reasons set forth above, the Lawrence County Defendants respectfully request this Court deny Plaintiff's Motion.

Respectfully Submitted,

/s/ Cassaundra L. Sark
Cassaundra L. Sark (0087766)
215 South Fourth Street
P.O. Box 725
Ironton, OH 45638
(740) 532-4333
(740) 532-7341 – Fax
*Counsel for Lawrence County Defendants*

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true and accurate copy of the Lawrence County Defendants' Memorandum in Opposition to Plaintiff's Motion for Protective Order was provided via the Court's electronic filing system (CM/ECF) on the 22nd day of May 2023 and mailed, postage prepaid, via USPS to the following:

Jose Maria DeCastro
1258 Franklin Street
Santa Monica, CA 90404

                                        /s/ Cassaundra L. Sark
                                        Cassaundra L. Sark (0087766)
                                        *Counsel for Lawrence County Defendants*