IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DISTRICT

| | |
|---|---|
| JOSE MARIA DECASTRO ) | Case No. 22-cv-00204 |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| vs. ) | |
| ) | |
| PAM WAGNER, et al. ) | |
| ) | |
| *Defendants*. ) | |
| _____ ) | |

**PLAINTIFF'S REPLY TO DEFENDANT CHAPMAN, DOE, AND LAWRENCE COUNTY'S OPPOSITION TO MOTION FOR PROTECTIVE ORDER**

Plaintiff Jose Maria DeCastro ("Plaintiff"), offers the following reply to the opposition memorandum from Defendants John Chapman, Jane Doe, and Lawrence County ("Defendants") (ECF No. 40) of Plaintiff's Motion for Protective Order (ECF No. 39). Since Plaintiff outlined the legal authority in his original motion, such information is not repeated here and Plaintiff does not intend by its omission from discussion here, to concede to any point previously raised related to Plaintiff's request for protective order.

In support of this motion, Plaintiff submits a memorandum of law, which is fully incorporated herein.

**INTRODUCTION**

All Defendants have sent interrogatories and requests for admission to Plaintiff, prior to the Rule 26(f) meeting, in violation of Fed. R. Civ. P. 26(d)(1). This violation is good cause for the granting of a protective order to prevent further discovery requests from Defendants until after the 26(f) meeting.

A party is required to carefully narrow their discovery requests to the needs of the particular case. Here, Defendants did not do that and indicate that they will continue on this course.

### POINTS AND AUTHORITIES

**A. Plaintiff's allegations were specific.** Plaintiff didn't just allege stereotyped and conclusory statements, but enumerated the harms to include annoyance, embarrassment, and specified the requests, even using the word "specifically", and then attached documentary evidence. *Fears v. Kasich (In re Ohio Execution Protocol Litigation)*, 845 F.3d 231, 236-237 (6th Cir.2016).

Further, Rule 26(c)'s good cause standard is meant to be a low hurdle, and the movant need only make a baseline showing of good cause in order to justify a protective order that discovery materials be used only to aid in litigation and resolution of the case at hand. *AFT Michigan v. Project Veritas, E.D.Mich*. No. 17-13292, 2023 U.S. Dist. LEXIS 62421, at *6-7 (Apr. 10, 2023).

Finally, Defendant's opposition to a protective order against third party sharing of disclosure materials shows their intent to share the materials without an order.

**B. Plaintiff's request for relief is not moot.** Mootness is measured by the court's ability to grant relief, not that a specific fact has changed. Defendant's cite *McPherson v. Mich. High Sch. Athletic Assn., Inc*., 119 F.3d 453, 458 (6th Cir. 1997) which does not apply here. In *McPherson,* pending motions were moot because the dispute in the action's claims itself had become moot. *McPherson* was not about the request in the motion being moot. Even if it did apply, *McPherson* at *458 speaks in detail of the "capable of repetition" exception which would clearly apply here.

Plaintiff's request for a protective order prohibiting premature discovery is clearly not moot, in that the Rule 26(f) meeting has still not occurred, and the Federal Rules have not

changed. Fed. R. Civ. P. 26(d)(1) did not prohibit Defendant's action in the past and is unlikely to in the future, especially considering the Defendant's opposition to a protective order merely prohibiting premature discovery.

Plaintiff's request for a protective order prohibiting the sharing of discovery information with third parties is clearly not moot as well, as it would apply to all future discovery requests, and Defendant's harassing requests clearly make a good cause for misbehavior without this order.

**C. Plaintiff did attempt to resolve the issues.** Although plaintiff was unaware of the Honorable Judge Barrett's standing order, Plaintiff did attempt to resolve the issues in extrajudicial means. Plaintiff apologizes, whereas Defendants have not acknowledged their deliberate and out-of-order conduct. *Defendant's objections to the standing order itself have become moot because Defendants did not request a meeting with the Court's Courtroom deputy*, but rather allege in their opposition their firm stance that now comes to a request for a protective order.

**D. Defendant's discovery requests were meant to cause annoyance and embarrassment.** Defendants admit to either not reading the complaint or not engaging in discovery "strictly and carefully circumscribed to the needs of the particular case." *Myers v. Prudential Ins. Co. of Am.*, 581 F.Supp.2d 904, 914 (E.D.Tenn.2008). Together with sending it prematurely, proves harassment.

## CONCLUSION

It is actually appropriate where Counsel signed the discovery requests, certifying that they followed the Federal Rules and yet violated Fed. R. Civ. P. 26(d)(1) for this Court to order sanctions. Fed. R. Civ. P. 26(g)(3) says in part, that the court "must impose an appropriate

3

sanction". Plaintiff felt it was more appropriate to request a protection order than to request sanctions.

DATED: May 30, 2023                               Respectfully submitted,

/s/ Jose Maria DeCastro
Jose Maria DeCastro, Pro Se
1258 Franklin Street
Santa Monica, CA 90404
(310) 963-2445
Email: iamalaskan@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ Jose Maria DeCastro