IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DISTRICT

| | | |
|---|---|---|
| JOSE MARIA DECASTRO | ) | Case No. 22-cv-00204 |
| *Plaintiff*, | ) | |
| vs. | ) | |
| PAM WAGNER, et al. | ) | |
| *Defendants*. | ) | |

**PLAINTIFF'S REPLY TO DEFENDANT WAGNER, SPOLJARIC, BLANKENSHIP, MCNIGHT, FOUCH AND CITY OF IRONTON'S OPPOSITION TO MOTION FOR PROTECTIVE ORDER**

Plaintiff Jose Maria DeCastro ("Plaintiff"), offers the following reply to the opposition memorandum from Defendants Pam Wagner, Brad Spoljaric, Chance Blankenship, Evan McNight, Robert Fouch, and the City of Ironton Ohio's ("Defendants") (ECF No. 42) of Plaintiff's Motion for Protective Order (ECF No. 39). Since Plaintiff outlined the legal authority in his original motion, such information is not repeated here and Plaintiff does not intend by its omission from discussion here, to concede to any point previously raised related to Plaintiff's request for protective order.

In support of this motion, Plaintiff submits a memorandum of law, which is fully incorporated herein.

## INTRODUCTION

All Defendants have sent interrogatories and requests for admission to Plaintiff, prior to the Rule 26(f) meeting, in violation of Fed. R. Civ. P. 26(d)(1). This violation is good cause for the

granting of a protective order to prevent further discovery requests from Defendants until after the 26(f) meeting.

**POINTS AND AUTHORITIES**

**Plaintiff is willing to participate in this action.** Defendants make vague and conclusory statements about Plaintiff's unwillingness to participate in this action and gameplaying. It is the Defendants that have violated the Federal Rules of Civil Procedure in this matter. Additionally, Defendants have no control over the pending dispositive motions. Scheduling a Rule 26(f) meeting prior to the pending motions being resolved would be wasteful. Comparing Plaintiff's communication issues with this Court to Defendants' actions to move discovery ahead prior to the Rule 26(f) meeting and prior to the dispositive motions being decided, the Defendant's actions seem like a stronger example of gameplaying, or of sheer incompetence.

Additionally, Plaintiff has actively participated in improving communications issues with this Court by joining the electronic filing system at his own initiative. *Defendants declare surprise as to why they're suddenly getting responses from Plaintiff through email, as if they didn't see the motion for permission to file electronically*.

**A. Plaintiff's allegations were specific.** Plaintiff didn't just allege stereotyped and conclusory statements, but enumerated the harms to include annoyance, embarrassment, and specified the requests, even using the word "specifically", and then attached documentary evidence. *Fears v. Kasich (In re Ohio Execution Protocol Litigation)*, 845 F.3d 231, 236-237 (6th Cir.2016).

Further, Rule 26(c)'s good cause standard is meant to be a low hurdle, and the movant need only make a baseline showing of good cause in order to justify a protective order that discovery

2

materials be used only to aid in litigation and resolution of the case at hand. *AFT Michigan v. Project Veritas, E.D.Mich*. No. 17-13292, 2023 U.S. Dist. LEXIS 62421, at *6-7 (Apr. 10, 2023).

Finally, Defendant's opposition to a protective order against third party sharing of disclosure materials shows their intent to share the materials without an order.

**B. Plaintiff did attempt to resolve the issues.** Although plaintiff was unaware of the Honorable Judge Barrett's standing order, Plaintiff did attempt to resolve the issues in extrajudicial means. Plaintiff apologizes, whereas Defendants have not acknowledged their deliberate and out-of-order conduct. *Defendant's objections to the standing order itself have become moot because Defendants did not request a meeting with the Court's Courtroom deputy*, but rather allege in their opposition their firm stance that now comes to a request for a protective order.

C. **Plaintiff did not allege that the discovery requests from Defendants was an issue, only the timing of them.**

## CONCLUSION

It is appropriate where Counsel signed the discovery requests, certifying that they followed the Federal Rules and yet violated Fed. R. Civ. P. 26(d)(1) for this Court to order sanctions. Fed. R. Civ. P. 26(g)(3) says in part, that the court "must impose an appropriate sanction". Plaintiff felt it was more appropriate to request a protection order than to request sanctions.

DATED: May 30, 2023            Respectfully submitted,

/s/ Jose Maria DeCastro
Jose Maria DeCastro, Pro Se
1258 Franklin Street
Santa Monica, CA 90404
(310) 963-2445
Email: iamalaskan@gmail.com

3

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ Jose Maria DeCastro