**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JOSE MARIA DECASTRO,             Case No. 1:22-cv-204

    Plaintiff,             Barrett, J.
          Bowman, M.J.
   v.

PAM WAGNER, et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

Pursuant to local practice, all non-dispositive motions in this pro se civil rights case have been referred to the undersigned. In addition to two dispositive motions filed by Defendants, Plaintiff has filed a non-dispositive motion that seeks a protective order from discovery requests propounded by Defendants. For the reasons below, Plaintiff's motion is **DENIED**.

**I.    Background**

On April 13, 2022, Plaintiff Jose Maria Decastro, a resident of California, paid the filing fee and initiated this civil rights action against multiple Defendants, including the City of Ironton Chief of Police and four individuals, and a "Jane Doe" employee. Plaintiff also named the City of Ironton itself and Lawrence County as Defendants. Two groups of Defendants (hereafter the "County Defendants" and "City Defendants") filed separate motions to dismiss and for judgment on the pleadings. (Docs. 8, 15). When Plaintiff failed to timely respond to either of those motions, the Court filed Orders to Show Cause with deadlines of July 22 and August 11, 2022, respectively. (Docs. 16, 17). Plaintiff did not

1

respond to the first Show Cause Order but responded to the second on the deadline of August 11, 2022. In his response, he states that before July 27, he received nothing from either this Court or the Defendants even though his postal address has remained the same throughout this case.[1] (Doc. 18). The Court accepted the response in satisfaction of both "Show Cause" Orders and permitted Plaintiff another thirty days, until September 15, 2022, to either respond to the pending motions or file an amended complaint.

On that deadline, Plaintiff filed an amended complaint that appears to narrow the list of Defendants by eliminating claims against all three County Defendants including Lawrence County, Major Chapman, and Jane Doe, as well as one of the City Defendants (the City of Ironton). In his amended complaint, Plaintiff alleges that he is "a videographer, vlogger, and civil rights activist[] who has been video recording, publishing his recordings, edited and unedited, on media forums such as YouTube, Facebook, Instagram and the like since approximately 2020." (Doc. 20 ¶9). Plaintiff generally alleges that Defendants violated his First, Fourth, and Fourteenth Amendment rights under 42 U.S.C. §1983, beginning with an incident on Tuesday, March 29, 2022, when Plaintiff was arrested by four officers at the Ironton City Hall. (*Id.* ¶¶10-14). Plaintiff alleges that the arrest was unlawful and that Defendants improperly demanded his social security number, and unlawfully seized and damaged his personal property. Plaintiff states that the criminal case "related to the unlawful arrest is still ongoing." (*Id.* ¶24). His amended complaint seeks punitive and exemplary damages for $1 million dollars against all named Defendants jointly and severally.

---

[1] The first Order to Show Cause was mailed on June 29, 2022, and the second Order to Show Cause was mailed on July 21, 2022. No mail has ever been returned to this Court as undeliverable.

On September 22 and 29, 2022, Defendants filed new motions to dismiss and for judgment on the pleadings in response to the amended complaint.[2] (Docs. 21, 23). When Plaintiff again failed to timely respond, the Court again entered two Orders to Show Cause, listing deadlines of November 17 and November 30, 2022. After Plaintiff failed to respond to either Order, on December 6, 2022, the Court terminated this case and entered judgment for all Defendants. (Docs. 27, 28).

The next day on December 7, 2022, Plaintiff moved for leave of Court to further extend his time to respond to the motion for judgment on the pleadings, citing excusable neglect and asserting that he had "not received 2 of the 3 Orders to Show Cause, which resulted in delayed responses," and incorrectly claiming that he had attempted to respond "on Monday December 5th, which is within the deadline for responding."[3] (Doc. 29 at 3, PageID 230). Both City and County Defendants strongly opposed Plaintiff's motion to extend time and implicit request to reopen this case, noting the large number of documents that they have served Plaintiff with at the address listed of record (and simultaneously served via email by the City). Counsel for the City Defendants also filed an affidavit confirming that no return mail has ever been received.[4] (*See* Doc. 30-3, *see*

---

[2]The County Defendants' motion to dismiss is based upon the premise that Plaintiff's amended complaint eliminates nearly all references to the allegations and claims originally included by Plaintiff against those Defendants, but for a brief reference to Major Chapman. Plaintiff's response in opposition purports to be "responsive to" the motion to dismiss, (see Doc. 32 at 2), but does not directly contest the County Defendants' argument that his amended complaint implicitly dismisses them. By filing a response in opposition that fails to clarify any intention to dismiss the County Defendants, and by filing and briefing the instant discovery-related motion against the same Defendants, Plaintiff persists in driving up the County's litigation costs. Without prejudging the merits of the County Defendants' pending dispositive motion, Plaintiff is forewarned that when appropriate, pro se litigants may be sanctioned for frivolous litigation under Rule 11, Fed. R. Civ. P.

[3]Contrary to Plaintiff's assertion, there have been 4 Orders to Show Cause issued. And the deadline for the single "Show Cause" order for which he admits receipt was November 30, 2022, not December 5, 2022.

[4]As previously noted and consistent with Defendants' representations, no mail has ever been returned to this Court, proving valid delivery by the U.S. Post Office. At any rate, whatever issues Plaintiff allegedly experienced with prior service presumably have been fully resolved by this Court's April 11, 2023 grant of his request for electronic case filing rights. (Docs. 37, 38).

3

*also generally*, Docs. 30, 31). Both City and County Defendants cited to well-established case law holding that a litigant's pro se status does not excuse his compliance with deadlines, and noted that this case has been much delayed by Plaintiff's conduct, suggestive of gamesmanship. (Docs. 30-31). But giving Plaintiff the benefit of the doubt, the Court vacated its judgment and granted him an extension of time to respond to Defendants' pending dispositive motions. (Docs. 30, 31, and Notation Order of 1/13/2023). Plaintiff then waited until the extended deadline of January 13, 2023 to file his joint response in opposition to those motions.[5] (Doc. 32).

Defendants' dispositive motions remain pending before the presiding district judge. However, on May 15, 2023, Plaintiff filed a non-dispositive motion for a protective order that has been referred to this magistrate judge. (Doc. 39). On May 22, 2023 and on May 25, 2023, the City and County Defendants filed responses in opposition to Plaintiff's motion, to which Plaintiff has filed separate replies. (Docs. 40, 42, 43, 44). For the reasons below, Plaintiff's motion is DENIED.

**II.    Analysis of Plaintiff's Motion for Protective Order**

Federal Civil Rule 26(c) governs protective orders and grants discretion to the Court to fashion discovery in a manner "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…." Fed. R. Civ. P 26(c). Plaintiff seeks a protective order "to stop Defendants from participating in premature discovery that violates the Federal Rules of Civil Procedure, in order to harass and or

---

[5]Plaintiff's December 7, 2022 motion for an extension of time had attached a copy of what looks like the same response in opposition, (*see* Doc. 29-1), but the Court's order granting his motion for an extension of time did not direct the filing of the response at that time.
.

4

unnecessarily burden Plaintiff, to keep personal information confidential, and any other relief that this Court deems proper." (Doc. 39 at 1).

Plaintiff states that on March 8, 2023, County Defendants Chapman, Lawrence County, and Jane Doe initially emailed written discovery requests. Plaintiff responded by objecting mainly on procedural grounds[6] and immediately threatening sanctions:

> [D]id you mean to send me interrogatories (especially these ones)? Sending interrogatories without leave of the court before the 26(f) meeting is improper, and these questions are mostly requesting things that will be in my initial disclosures or for things wholly inappropriate, especially given my claims. Should I disregard these, or is there any reason why I shouldn't file a motion for sanctions? I'm considering doing exactly that. Were you unaware that you're out of bounds?

(Doc. 40-1, PageID 496).

The County Defendants promptly responded, acknowledging the procedural error and instructing Plaintiff to disregard the requests:

> I was mistaken in my belief that a rule 26(f) report was completed in this case. After reviewing the docket, I realize that it has not been completed. Please disregard the first set of written discovery that I've sent. I will send it to you once more when the rule 26(f) report is filed.

(*Id.*)

On April 11, 2023, Plaintiff received a similar set of written requests from City Defendants Pam Wagner, Brad Spoljaric, Chance Blankenship, Evan McNight, Robert Fouch and/or the City of Ironton by mail.[7] Plaintiff states that he found the City Defendants' requests to be less substantively objectionable, but still objected because they were served before a Rule 26(f) meeting. Rather than communicating that objection,

---

Along with objecting on grounds that no discovery can occur before the Rule 26(f) meeting, (*see* Doc. 39 at 2), Plaintiff's motion complains that the requests were improperly served by email even though the email states that another copy is being served by mail.
[7] As stated, the amended complaint appears to eliminate the City of Ironton as a named defendant.

5

however, he "decided not to respond at all, because it wasn't worth typing up a reply letter." (Doc. 39 at 2, PageID 409). Defense counsel politely contacted Plaintiff more than a month later to ask about the lack of responses: "[C]an you please advise on the status of your discovery responses and when we can expect your responses?" As with the County Defendants, Plaintiff immediately replied with a threat of sanctions. The tone of Plaintiff's email speaks for itself:

> My God – The ineptitude is staggering. You won the DunceCap of the Day award. They're not getting away with it. ESPECIALLY with lawyers like you. You are going to make sure that they won't get away with wrongfully arresting me.
>
> Did you mean to send me interrogatories (especially these ones)? Sending interrogatories without leave of the court before the 26(f) conference is improper, and these questions are mostly requesting things that will be in my initial disclosures or for things wholly inappropriate, especially given my claims. Should I disregard these, or is there any reason why I shouldn't file a motion for sanctions?
>
> I think I'm gonna file a motion for sanctions. I won't rest until my good name is cleared.

(Doc. 42-1 at 1-2, PageID 527-528).

Remaining professional, on May 9, 2023 defense counsel asked Plaintiff for times that would work and a valid phone number to meet and confer regarding a Rule 26(f) discovery plan:

> We are happy to schedule a Rule 26(f) conference. Please provide us with times in the next two weeks that work for you and a phone number to reach you and we can confer regarding a discovery plan. Attached is Judge Barrett's Discovery Plan form that we can discuss. If you prefer to exchange suggestions on the Discovery Plan via email, let us know. Thank you.

(*Id.* at 1, PageID 527; *see also* Doc. 39 at 3). Plaintiff again chose not to respond, instead moving for a protective order six days later. In his motion, he argues that courts have the authority to stay discovery while dispositive motions are pending. (Doc. 39 at 4, PageID

6

471). Based on that authority, Plaintiff asserts that "there will be no Rule 26(f) meeting until after the dispositive motions are decided." (Doc. 39 at 4). Yet Plaintiff has never sought a stay in this case, which has now been pending for more than a year without a preliminary Rule 26(f) meeting.[8]

Plaintiff's motion is denied first because it is moot. Once alerted to Plaintiff's procedural objection to participating in discovery prior to a Rule 26(f) conference, counsel for both City and County Defendants made clear that they agreed that no responses to the requests would be required before that conference. Counsel for the County Defendants explicitly told Plaintiff to "disregard the first set of written discovery that [was] sent" because it will be sent again "when the rule 26(f) report is filed." (Doc. 40-1). Counsel for the City Defendants responded to Plaintiff's pejorative email by requesting Plaintiff's telephone number and dates and times for a Rule 26(f) conference so that discovery proceed -  a request that Plaintiff flatly ignored.

Plaintiff's reprehensible conduct provides the second basis for denying his motion. Under the Federal Rules of Civil Procedure, a motion for a protective order must include "a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1). Plaintiff's motion contains a rote statement that he "attempted **in good faith** to confer with Defendants' counsel to resolve this dispute but has been unsuccessful." (Doc. 39, emphasis added). Based on the record, that statement is patently false.

---

[8]In one of his reply memoranda, Plaintiff asserts that he "is willing to participate in this action," but that "[s]cheduling a Rule 26(f) meeting prior to the pending motions being resolved would be wasteful." (Doc. 44 at 2, PageID 536). Ironically, he accuses Defendants of "gameplaying, or of sheer incompetence." (*Id*.)

Along with the referenced Federal Rule of Civil Procedure, the Southern District of Ohio has published Local Rules. S.D. Ohio Civ. R. 37.1, entitled "Consultation Among Counsel; Informal Discovery Dispute Conference," provides:

> Objections, motions, applications, and requests relating to discovery shall not be filed in this Court under any provision in Fed. R. Civ. P. 26 or 37 **<u>unless the parties have first exhausted among themselves all extrajudicial means for resolving their differences.</u>** After extrajudicial means for the resolution of differences about discovery have been exhausted, in lieu of immediately filing a motion under Fed. R. Civ. P. 26 or 37, any party may first seek an informal telephone conference with the Judge assigned to supervise discovery in the case.

*Id.* (emphasis added).

Last but not least, U.S. District Court Judge Michael R. Barrett presides over this civil action, with non-dispositive matters referred to the undersigned magistrate judge. Section D of Judge Barrett's Standing Order regarding discovery motions states:

> THIS COURT DOES NOT PERMIT DISCOVERY MOTIONS, i.e. motions to compel or motions for protective order regarding discovery disputes, unless and until counsel use the following procedure: Counsel must first attempt to resolve disputes by extrajudicial means (required by S.D. Ohio Civ. R. 37.1 * * *). **<u>This Court defines [extrajudicial means] as requiring counsel to try to resolve the matter both in writing and telephonically</u>**. If counsel are unable to resolve the dispute between themselves, then they must contact the Court's Courtroom Deputy, Krista Zeller * * *, and a telephone conference with all counsel and the Court will be scheduled as soon as possible.

*Id.* (emphasis added). The undersigned's Standing Order similarly states that this Court "does not allow motions relating to discovery until an informal discovery conference…is held." An informal discovery conference with the Court may be scheduled only <u>after</u> the parties have exhausted "<u>all</u> extrajudicial means of resolving" their dispute. *See Bowman General Standing Order on Civil Procedures* (emphasis added). The undersigned's Standing Order applies to cases referred under 28 U.S.C. § 636(b) as well as to cases in

8

which the parties have consented to final judgment by a magistrate judge under 28 U.S.C. § 636(c). When a presiding district judge's procedures differ in a case referred under §636(b), the parties must comply with the district judge's procedures. *See Bowman General Standing Order*, n.1.

Plaintiff's conduct here violates Federal Rule of Civil Procedure 26(c), S.D. Ohio Rule 37.1,[9] and the Standing Orders of both the presiding district judge and the presiding magistrate judge. Plaintiff's initial response to the County's discovery requests focused less on dispute resolution than on his threat to move for sanctions. After the County's counsel responsibly acknowledged the procedural error, directing Plaintiff to disregard the first set of written discovery requests until after the Rule 26(f) conference, no dispute remained. It also remains unclear whether Plaintiff's amended complaint continues to seek liability against the County Defendants. In any event, Plaintiff made no further attempt to communicate with opposing counsel for the County Defendants before filing his motion.

Plaintiff's failure to communicate with counsel for the City Defendants is even more egregious. After receiving discovery requests from that group of Defendants, Plaintiff admits he "did not bother to respond" at all. When counsel eventually asked about what they perceived to be overdue responses, Plaintiff attacked with a pejorative and extremely uncivil email in which he again threatened sanctions. He ignored counsel's reasonable follow-up request to provide a telephone number,[10] or dates and times for a Rule 26(f)

---

[9] In addition to Local Civil Rule 37.1, Plaintiff would be well-advised to review the "Introductory Statement on Civility" in the Local Rules, endorsed by all Judges of this District, that "emphasize[s]… the ideals that ought to guide behavior for all those appearing in the Southern District of Ohio." Those ideals include but are not limited to the concept that "[e]very lawyer, litigant, and Judge is entitled to expect, and should be accorded, the courtesy and respect described in this Statement."

[10] Plaintiff listed a telephone number of 310-963-2445 in his request for electronic filing rights. It remains Plaintiff's obligation to keep his telephone number and address updated with this Court.

9

meeting so that this case might proceed. Rather than notifying counsel of any remaining dispute (again, there is none), he moved for a protective order. And despite seeking a protective order on grounds that the discovery requests are duplicative of information to be provided in his initial disclosures, Plaintiff refuses to participate in a Rule 26(f) conference or to provide those initial disclosures. (*See* Doc. 42 at 5, n.4, PageID 519).

In his reply memoranda, Plaintiff maintains that he was "unaware" of the Court's Standing Orders and offers a cursory "apology." (*See* Doc. 44 at 3, PageID 537).[11] He then blames Defendants for their alleged failure to "request a meeting with the Court's Courtroom deputy" in compliance with the Standing Orders. (*Id.*) He suggests that this Court should overrule Defendants' objections as "moot" based on that alleged non-compliance. But as the party requesting a protective order, it was Plaintiff who had the obligation to contact the Court before filing any discovery-related motion. <u>And to be clear, Plaintiff had no right whatsoever to contact this Court prior to fully exhausting all extrajudicial efforts to resolve his dispute</u> **in good faith**, meaning that he must communicate more than once in writing with opposing counsel about the details of any dispute and pick up the telephone if he cannot resolve the issue through written communications.

Based on Plaintiff's course of conduct to date, he will be ordered to immediately contact defense counsel for both City and County Defendants in writing to provide dates and times for a Rule 26(f) telephonic conference. If all parties agree to delay the exchange of initial disclosures under Rule 26(a), or if they wish to delay substantive discovery until

---

[11]Ignorance is no defense. To benefit pro se litigants, this Court has published a "pro se handbook" that specifically warns pro se litigants that they must comply with all applicable rules and procedures, including the Federal Rules of Civil Procedure, the Local Rules, the Court's General Orders, and judges' individual procedures (available under the individual judge's name in the "Judges" tab).

the presiding district judge rules on the pending dispositive motions, they may express that agreement in their jointly filed report. That said, the parties are not excused from their obligation to meet and confer and to file a Rule 26(f) report.

As a third basis for denying Plaintiff's motion, both City and County Defendants argue that the disputed discovery requests are well within the scope of permissible discovery in this case, and on their face do not support a protective order. *See* Rule 26(c). Too much of the Court's time has been spent in reviewing the record and Plaintiff's improperly filed motion. Because no written discovery requests are pending and Plaintiff's motion is denied on procedural grounds, the undersigned declines to reach the merits of the motion for protective order.

### III.     Conclusion and Order

Accordingly, **IT IS ORDERED**:

1. Plaintiff's motion for a protective order (Doc. 39) is **DENIED**;
2. Plaintiff is forewarned that pro se litigants are not excused from complying with all applicable civil rules of procedure and all Orders of this Court, including Standing Orders. Should Plaintiff file an improper discovery motion or fail to fully comply with the same civil rules and procedures in the future, he may be subject to sanctions;
3. Based on the age of this case, the parties are directed to file their joint Rule 26(f) report not later than fourteen (14) days from the date of this Order;
4. Within three (3) days of the date of this Order, Plaintiff must contact all defense counsel in writing via email and list not fewer than four (4) times on weekdays during which Plaintiff is available to meet and confer telephonically for a Rule

11

26(f) conference. The referenced dates must allow sufficient time for compliance with paragraph 3 of this Order, and any specified times must fall between the hours of 9 a.m. and 5 p.m. Eastern Standard Time.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge