IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Jose Maria DeCastro<br>_____ : | : | 1:22-cv-00204<br>Case No. _____ |
| Plaintiff(s) | : | |
| | : | Judge Michael R. Barrett |
| v. | : | |
| Pam Wagner, et al.,<br>_____ | : | **JOINT DISCOVERY PLAN**<br>(RULE 26(f) REPORT)<br>(REQUIRED FORM) |
| Defendant(s) | : | |

Now come all parties to this case, by and through their respective counsel, and hereby jointly submit to the Court this Joint Discovery Plan, pursuant to the Court's Trial Procedure Order. The parties conducted their discovery conference on ____July 24, 2023____.

**A.** **MAGISTRATE CONSENT**

The Parties:

☐ unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c).

☒ do not unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c).

☐ unanimously give contingent consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c), for trial purposes only, in the event that the District Judge assigned is unavailable on the date set for trial (e.g. because of other trial settings, civil or criminal).

**B.    RULE 26(a) DISCLOSURES**

☐    The parties have exchanged pre-discovery disclosures required by Rule 26(a)(1).

☒    The parties will exchange such disclosures by ___8/4/23___

☐    The parties are exempt from disclosures under Rule 26(a)(1)(E).

NOTE:   Rule 26(a) disclosures are <u>not</u> to be filed with the Court.

**C.    DISCOVERY ISSUES AND DATES**

1. Discovery will need to be conducted on the issues of
The parties anticipate discovery regarding the issues of liability and the nature and extent of Plaintiff's damages.  The parties shall limit discovery to the relevant claims and defenses raised by the parties in the pleadings.

2. The parties recommend that discovery

    ☒    need not be bifurcated

    ☐    should be bifurcated between liability and damages

    ☐    should be bifurcated between factual and expert

    ☐    should be limited in some fashion or focused upon particular issues which relate to_____

3. Disclosure and report of Plaintiff(s) expert(s) by ___12/4/23___

4. Disclosure and report of Defendant(s) expert(s) by___1/12/24___

5. Disclosure and report of rebuttal expert(s) by ___2/16/24___

6. Disclosure of non-expert (fact) witnesses___11/15/23___

7. Discovery cutoff ___4/5/24___

2

8. Anticipated discovery problems

[X] Plaintiff raised concerns regarding the availability of all parties.

☐ None

9. Describe the subjects on which discovery is to be sought and the nature, extent and scope of discovery that each party needs to: (1) make a settlement evaluation, (2) prepare for case dispositive motions, and (3) prepare for trial:

For purposes of settlement evaluation and preparation of dispositive motions, the parties will initially engage in written discovery. After written discovery is completed, the parties will begin depositions of the lay witnesses. After depositions of lay witnesses are complete, the parties will finalize any liability expert discovery. If there is additional damage discovery that will be necessary to prepare for trial.

10. Discovery of Electronically Stored Information. The parties have discussed disclosure, discovery, and preservation of electronically stored information, including the form or forms in which it should be produced.

__X__ Yes

_____ No

i. The parties have electronically stored information in the following formats:

The parties may have electronically stored information in the following formats: Word.doc, .pdf, .pst, .msg, phone data formats, and other types of ESI identified in discovery. The parties agree to make ESI available in accessible formats and to maintain ESI in its native format. The parties agree that ESI requested shall be proportional to the claims or remaining claims in the case. Factors to be considered in proportionality include the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues and whether the burden or expense of the proposed discovery outweighs its likely benefit.

ii. The case presents the following issues relating to disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced:

____ None known.  _____

_____

11. Claims of Privilege or Protection. The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evid. 502.

    __X__ Yes

    _____ No

i. The case presents the following issues relating to claims of privilege or of protection as trial preparation materials:

None known except to the extent there are issues related to discussions with the prosecutor as statutory counsel to Defendants.

ii. Have the parties agreed on a procedure to assert such claims AFTER production?

    _____ No

    _____ Yes

    _____ Yes, and the parties ask that the Court include the following agreement in the scheduling order:

Any material erroneously or inadvertently produced that is protected by the attorney-client privilege or attorney-work product, may be clawed back by the party who erroneously or inadvertently produced such information, by providing reasonable notice to the receiving party, and the receiving party shall destroy such information and shall not use any information obtained from such review in the prosecution or defense of the claims and defenses alleged herein. No inadvertent production of attorney-client privileged information or attorney-work product shall operate as a waiver of the attorney-client privilege.

**D.** **LIMITATIONS ON DISCOVERY**

    1.    Changes in the limitations on discovery

        ☐    Extension of time limitations (currently one day of seven hours) in taking of depositions to _____.

        ☐    Extension of number of depositions (currently 10) permitted to _____.

        ☒    Extension of number of interrogatories (currently 25) to __35__.

        ☐    Other: _____

        ☐    None

**E.** **PROTECTIVE ORDER**

    ☐    A protective order will likely be submitted to the Court on or before _____.

    ☒    The parties currently do not anticipate the need for a protective order. If the parties subsequently deem that one is necessary, they will submit a joint proposed order to the Court. Such order will be in compliance with *Procter & Gamble Co. v. Bankers Trust Co.,* 78 F. 3d 219 (6th Cir. 1996).

**F.** **SETTLEMENT**

A settlement demand _____ has __X__ has not been made.

A response _____ has __X__ has not been made.

A demand can be made by __7/31/23__

A response can be made by __30 days thereafter__

5

**G.** **MOTION DEADLINES**

1. Motion to amend the pleadings and/or add parties by  30 days after a decision on the pending dispositive motions
2. Motions relative to the pleadings by  30 days after any amendment by Plaintiff
3. Dispositive motions by  5/10/24

**H.** **OTHER MATTERS PERTINENT TO MANAGEMENT OF THIS LITIGATION**

There are currently pending motions to dismiss or for judgment on the pleadings that may lead to a need to change some of the proposed dates.

The parties propose that discovery be stayed or limited pending a decision on Defendants' motions.

Signatures:  /s/ Jose Maria DeCastro per email approval 7/31/23            /s/ Dawn M. Frick

Attorney for Plaintiff(s)                Attorney for Defendant(s)

/s/ Cassaundra Sark per email approval 7/29/23