**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| JOSE MARIA DECASTRO, | Case No. 1:22-CV-204 |
| Plaintiff, | Judge Michael R. Barrett |
| v. | |
| PAM WAGNER, et al., | **OPINION & ORDER** |
| Defendants. | |

This matter is before the Court on the motion to dismiss for failure to state a claim, (Doc. 21), filed by Defendants Major Chapman, Jane Doe, and Lawrence County ("County Defendants"), and the motion for judgment on the pleadings, (Doc. 23), filed by Defendants Chance Blankenship, Robert Fouch, Evan McKnight, Brad Spoljaric, Pam Wagner, and the City of Ironton ("City Defendants"). Plaintiff Jose Maria Decastro has responded in opposition. (Doc. 32).

I. **FACTUAL BACKGROUND**

In March 2022, Decastro—a California resident and self-described "videographer, vlogger, and civil rights activist[] who has been . . . publishing his recordings . . . on media forums such as YouTube, Facebook, Instagram, and the like since approximately 2020"— was at the Ironton City Hall with approximately fourteen other individuals, "waiting hours for a permit to use one of the rooms for a constitutional teaching session." (Doc. 20, PageID 134). Shortly before 5:00 PM, Decastro alleges that a city employee announced that the building was closing and would be locked. (*Id.*, PageID 134-35). After the building had closed but before Decastro was able to leave, he alleges that Wagner approached

1

him "and began yelling suddenly . . . to 'cease and desist his disorderly conduct.'" (*Id.*, PageID 135). Decastro was then arrested by Spoljaric, Blankenship, McKnight, and Fouch, and "was taken to the booking area where several criminal charges were brought against him." (*Id.*).

When Decastro posted bond approximately two hours after his arrest, his iPhone 12 Pro Max was not among the possessions that were returned to him. (*Id.*). Despite visiting the Ironton Police Department four times between late-March and early-April to request the return of his phone, Decastro alleges that that the phone was withheld from him until April 28. (*Id.*, PageID 136). Decastro filed a municipal court replevin action, which was dismissed after his phone was returned and "no evidence was presented as to any damages." (Doc. 23, PageID 217). Decastro now alleges that his phone was searched and damaged to the point of being "no longer usable." (Doc. 20, PageID 136).

In April 2022, during the pendency of his state court proceedings, Decastro initiated the instant action under 42 U.S.C. § 1983, alleging that the Defendants violated his First, Fourth, and Fourteenth Amendment rights. (Doc. 1). He then amended his complaint to include only claims against the City Defendants. (*See* Doc. 20). The County Defendants moved to dismiss for failure to state a claim and the City Defendants moved for judgment on the pleadings.

## II.  LEGAL STANDARDS

In reviewing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), this Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true and draw all reasonable inferences in favor of the plaintiff." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th

Cir. 2008) (quoting *Directv, Inc. v Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain factual allegations that "raise a right to relief above the speculative level," such that the claim "is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008).

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6). *Monroe Retail, Inc. v. RBS Citizens, N.A.*, 589 F.3d 274, 279 (6th Cir. 2009). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007) (quoting *S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)). A motion for judgment on the pleadings is appropriately granted "when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Id.* (quoting *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991)).[1]

---

[1] Although the Federal Rules of Civil Procedure mandate that a Rule 12(b)(6) or Rule 12(c) motion "must be treated as one for summary judgment under Rule 56" if the parties rely on "matters outside the pleadings," Fed. R. Civ. P. 12(d), courts are permitted to consider "documents necessarily embraced by

3

### III. ANALYSIS

First, as for the County Defendants, Decastro fails to state a claim against them. Although Decastro included the County Defendants in his initial complaint, he omitted them as named defendants in his amended complaint. "Generally, amended pleadings supersede original pleadings," *Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 617 (6th Cir. 2014), and this is particularly so "if the amended pleading 'is complete in itself and does not refer to or adopt a former pleading,'" *Braden v. United States*, 817 F.3d 926, 930 (6th Cir. 2016) (quoting *Shreve v. Franklin Cnty.*, 743 F.3d 126, 131 (6th Cir. 2014)). Decastro gave no indication that he intended to incorporate his original complaint into his amended complaint, and he has repeatedly failed to address the County Defendants' assertion that their omission from the amended complaint functions as a voluntary dismissal of the claims against them.[2] Accordingly, the Court will grant the County Defendants' motion to dismiss.

As for the City Defendants, Decastro alleges that they (1) violated his Fourth Amendment rights by arresting him without probable cause and conducting an illegal search of his phone; (2) violated his Fourteenth Amendment rights by withholding his property without due process; and (3) retaliated against him after he chose to exercise his First Amendment rights. He also alleges that the City of Ironton perpetuated institutional policies enabling the suppression of his First Amendment rights.[3]

---

the complaint" without converting a motion, *GWG DLP Funding V, LLC v. PHL Variable Ins. Co.*, 54 F.4th 1029, 1033 (8th Cir. 2022).

[2] Decastro does refer generally to Chapman in the body of his amended complaint, but he nevertheless omits the allegations that were included in his original complaint. This serves as a further indication to the Court that Decastro did, indeed, intend to dismiss his claims against the County Defendants.

[3] As he did with the County Defendants, Decastro also omitted the City of Ironton from the caption of his amended complaint. However, because the body of Decastro's amended complaint still contains a claim against the City of Ironton, the Court will address it.

4

### a. Fourth Amendment Claim

"[A] warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed." *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004); *cf. United States v. Jimenez*, 654 F. App'x 815, 819 (6th Cir. 2016) ( "Probable cause exists where the facts, at the time of the arrest, were sufficient to lead a prudent person to believe that a crime had been committed or was in the process of being committed."). A post hoc determination of probable cause is based upon the reasonable conclusions "drawn from the facts known to the arresting officer at the time of the arrest," *Devenpeck*, 543 U.S. at 152, and "[i]n order for a wrongful arrest claim to succeed under § 1983, a plaintiff must prove that the police lacked probable cause," *Fridley v. Horrighs*, 291 F.3d 867, 872 (6th Cir. 2002).

Decastro argues that the City Defendants should have escorted him off the premises instead of arresting him, but he points to no legal authority standing for the proposition that they were *required* to do so. More to the point, Decastro does not show that he was entitled to be in the building after it had closed, nor does he allege, beyond a single conclusory sentence, that the City Defendants lacked probable cause to arrest him. Putting aside factual disparities between Decastro's filings, he cannot successfully assert a Fourth Amendment claim for wrongful arrest because he was, by his own admission, in violation of Ohio's criminal trespassing statute when he chose to remain in the building after it closed without the privilege to do so. *See* Ohio Rev. Code. § 2911.21(A)(1)-(5).

In support of his claim that the City Defendants conducted an unlawful search of his phone, Decastro notes that officers applied for a search warrant. That application was denied, with the municipal court judge concluding that "the arresting officer or officers had

5

probable cause to take the phone," but did not have "probable cause to search the contents of the phone." (Doc. 23, PageID 213). Aside from a conclusory allegation, however, Decastro offers nothing to show that the City Defendants defied that court order and actually searched his phone without a legal basis. As a result, his Fourth Amendment claim fails.

### b. Fourteenth Amendment Claim

"To present a procedural due process claim under 42 U.S.C. § 1983, the plaintiff must 'show that the defendant acted under the color of state law to deprive the plaintiff of a definite liberty or property interest.'" *Doe v. Dewine*, 910 F.3d 842, 851 (6th Cir. 2018) (quoting *Mich. Paytel Joint Venture v. City of Detroit*, 287 F.3d 527, 539 (6th Cir. 2002)). "If satisfactory state procedures are provided in a procedural due process case, then no constitutional deprivation has occurred despite the injury." *Jefferson v. Jefferson County Pub. Sch. Sys.*, 360 F.3d 583, 587-88 (6th Cir. 2004).

Here, Decastro alleges that his "phone was not returned to [him] when he was released from custody, he was required to file a replevin to retrieve the phone, then it was damaged when it was returned." (Doc. 32, PageID 421). He does not allege that the state remedies available to him were inadequate, however, and in fact acknowledges that he was able to file a replevin action that afforded him procedural due process and provided for the return of his property. To that end, "§ 1983 ultimately will provide a potential constitutional remedy only if available state *post*-seizure remedial procedures were inadequate to correct the averred due process violation." *Ross v. Duggan*, 402 F.3d 575, 583 (6th Cir. 2004) (citing *Vicory v. Walton*, 721 F.2d 1062, 1065-66 (6th Cir. 1984)).

Because Decastro regained possession of his cell phone and did so by way of an adequate state procedural remedy, this claim cannot succeed. And as for Decastro's claim that his phone was damaged upon return, it finds no support in the record. A municipal court order reflects that the court observed Wagner returning Decastro's phone and notes that "no evidence was presented as to any damages." (Doc. 23, PageID 217). There is no indication that Decastro contested that finding or otherwise alerted the court to any damage at any time, and he otherwise fails to put forth factual allegations sufficient to lend plausibility to his claim.

### c. First Amendment Claim

In order to prevail on a First Amendment retaliation claim, a plaintiff must show (1) he engaged in a protected activity; (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that protected activity; and (3) the adverse action was motivated by the protected activity. *Sensabaugh v. Halliburton*, 937 F.3d 621, 627-28 (6th Cir. 2019). Decastro alleges that his arrest was "designed to prevent and deter his First Amendment protected activities to record the police and other public officials and to report on their activities in Ironton." (Doc. 32, PageID 415).

Notwithstanding the question of whether filming government officials qualifies as a protected activity, *see, e.g.*, *Thomas v. City of Circleville*, No., 2:23-CV-1474, 2023 U.S. Dist. LEXIS 95237, at *22 (S.D. Ohio May 31, 2023) ("Several circuit courts and at least one court in this district have held that the First Amendment protects the public's right to film police and other government agents subject to reasonable restrictions."), Decastro cannot satisfy the third prong of this analysis. Absent a showing that officers arrested an

7

individual without probable cause, "a retaliatory arrest claim fails." *Nieves v. Bartlett*, 587 U.S. ____, 139 S. Ct. 1715, 1725 (2019); *see Hartman v. Thompson*, 931 F.3d 471, 484 (6th Cir. 2019). And because officers had probable cause to arrest Decastro, he cannot show a First Amendment violation.

### d. *Monell* Claim

Finally, Decastro alleges that the City of Ironton "promulgated the custom action or policies which enables officers like the defendants to target proponents of First Amendment protected activities." (Doc. 20, PageID 140). "A municipality can be liable under § 1983 when its official 'policy or custom' triggers a violation of a plaintiff's constitutional rights." *B.R. v. McGivern*, 714 F. App'x 528, 536 (6th Cir. 2017) (quoting *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 694-95 (1978)). Critically, however, no such liability exists "without an underlying constitutional violation." *Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014); *Scott v. Clay County*, 205 F.3d 867, 879 (6th Cir. 2000). And because Decastro has failed to plausibly allege a constitutional violation, his *Monell* claim cannot succeed.[4]

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the County Defendants' motion to dismiss, (Doc. 21), and the City Defendants' motion for judgment on the pleadings, (Doc. 23). Decastro's complaint, (Doc. 20), is hereby **DISMISSED**.

**IT IS SO ORDERED.**

                                         ___/s/ Michael R. Barrett___
                                         Michael R. Barrett, Judge
                                         United States District Court

---

[4] Consequently, the Court declines to reach the issue of qualified immunity.