IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DISTRICT

| | |
|---|---|
| JOSE MARIA DECASTRO | ) Case No. 22-cv-00204 |
| *Plaintiff*, | ) |
| vs. | ) |
| PAM WAGNER, et al. | ) |
| *Defendants*. | ) |

**PLAINTIFF'S MOTION TO RECONSIDER**

Plaintiff Jose Maria DeCastro ("Plaintiff"), pursuant to Fed. R. Civ. P. Rule 59(e), respectfully moves this Court to reconsider its Order entered on August 3, 2023 (ECF No. 47) granting the City Defendants' Motion for Judgement on the Pleadings (ECF No. 23).

In support of this motion, Plaintiff submits a Memorandum of Points and Authorities, filed concurrently, and incorporated here, records in this action, on the oral argument of counsel, if any, and on such other and further evidence as the Court might deem proper.

**INTRODUCTION**

On September 15, 2022, Plaintiff filed a First Amended Complaint ("FAC") (ECF No. 20) in this action, including a jury trial demand, containing claims for violations of his civil rights under the First, Fourth, and Fourteenth amendments of the United States Constitution, against Defendants Pam Wagner, Brad Spoljaric, Chance Blankenship, Evan McNight, and Robert Fouch in their individual capacity and in their official capacities under a Monell claim. The First Amendment claims included freedom of the press, freedom of speech, and freedom to assemble and express his views through protest and petition. The Fourth Amendment claims included his right to be free from unwarranted search and seizure. The Fourteenth Amendment claims include

inequal protection, unlawful arrest, deprivation of property without due process, and lack of due process due to vague statutes. Besides the facts alleged in the FAC, Plaintiff included an exhibit which contained video of the incidents.

In general, Plaintiff was in a traditionally public forum, the city hall, exercising his First Amendment rights, at a time when the city hall was open to the public, at which time Plaintiff was arrested without probable cause or a warrant. Even if Plaintiff was arrested for probable cause, Plaintiff raised the constitutionality of the criminal statute applied to chill his rights.

On September 29, 2022, the individual defendants and the City of Ironton ("Defendants") filed a motion ("Motion") for a judgement on the pleadings (ECF No. 23) in their favor that would dismiss the FAC with prejudice.

In general, the Defendants alleged that they had probable cause or qualified immunity, and they argued pleading failures in the FAC in that Plaintiff failed to allege facts sufficient to show that he had exhausted state remedies or allege facts sufficient to show that there were policies or training failures under Monell.

On January 13, 2023, after being granted leave to extend his response deadline, Plaintiff filed an opposition ("Opposition") (ECF No. 32) to the Motion.

In general, Plaintiff argued that there was no probable cause, that there were insufficient facts to show probable cause, and that where there is no probable cause, there is no qualified immunity. Plaintiff also alleged further facts that show he exhausted his state remedies and that an amendment would not be futile. Finally, Plaintiff argued that at that stage the facts must be weighed in the light most favorable to the plaintiff.

On February 10, 2023, Defendants filed a reply ("Reply") (ECF No. 36) to Plaintiff's Opposition.

In general, the Defendants raised pleading failures of the FAC, that Plaintiff didn't allege that his phone was searched or that he was exercising constitutionally protected activity when he was arrested and that he didn't associate a policy with the Monell behavior. Additionally, the Defendants argue that the Ohio laws applied to the facts constitute illegal trespass by the Plaintiff.

On August 3, 2023, this Court entered an order ("Order") granting the Defendants Motion, in part, dismissing the FAC, but without prejudice.

Plaintiff brings the instant motion for reconsideration of this Court's Order on August 3, 2023, due to errors of law or fact, errors of procedure or evidence, mistake, inadvertence, or surprise.

## POINTS AND AUTHORITIES

**A. Judgement on the Pleadings fact-based analysis, including probable cause.** "In assessing the pleadings, we take as true all well-pleaded material allegations. The motion [for judgment on the pleadings] is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Bickley v. Dish Network, LLC*, 751 F.3d 724, 733 (6th Cir. 2014).

Where this Court interpreted the Motion as a Motion for Judgment on the Pleadings under Fed. R. Civ. P. 12(c) and decided that there were no material issues of fact for trial, this Court made an error of law because Plaintiff alleges a lack of probable cause and Defendants allege the opposite.

Although in the Sixth Circuit, the burden of proof for lack of probable cause is on the claimant, Plaintiff has consistently alleged that the Defendants lacked probable cause (FAC, ¶10

– 11, ¶25 - 26; Opposition, ¶3 - 4, ¶14 – 20, ¶26, ¶31), and proof is not required until later stages of this action.

Where this Court interpreted the Motion as a Motion for Judgment on the Pleadings under Fed. R. Civ. P. 12(c) and decided the facts, this Court made errors of law by not taking as true Plaintiff's allegations, by failing to find on a sufficiency of evidence, and by acting as a finder of fact without the jury since probable cause is a fact-based analysis. *Thomas v. Croft,* No. 2:10-cv-74, 2011 U.S. Dist. LEXIS 48442, at *3 (S.D. Ohio May 4, 2011).

"The determination of probable cause is an inherently fact-based analysis that must be conducted on a case-by-case basis." *United States v. Frechette*, 583 F.3d 374, 380 n.3 (6th Cir. 2009). Additionally, Defendants have not alleged which circumstances the police officers were reasonably aware of when Plaintiff was arrested. Here, probable cause was not decided by a jury, which comprises an error of law. Probable cause is a defense from liability, not a defense from suit. *Pierson v. Ray*, 386 U.S. 547, 557, 87 S. Ct. 1213, 1219 (1967).

Where this Court interpreted the Motion as a Motion for Judgment on the Pleadings under Fed. R. Civ. P. 12(c), this Court made an error by not putting the burden of showing that there are no genuine issues of material fact on the moving party, the Defendants.

"The moving party has the burden of demonstrating that there is no genuine issue as to any material fact, and a [judgment on the pleadings] is to be entered if the evidence is such that a reasonable jury could find only for the moving party.*" Wilson-Bey v. Zak*, No. 05-71472, 2006 U.S. Dist. LEXIS 10932, at *4 (E.D. Mich. Mar. 17, 2006) (Citing a Supreme Court decision).

Here, the Defendants fail to even allege that there is no genuine issue of material fact in their Motion. The closest Defendants come is alleging that they are entitled to a judgment on the pleadings if there are no material issues of fact (Motion, 4 ¶3).

4

If Defendants had established probable cause, Plaintiff alleges that the trespass statute then is inherently unconstitutional because it was used to chill his civil rights. The statute may be void-for-vagueness or overly broad. Alternatively, that probable cause may exist but that officers typically exercise their discretion not to do so, and so exercised their discretion to arrest Plaintiff because of retaliation.

Under Rule 12(c), a party cannot move for judgment on the pleadings until after the pleadings have "closed." Fed. R. Civ. P. 12(c). See also *Hoskins v. Knox Cnty.*, No. 17-84-DLB-HAI, 2018 U.S. Dist. LEXIS 42694, at *9 (E.D. Ky. Mar. 15, 2018) (collection of cases). Here, no answers had been filed.

Here, this Court has made several errors of law and fact by dismissing the majority of Plaintiff's claims as not surviving an untimely and improper probable cause analysis.

**B. Lower pleading standards.** This Court has decided in its Order that "Decastro argues that the City Defendants should have escorted him off the premises instead of arresting him, but he points to no legal authority…"

To state a civil rights claim under 42 U.S.C. § 1983, "a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009).

Plaintiff is only required to plead the facts, not make legal conclusions. Plaintiff did plead and did include video evidence of him entering a traditionally public forum to exercise his First Amendment rights and that he was denied a permit and arrested as a result, and that this is a policy of the policing organization either due to a written policy or failure to train. Plaintiff further alleges based on information and belief that his arrest was retaliatory for his exercising

his rights, and that evidence of retaliation will be available through discovery, specifically that the trespass enforcement is not content neutral. Moreover, Plaintiff's rights were chilled if the actions of the Defendants would chill a person of ordinary firmness, regardless of whether they actually chilled Defendant's. *Alsaada v. City of Columbus*, 536 F. Supp. 3d 216, 268 (S.D. Ohio 2021). Besides the claims raised, Plaintiff has likely also stated facts sufficient for claims of fabrication of evidence, supervisor liability, failure to intervene, conspiracy, and abuse of power by a jailer, among others.

Here, "Defendants ostensibly arrested Plaintiff for violating Ohio's criminal trespass law. However, if instead, as Plaintiff appears to allege, Defendants arrested him because of the content of his speech, then Defendants acted in violation of the First Amendment in ways that should have been clear to a reasonable officer." *Logsdon v. Hains*, 492 F.3d 334, 346 (6th Cir. 2007).

This Court cited "Absent a showing that officers arrested an individual without probable cause, 'a retaliatory arrest claim fails.'" *Citing Nieves v. Bartlett*, 587 U.S., 139 S. Ct. 1715, 1725 (2019) and *Hartman v. Thompson*, 931 F.3d 471, 484 (6th Cir. 2019). These cases are distinguished by the fact that they are summary judgment motions, where a "showing" of evidence is appropriate. Requiring a showing of evidence at this stage in the pleading is inappropriate. *Wesley v. Campbell*, 779 F.3d 421, 428 (6th Cir. 2015).

Here, this Court made an error when applying pleading standards to the FAC.

**C. Trespass.** This Court has ruled that Plaintiff was "by his own admission, in violation of Ohio's criminal trespassing statute when he chose to remain in the building after it closed without privilege to do so." This is false, and is not supported by the pleadings. To the contrary, the FAC states "At approximately 5 p.m. a City of Ironton employee announced that the building

6

was going to be closed and locked. DECASTRO was not given time to leave the building." FAC, ¶10-11.

Plaintiff had privilege when he entered and he did not lose privilege because 1) the building was not closed to the public, and 2) he had not been ordered to leave by someone with the authority to revoke his privilege. Although Plaintiff did not have his privilege revoked, Plaintiff continued to protest for the privilege to remain beyond the normal closing hours to exercise his First Amendment rights. At no time was Plaintiff denied that privilege.

Regardless of usual business hours or posted business hours, a person has a privilege to enter an establishment when it is "open to the public", and an unlocked door during business hours continues to extend a tacit invitation to the public. *STATE v. KILGORE*, C.A. Case No. 17880, 2000 Ohio App. LEXIS 2612, at *7-8 (Ct. App. June 16, 2000). Here, plaintiff's privilege was not revoked simply from some unknown person telling him that the building "was going to be closed", which also, by definition, indicates a time in the future.

By the wording of the O.R.C. 2911.21(A)(1) trespass statute, including the word "knowingly", it is clear that the intent of the statute is to require intent. Here, Plaintiff did not allege intent, but the opposite. Defendants further fail to allege intent.

Neither Plaintiff or Defendants have alleged that any of the Defendants had the authority to revoke Plaintiff's privilege in the City Hall. Defendants failure to allege authority is the grounds for an adverse inference.

This Court must interpret the statute to be constitutional even if that interpretation departs from the most natural reading. *Jennings v. Rodriguez*, 138 S. Ct. 830, 869 (2018). Here, this Court failed to interpret the Ohio trespass statute so that it does not violate Plaintiff's constitutional rights.

Plaintiff made a lawful entry of the City Hall. Plaintiff's privilege was not revoked, specifically by anyone that was authorized to do so. The City Hall was still open to the public when Plaintiff was arrested. Members of the public remained inside, and the doors remained unlocked. This Court has made numerous legal errors in deciding otherwise.

**D. Search of Plaintiff's phone.** This Court found that Plaintiff only made a conclusory allegation of his phone being searched. This is false and not supported by the pleadings. In the FAC at ¶16 and Opposition at ¶7, plaintiff states facts sufficient to show why he has knowledge and belief, based on the sim card and tray missing and that the area of insert was damaged. Additionally, the attempt to get a search warrant is an indication of intent, and the fact that his phone wasn't immediately available shows that the Defendants wished to maintain it as evidence. Further, Defendants do not deny having searched the phone which is grounds for an adverse inference, and discovery will provide additional evidence or admission.

**E. State remedies for damaged phone.** This Court found that Plaintiff does not allege that the state remedies available to him were inadequate. This is false and not supported by the pleadings. Plaintiff stated the results of the state replevin action as being "WAGNER stated that she had no idea what happened to the phone", FAC ¶ 16. Further, that Plaintiff was not afforded an opportunity to report any damages, Opposition ¶24. It is clear that the state procedure did not remedy the constitutional violation. Additionally, *Ross v. Duggan*, 402 F.3d 575, 583 (6th Cir. 2004), which this Court cites, is distinguishable in that it was for illegal seizure of property and not illegal search. Additionally, the Defendants in their individual capacities do not represent the state.

This Court also finds that "no evidence was presented as to any damages", citing the Defendants allegations in its Motion. This was false when the Defendants said it, and it is false when the Court said it. See FAC ¶16 – 17, and Opposition, ¶7, ¶23 – 24.

Here, this Court made errors of fact.

**F. Leave to Amend.** "When a motion to dismiss a complaint is granted, courts typically permit the losing party leave to amend." *PR Diamonds, Inc., v. Chandler*, 364 F.3d 671, 698, 91 Fed. Appx. 418 (6th Cir. 2004).

Plaintiff requested leave to amend prior to dismissal at Opposition ¶39.

A district court should normally grant a *pro se* plaintiff leave to amend where the plaintiff could possibly cure the pleading defects by pleading additional facts, even where the plaintiff has not requested leave to amend. See *Brown v. Matauszak*, 415 F. App'x 608, 614 (6th Cir. 2011) (stating that "generally, [i]f it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend" (internal quotation marks omitted)).

A district court's failure to grant leave to amend a complaint will be reviewed for an abuse of discretion.

**G. Excusable error by Plaintiff.** The court will consider documents filed after the complaint "as part of the pleadings." *Flournoy v. Seiter*, 835 F.2d 878, 1987 WL 24129 (6th Cir. 1987). Here, Plaintiff has submitted facts in later documents.

In general, Plaintiff lays out the facts for all of his claims, and presents sufficient facts to raise non-frivolous issues in his filings. Plaintiff expected to be able to amend his complaint at least a second time, preferably after discovery had been completed.

Errors of law or fact, errors of procedure or evidence, mistake, or inadvertence or surprise caused Plaintiff to leave out allegations in his FAC.

## CONCLUSION

Plaintiff respectfully requests for Defendants Motion to be denied and for leave to amend his FAC.

DATED: August 16, 2023    Respectfully submitted,

/s/ Jose Maria DeCastro
Jose Maria DeCastro, Pro Se
1258 Franklin Street
Santa Monica, CA 90404
(310) 963-2445
Email: iamalaskan@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ Jose Maria DeCastro