IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DISTRICT

| | |
|---|---|
| JOSE MARIA DECASTRO ) | Case No. 22-cv-00204 |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| vs. ) | |
| ) | |
| PAM WAGNER, et al. ) | |
| ) | |
| *Defendants*. ) | |
| _____ ) | |

**PLAINTIFF'S SECOND MOTION TO RECONSIDER**

Plaintiff Jose Maria DeCastro ("Plaintiff"), pursuant to Fed. R. Civ. P. Rule 59(e), respectfully moves this Court to reconsider its Order ("Order") entered on August 3, 2023 (ECF No. 47) granting the County Defendants' Motion ("Motion") to dismiss for failure to state a claim (ECF No. 21).

In support of this motion, Plaintiff submits a Memorandum of Points and Authorities, filed concurrently, and incorporated here, records in this action, on the oral argument of counsel, if any, and on such other and further evidence as the Court might deem proper.

**INTRODUCTION**

On September 15, 2022, Plaintiff filed a First Amended Complaint ("FAC") (ECF No. 20) in this action, including a jury trial demand, containing claims for violations of his civil rights under the First, Fourth, and Fourteenth amendments of the United States Constitution, against Defendants Pam Wagner, Brad Spoljaric, Chance Blankenship, Evan McNight, and Robert Fouch in their individual capacity and in their official capacities under a Monell claim. The First Amendment claims included freedom of the press, freedom of speech, and freedom to assemble and express his views through protest and petition. The Fourth Amendment claims included his

right to be free from unwarranted search and seizure. The Fourteenth Amendment claims include inequal protection, unlawful arrest, deprivation of property without due process, and lack of due process due to vague statutes. Besides the facts alleged in the FAC, Plaintiff included an exhibit which contained video of the incidents.

In general, Plaintiff was in a traditionally public forum, the city hall, exercising his First Amendment rights, at a time when the city hall was open to the public, at which time Plaintiff was arrested without probable cause or a warrant. Even if Plaintiff was arrested for probable cause, Plaintiff raised the constitutionality of the criminal statute applied to chill his rights.

On September 20, 2022, the Lawrence County Defendants ("Defendants") filed a motion to dismiss Plaintiff's FAC for failure to state a claim (ECF No. 21).

In general, the Defendants alleged that the filing of the FAC eliminates Lawrence County as defendants because they are no longer "named", and that the FAC fails to make any claims against them. Additionally, Defendants argue that a social security number is not protected by any right to privacy.

On January 13, 2023, after being granted leave to extend his response deadline, Plaintiff filed an opposition ("Opposition") (ECF No. 32) to the Motion.

In general, Plaintiff argued that there were sufficient facts pled, that at that stage the facts must be weighed in the light most favorable to the plaintiff and that a complaint will not be dismissed merely because it contains an imperfect statement of the legal theory of a claim, and that a § 1983 complaint must only plead facts which establish the claim.

The Defendants did not file a reply.

On August 3, 2023, this Court entered an order ("Order") granting the Defendants Motion, dismissing the FAC.

In General, this Court ruled because the Plaintiff "repeatedly failed to address the County Defendants' assertion that their omission from the amended complaint functions as a voluntary dismissal of the claims against them."

Plaintiff brings the instant motion for reconsideration of this Court's Order on August 3, 2023, due to errors of law or fact, errors of procedure or evidence, mistake, inadvertence, or surprise.

## POINTS AND AUTHORITIES

**A. Not required to deny Defendants' assertions.** This court asserted that the Plaintiff "repeatedly failed to address the County Defendants' assertion that their omission from the amended complaint functions as a voluntary dismissal of the claims against them." This is false and is not supported by the pleadings. Plaintiff only made one response to Defendants' motion, and it was an opposition. This would constitute a single "failure".

As Plaintiff argued in his Opposition, A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure challenges a complaint's compliance with the pleading requirements of the Federal Rules. In reviewing a motion brought pursuant to Rule 12(b)(6), the reviewing Court 'accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff.' *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."" Id. (citing *Twombly*, 550 U.S. at 556). Moreover, a complaint will not be

3

dismissed merely because it contains an "imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 135 S. Ct. 346, 346, 190 L.Ed.2d 309 (2014). See also *Conley v. Gibson,* 355 U.S. 41, 46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957).

Here, Plaintiff was not required to make any legal argument, let alone deny Defendants' incorrect legal conclusions.

For the FAC, Plaintiff had learned that naming a government employee in their official capacity also names their employer and did not wish to name them twice. *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003). Here, Lawrence County and other government entities are still named on the FAC because of the individual defendants being named in their official capacity. Additionally, if discovery showed other liable entities, Plaintiff might have amended the complaint to include additional defendants. Since naming Jane Does does not solve for timely filings in relation to a statute of limitations, Plaintiff saw no reason to include any. Plaintiff's FAC included enough facts to establish liability against government employers, including Lawrence County.

Before a motion is granted, and before a Plaintiff is required to oppose any argument, that motion must include a statement establishing grounds for the relief requested. Fed. R. Civ. P. Rule 7(b)(1)(B).

**B. Social security number privacy.** Whether a social security number is protected by a right to privacy, Defendants did not allege that they had any right or need for that information. A jailer threatening someone's liberty for six months if the citizen didn't do something unnecessary, and which the jailer had no authority to command, is a clear abuse of power.

**C. Lower pleading standards.** To state a civil rights claim under 42 U.S.C. § 1983, "a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a

4

right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009).

Plaintiff is only required to plead the facts, not make legal conclusions. Plaintiff did plead and did include video evidence of him entering a traditionally public forum to exercise his First Amendment rights and that he was denied a permit and arrested as a result, and that this is a policy of the policing organization either due to a written policy or failure to train. Plaintiff further alleges based on information and belief that his arrest was retaliatory for his exercising his rights, and that evidence of retaliation will be available through discovery, specifically that the trespass enforcement is not content neutral. Moreover, Plaintiff's rights were chilled if the actions of the Defendants would chill a person of ordinary firmness, regardless of whether they actually chilled Defendant's. *Alsaada v. City of Columbus*, 536 F. Supp. 3d 216, 268 (S.D. Ohio 2021). Even where a *pro se* plaintiff leaves out facts, his complaint must only be dismissed where if allowed he could prove no set of facts which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957); *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 596 (1972). Besides the claims raised, Plaintiff has likely also stated facts sufficient for claims of fabrication of evidence, supervisor liability, failure to intervene, conspiracy, and abuse of power by a jailer, among others.

Here, "Defendants ostensibly arrested Plaintiff for violating Ohio's criminal trespass law. However, if instead, as Plaintiff appears to allege, Defendants arrested him because of the content of his speech, then Defendants acted in violation of the First Amendment in ways that should have been clear to a reasonable officer." *Logsdon v. Hains*, 492 F.3d 334, 346 (6th Cir. 2007).

Here, this Court made an error when applying pleading standards to the FAC.

5

**D. Leave to Amend.** "When a motion to dismiss a complaint is granted, courts typically permit the losing party leave to amend." *PR Diamonds, Inc., v. Chandler*, 364 F.3d 671, 698, 91 Fed. Appx. 418 (6th Cir. 2004).

Plaintiff requested leave to amend prior to dismissal at Opposition ¶39.

A district court should normally grant a *pro se* plaintiff leave to amend where the plaintiff could possibly cure the pleading defects by pleading additional facts, even where the plaintiff has not requested leave to amend. See *Brown v. Matauszak*, 415 F. App'x 608, 614 (6th Cir. 2011) (stating that "generally, [i]f it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend" (internal quotation marks omitted)).

A district court's failure to grant leave to amend a complaint will be reviewed for an abuse of discretion.

**E. Excusable error by Plaintiff.** The court will consider documents filed after the complaint "as part of the pleadings." *Flournoy v. Seiter*, 835 F.2d 878, 1987 WL 24129 (6th Cir. 1987). Here, Plaintiff has submitted facts in later documents.

In general, Plaintiff lays out the facts for all of his claims, and presents sufficient facts to raise non-frivolous issues in his filings. Plaintiff expected to be able to amend his complaint at least a second time, preferably after discovery had been completed.

Errors of law or fact, errors of procedure or evidence, mistake, or inadvertence or surprise caused Plaintiff to leave out allegations in his FAC.

## CONCLUSION

Plaintiff respectfully requests for Defendants Motion to be denied and for leave to amend his FAC and for a statement of the FAC's deficiencies.

DATED: August 17, 2023                    Respectfully submitted,

/s/ Jose Maria DeCastro
Jose Maria DeCastro, Pro Se
1258 Franklin Street
Santa Monica, CA 90404
(310) 963-2445
Email: iamalaskan@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ Jose Maria DeCastro