UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JOSE MARIA DECASTRO, | : | |
| | : | Case No. 1:22-cv-204 |
| PLAINTIFF, | : | |
| | : | |
| v. | : | JUDGE BARRETT |
| | : | |
| PAM WAGNER, *et al.*, | : | MAGISTRATE JUDGE BOWMAN |
| | : | |
| DEFENDANTS. | : | |

## LAWRENCE COUNTY DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S SECOND MOTION TO RECONSIDER

On August 18, 2023, Plaintiff filed his second Motion to Reconsider (Doc. #: 51), pursuant to Fed.R.Civ.P. 59(e), regarding this Court's August 3, 2023, Order granting the Lawrence County Defendants' Motion to Dismiss.[1] For the reasons set forth below, the Defendants respectfully request this Court deny Plaintiff's Motion to Reconsider.

### I. MOTION FOR RECONSIDERATION STANDARD

A motion for reconsideration is not specifically provided for in the Federal Rules of Civil Procedure. *Kauffman v. Medina Cnty. Clerk of Courts*, No. 1:13-CV-01261, *3 (N.D. Ohio 2014). "The Sixth Circuit Court of Appeals has held that such motions are properly treated as motions to alter or amend a judgment under Rule 59(e)." *Id*. (citing *Smith v. Hudson*, 600 F.2d 60, 61 (6th Cir. 1979) ("[A] motion which asks a court to vacate and reconsider, or even to reverse its prior holding, may properly be treated under Rule 59(e) as a motion to alter or amend a judgment.")).

---

[1] This Court's August 3, 2023 Order also granted the City of Ironton Defendants' Motion for Judgment on the Pleadings. However, Plaintiff's first Motion to Reconsider (Doc. #: 49), filed on August 16, 2023, addressed the arguments for reconsideration regarding the City of Ironton Defendants.

Nonetheless, motions for reconsideration are "extraordinary in nature and, because they run contrary to notions of finality and repose, should be discouraged." *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F.Supp. 644, 669 (N.D. Ohio 1995) (quoting *In Re August, 1993 Regular Grand Jury*, 854 F.Supp. 1403, 1406 (S.D. Ind. 1994)). *See also Smith v. Queener*, No. 3:19-cv-00725, *2 (M.D. Tenn. 2021) ("Relief under Rule 59(e) is an 'extraordinary remedy' with an 'exacting standard.'"). Thus, because a motion for reconsideration is an "extraordinary remedy", it should be granted sparingly. *Smith v. Dewine*, No. 2:14-cv-198, *2 (S.D. Ohio 2014) (quoting *Am. Textile Mfrs. Inst., Inc. v. The Limited, Inc.*, 179 F.R.D. 541, 547 (S.D. Ohio 1997)).

A court may grant a Rule 59(e) motion for reconsideration when there is "a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *Dewine*, at *2 (quoting *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (internal citations omitted)). However, a motion for reconsideration cannot be used to re-argue a case, re-litigate previously considered issues, to submit evidence which could have been previously submitted in the exercise of reasonable diligence, or to attempt to obtain a reversal of a judgment by offering the same arguments previously presented. *Queener*, at *2. *See also A Renewed Mind v. Weatherby*, No. 16-3239, *5 (6th Cir. 2017) ("A party may not use a motion for reconsidering under Rule 59(e) 'to re-argue a case' or to present issues that could – and should – have been raised before judgment."). In this case, Plaintiff fails to offer grounds warranting the reconsideration he seeks.

### II. <u>PLAINTIFF'S "POINTS AND AUTHORITIES" DO NOT WARRANT RECONSIDERATION OF THIS COURT'S AUGUST 3, 2023 ORDER.</u>

Plaintiff's Motion for Reconsideration presents five "Points and Authorities" for this Court to consider: (A) Not required to deny Defendants' assertions; (B) Social security number privacy; (C) Lower pleading standards; (D) Leave to Amend; and (E) Excusable error by Plaintiff. As

explained below, Plaintiff is merely attempting to re-argue his case because he disagrees with this Court's August 3, 2023 Order. Thus, for the reasons set forth below, Defendants respectfully request this Court deny Plaintiff's Motion for Reconsideration.

### A. "Not Required To Deny Defendants' Assertions"

This Court's Order on August 3, 2023, held that Plaintiff "repeatedly" failed to address the Lawrence County Defendants' assertion that their omission from the First Amended Complaint functioned as a voluntary dismissal of the claims against them. (Doc. #: 47, PAGEID #: 560). This Court noted that Plaintiff referred "generally to Chapman in the body of his amended complaint, but he nevertheless omits the allegations that were included in his original complaint. This serves as a further indication to the Court that Decastro did, indeed, intend to dismiss his claims against the County Defendants." (Doc. #: 47, PAGEID #: 560, fn. 2). Plaintiff claims, however, that "[t]his is false" because he "only made one response to Defendants' motion, and it was an opposition." (Doc. #: 51, PAGEID #: 581). However, the Lawrence County Defendants questioned multiple times whether Plaintiff's First Amended Complaint set forth claims against them.

For example, the Lawrence County Defendants' Motion to Dismiss the First Amended Complaint stated that the amended complaint failed to name John Chapman, Jane Doe, and Lawrence County as Defendants and failed to set forth any causes of action against them. (Doc. #: 21). In fact, in the Motion to Dismiss, the following argument was made regarding the omission of the Lawrence County Defendants in the caption and the claims against them:

> "An amendment pursuant to Rule 15 that eliminates (or proposes to eliminate) all causes of action against a particular defendant is the same as a motion to dismiss under Rule 41(a)(2) as to that defendant." *Cooper v. City of Westerville*, No. 2:13-cv-427, *8 (S.D. Ohio 2014) (citing *Dee-K Enterprises, Inc. v. Heveafil Sdn. Bhd.*, 177 F.R.D. 351, 355 (E.D. Va. 1998); *Braswell v. Invacare Corp.*, 760 F.Supp.2d 679, 682-83 (S.D. Miss. 2010) (finding plaintiff's motion to amend complaint, in which she dropped a particular

3

> defendant from the action, was appropriately considered as a voluntary dismissal in accordance with Rule 41(a)(2)); *Chambers v. Time Warner, Inc.*, No. 00 Civ. 2839, 2003 WL 1107790, *2 (S.D.N.Y. 2003) ("[A] Rule 15(a) amendment eliminating a claim is the same as a Rule 41(a) voluntary dismissal of a claim.")). Accordingly, claims that are not reasserted in the amended complaint are deemed to have been voluntarily dismissed without prejudice. *In re Behr Dayton Thermal Prods., LLC Litig.*, No. 3:08-cv-326, *7 (S.D. Ohio 2012).

(Doc. #: 21). Plaintiff never addressed the issue in his Response in Opposition to the Lawrence County Defendants' Motion to Dismiss.

The Lawrence County Defendants' Reply in Support of the Motion to Dismiss (Doc. #: 33)[2] also discussed whether the aforesaid Defendants were still being sued because it was unclear whether Plaintiff's Response in Opposition was directed towards the Lawrence County Defendants. The Certificate of Service did not set forth that the Response was mailed to the Lawrence County Defendants, but it did provide that the document was being mailed to counsel for the City of Ironton Defendants. (Doc. #: 32). Moreover, the Lawrence County Defendants' Reply noted that Plaintiff's Response failed to address any arguments set forth in their Motion to Dismiss.

Additionally, Defendants' Response in Opposition to Plaintiff's Motion for a Protective Order addressed the question of whether the First Amended Complaint asserted any claims against the Lawrence County Defendants. (Doc. #: 40). Defendants' Response provided "that the Amended Complaint fails to name John Chapman, Jane Doe, and Lawrence County as Defendants and fails to set forth any causes of action against the aforesaid Defendant." (Doc. #: 40, PAGEID #: 493, fn. 1). The Response noted that "this issue, as set forth in Defendants' Motion to Dismiss,

---

[2] Plaintiff claims that the Lawrence County Defendants did not file a Reply in support of their Motion to Dismiss. A reply, which was titled as the "Lawrence County Defendants' Reply in Support of the Motion to Dismiss" was filed on January 24, 2023 (Doc. #: 33).

4

remains pending before this Court, and as a result, it is unclear whether the causes of action set forth in the Amended Complaint are against the Lawrence County Defendants." (Doc. #: 40, PAGEID #: 493, fn. 1). Plaintiff filed a Reply in support of his Motion for a Protective Order (Doc. #: 43), but failed to address whether his Amended Complaint asserted claims against the Lawrence County Defendants. Thus, this Court properly held that Plaintiff "repeatedly" failed to address the Lawrence County Defendants' assertion that their omission from the amended complaint functioned as a voluntary dismissal of the claims against them.

Plaintiff further claims that he "learned that naming a government employee in their official capacity also named their employer and did not wish to name them twice." (Doc. #: 51, PAGEID #: 582). However, neither the caption nor the body of the First Amended Complaint names John Chapman, Jane Doe, and/or Lawrence County as Defendants or sets forth causes of action against them. Lawrence County and the City of Ironton are separate and distinct governmental adentities, and as a result, Plaintiff's allegation that "Lawrence County and other government entities are still named on the FAC because of the individual defendants being named in their official capacity" is meritless. Lawrence County does not employ the individuals set forth in the caption of the First Amended Complaint. Thus, Defendants maintain that Plaintiff's First Amended Complaint, which eliminated John Chapman, Jane Doe, and Lawrence County, as Defendants in the caption and the causes of actions that were set forth in the original complaint, operated as a voluntary dismissal of the aforesaid Defendants.

Plaintiff claims that he was not required to "deny Defendants' incorrect legal conclusions." (Doc. #: 51, PAGEID #: 582). Defendants never asserted "incorrected legal conclusions." The Lawrence County Defendants are not required to read between the lines and presuppose Plaintiff's intentions regarding what claims he is asserting and the parties he is asserting the claims against.

5

*See McPherson v. Kelsey*, 125 F.3d 989, 995-996 (6th Cir. 1997) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to […] put flesh on its bones."); *Stallings v. Turner*, No. 3:14-cv-2121, *3-4 (N.D. Ohio 2016) (quoting *Hollon v. Eastern Ky. Corr. Complex*, No. 10-CV-177-KSF, 2010 WL 2924091, *2 (E.D. Ky. 2010) ("Neither courts nor defendants 'are obligated to search through' a plaintiff's complaint and its various supplements 'in order to glean a clear and succinct statement of [each of the plaintiff's claims] for relief.' Rather, it is a plaintiff's responsibility – *pro se* or otherwise – 'to edit and organize his claims and supporting allegations into a manageable format.'")). The Lawrence County Defendants maintain that the First Amended Complaint deliberately omitted the aforesaid Defendants and the claims that were asserted against them in the original Complaint.

### B. "Social Security Number Privacy"

Plaintiff claims that "[w]hether a social security number is protected by a right to privacy, Defendants did not allege that they had any right or need for that information." (Doc. #: 51, PAGEID #: 583). However, whether the Lawrence County Defendants had a "right or need for that information" is immaterial. Plaintiff originally claimed that his Fourth Amendment rights were violated because Chapman asked for his social security number during the booking process at the Lawrence County Jail. Plaintiff claimed that "Chapman knew or should have known that a person refusing to provide a Social Security Number in order to complete the processing of an arrest is not a violation of any law." (Doc. #: 1, ¶¶ 34, 44). Plaintiff further alleged that "it is a 4th Amendment violation when compelling someone to do so under threat of punishment." (Doc. #: 1, ¶¶ 34, 44). Nonetheless, caselaw set forth in Defendants' Motion to Dismiss the First Amended

Complaint explains that the Constitution does not provide a right to privacy in one's social security number, and as a result, Plaintiff's constitutional rights were not violated because he was required to provide his social security number. Accordingly, this Court properly granted the Lawrence County Defendants' Motion to Dismiss.

### C. "Lower Pleading Standards"

This section revolves around Plaintiff's arrest by the Ironton Police Department. (Doc. #: 51, PAGEID #: 583). Plaintiff claims that he entered "a traditionally public forum to exercise his First Amendment rights and that he was denied a permit and arrested as a result, and that this is a policy of the policing organization either due to a written policy or failure to train." (Doc. #: 51, PAGEID #: 583). Plaintiff further claims that "his arrest was retaliatory for his exercising his rights, and that evidence of retaliation will be available through discovery, specifically that the trespass enforcement is not content neutral." (Doc. #: 51, PAGEID #: 583). However, all the allegations set forth in this section center upon actions taken by the Ironton Police Department's officers. The Lawrence County Defendants were entirely absent during Plaintiff's arrest, and became involved when Plaintiff was taken to the Lawrence County Jail. Thus, Plaintiff's claims are inapplicable as to the Lawrence County Defendants.

### D. "Leave To Amend"

Plaintiff claims that when a motion to dismiss is granted, courts typically permit the losing party leave to amend. (Doc. #: 51, PAGEID #: 584). In an attempt to bolster his argument, Plaintiff cites to *Brown v. Matauszak*, 415 F. App'x 608 (6th Cir. 2011) to support his assertion that "[a] district court should normally grant a *pro se* plaintiff leave to amend where the plaintiff could possibly cure the pleading defense by pleading additional facts, even where the plaintiff has not requested leave to amend." (Doc. #: 51, PAGEID #: 584).

*Brown* held that the plaintiff "did not ask for leave to amend. But at least three circuits have held that if a complaint is vulnerable to a motion to dismiss, a district court must first permit the plaintiff to file a curative amendment, *even if* the plaintiff does *not* seek leave to amend." *Id*. at 615. However, Plaintiff conveniently omits the fact that the Sixth Circuit Court of Appeals, in *Brown*, specifically held that "[t]here is currently no rule of law in this circuit that requires a district court, *sua sponte*, to give a pro se plaintiff leave to amend his complaint absent a request, and so generally, a district court does not abuse its discretion in failing to grant a party leave to amend where such leave is not sought." *Id*. at 615-616. (internal citations omitted). Therefore, to Defendants' knowledge, there is no binding caselaw holding that a pro se plaintiff must be given permission to amend the complaint, even when it is not properly requested, when a motion to dismiss is granted.

Moreover, Plaintiff alleges that he "requested leave to amend prior to dismissal at Opposition ¶39" (Doc. #: 51, PAGEID #: 584; Doc. #: 32). However, Plaintiff's "request" is not a proper means of requesting leave to amend the complaint. This very issue was addressed in *Whitley v. Mich. Dept. of Corr.*, 1:22-cv-448, *10 n.2 (W.D. Mich 2022):

> Deep in her response brief, Plaintiff includes a sentence requesting an opportunity to amend if her complaint is found deficient. The time for Plaintiff to file an amendment as a matter of course under Federal Rule of Civil Procedure 15(a)(1) is long expired. Thus, she must file a motion for leave to amend pursuant to Rule 15(a)(2). However, Plaintiff's request in her brief is not a proper motion, and a court does not abuse its discretion in denying an opportunity to amend under such circumstances. *See D.E.&J Ltd. P'ship v. Conaway*, 133 Fed.Appx. 994, 1001-02 (6th Cir. 2005). Moreover, Plaintiff has not provided a proposed amended pleading to the Court to review. * * * Absent the substance of the proposed amendment, a court has no basis to determine whether "justice so requires" an amendment. *Roskam Baking Co., Inc. v. Lanham Mach. Co., Inc.*, 288 F.3d 895, 906 (6th Cir. 2002).

(Citations to record omitted).

8

Similarly, Plaintiff's alleged "request" to file an amended complaint was merely a sentence set forth in his Memorandum in Opposition to the Lawrence County Defendants' Motion to Dismiss. (Doc. #: 31, ¶ 39). The "request" stated the following: "If the underlying facts were lacking, which is all that is required of Plaintiff at the pleading stage, he should be given leave to add them." (Doc. #: 31, ¶ 39). However, Plaintiff's request in his Memorandum in Opposition is not a proper motion. Plaintiff also failed to provide a proposed amended pleading to this Court to review, and as a result, this Court has no basis to determine whether an amendment is warranted.

Plaintiff also ignores the fact that this Court did, in fact, permit him to file an amended complaint. (Doc. #: 20). It was in the First Amended Complaint that he omitted the Lawrence County Defendants in the caption and omitted the causes of action set forth against them that were contained in the original complaint. Accordingly, Plaintiff's argument that he should be given leave to amend his complaint, for the second time, is meritless.

### E. "Excusable Error By Plaintiff"

Plaintiff claims that he "expected to be able to amend his complaint at least a second time" because "[e]rrors of law or fact, errors of procedure or evidence, mistake, or inadvertence or surprise caused Plaintiff to leave out allegations in his FAC." (Doc. #: 51, PAGEID #: 584). However, Plaintiff fails to grasp the fact that he omitted John Chapman, Jane Doe, and Lawrence County, Ohio from the First Amended Complaint, when they were originally set forth as Defendants, in the caption, of the original Complaint. The First Amended Complaint also omitted the following causes of action that were set forth in the original Complaint: Cause 2 – 42 U.S.C. § 1983 – Violation of Fourth Amendment against Chapman; Cause 5 – 42 U.S.C. § 1983 – Violation of Fourth Amendment against Chapman; and Cause 6 – 42 U.S.C. § 1983 – Violation of Fourteenth Amendment against Jane Doe. Accordingly, Plaintiff cannot rely upon his pro se status to claim

9

an "excusable error" when he originally named the Lawrence County Defendants, and set forth claims against them, in the original Complaint.

### III.     CONCLUSION

Plaintiff's Motion to Reconsider is merely re-arguing issues that have already been ruled upon. Plaintiff's aforesaid Motion fails to set forth a clear error of law, newly discovered evidence, an intervening change in controlling law, and/or a manifest injustice that warrants reconsideration. Accordingly, for the reasons set forth above, the Lawrence County Defendants respectfully request this Court deny Plaintiff's Motion for Reconsideration, leave to amend his First Amended Complaint, and "for a statement of the [First Amended Complaint's] deficiencies" (Doc. #: 51, PAGEID #: 585).

                                                Respectfully Submitted,

                                                /s/ Cassaundra L. Sark
                                                Cassaundra L. Sark (0087766)
                                                *Counsel for Lawrence County Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the Lawrence County Defendants' Response in Opposition to Plaintiff's Second Motion to Reconsider was provided via the Court's electronic filing system (CM/ECF) on the 23rd day of August 2023.

/s/ Cassaundra L. Sark
Cassaundra L. Sark (0087766)
*Counsel for Lawrence County Defendants*
