**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DISTRICT**

| | | |
|---|---|---|
| JOSE MARIA DECASTRO | ) | Case No. 22-cv-00204 |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| PAM WAGNER, et al. | ) | |
| | ) | |
| *Defendants*. | ) | |
| _____ | ) | |

**PLAINTIFF'S REPLY TO LAWRENCE COUNTY DEFENDANTS' RESPONSE IN**

**OPPOSITION TO PLAINTIFF'S SECOND MOTION TO RECONSIDER**

Plaintiff Jose Maria DeCastro ("Plaintiff"), offers the following reply to the opposition ("Opposition") memorandum from the Lawrence County Defendants ("Defendants") (ECF No. 52) of Plaintiff's Second Motion for Reconsideration (ECF No. 51). Since Plaintiff outlined the legal authority in his original motion, such information is not repeated here and Plaintiff does not intend by its omission from discussion here, to concede to any point previously raised related to Plaintiff's request for reconsideration.

In support of this motion, Plaintiff submits a memorandum of law, which is fully incorporated herein.

**INTRODUCTION**

Plaintiff has filed a motion for reconsideration of this Court's dismissal of Plaintiff's First Amended Complaint ("FAC") due to legal or factual error in the decision to dismiss or due to excusable error or neglect of Plaintiff.

Defendants have filed an opposition to Plaintiff's motion for reconsideration, citing (1) distinguishable case law that doesn't apply to pro se plaintiffs, and (2) moot issues that Plaintiff had not requested leave to amend (where Plaintiff has obviously done that since).

## POINTS AND AUTHORITIES

**A. Grounds for reconsideration offered.** Defendants in their Opposition spell out the requirements for a Rule 59(e) motion and then simply state "Plaintiff fails to offer grounds warranting the reconsideration he seeks." This is clearly untrue, as Defendants spend the rest of their Opposition attacking Plaintiff's grounds, which include factual and legal error in the ruling, as well as excusable error by the Plaintiff.

**B. Dismissal with leave to amend is discretionary.** Defendants argue that there is no requirement that a pro se plaintiff must be given leave to amend when not requested. Oddly enough, this is the same thing that Plaintiff argued. However, there is plenty of case law granting leave to amend even when not requested, and a failure to do so will be reviewed as an abuse of discretion. *Gryder v. Buttigieg*, No. 22-5244, 2023 U.S. App. LEXIS 17398, at *9 (6th Cir. July 10, 2023).

**C. Leave requested.** Defendants claim that Plaintiff did not request leave to amend, because it required reading Plaintiff's filings, citing *Whitley v. Mich. Dept. of Corr.*, 1:22-cv-448, *10 n.2 (W.D. Mich 2022). *Whitley* is distinguishable, mostly because it was not a *pro se* Plaintiff, but the Plaintiff also failed to attach a proposed amended complaint as required by local rules. Here, we have a *pro se* Plaintiff and no local rules requiring attached amendments. Additionally, Plaintiff has clearly requested leave to amend in its 59(e) motion conclusion. Plaintiff will, this week, also be filing a separate motion for leave to amend.

2

**D. Second amendment would not be meritless.** Defendants argue that because Plaintiff has already made one amendment to his complaint, that any further request for amendment are meritless. However, since all parties' attacks on Plaintiff's complaint are attacks on the pleadings and not the facts as applied to the law, that is clearly not the case.

**E. Factual allegations in the pleading to name Defendants.** Defendants argue that they were completely absent from the factual pleadings in the First Amended Complaint. This is false and not reflected in the pleadings. FAC, ¶ 11, 12, and 13 state factual allegations against and name the Defendants, in addition to audio and video exhibits that are part of the FAC.

**F. Social Security Number Privacy.** Defendants continue to try to argue no harm due to lack of privacy protections of Plaintiff's social security number, but this is a red herring. The issue was the threat to Plaintiff's liberty if the number wasn't needlessly provided.

## CONCLUSION

This court should reconsider the dismissal of Plaintiff's FAC under the correct law and facts, and allowing for Plaintiff error, and deny the dismissal or minimally grant the dismissal with leave to amend.

DATED: August 28, 2023                           Respectfully submitted,

/s/ Jose Maria DeCastro
Jose Maria DeCastro, Pro Se
1258 Franklin Street
Santa Monica, CA 90404
(310) 963-2445
Email: iamalaskan@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ Jose Maria DeCastro