# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION, CINCINNATI

| | | |
|---|---|---|
| JOSE MARIA DECASTRO, | : | CASE NO. 1:22-cv-00204 |
| | : | |
| Plaintiff, | : | Judge Michael R. Barrett |
| | : | Magistrate Judge Stephanie K. Bowman |
| v. | : | |
| | : | DEFENDANTS PAM WAGNER, BRAD |
| PAM WAGNER, ET AL., | : | SPOLJARIC, CHANCE BLANKENSHIP, |
| | : | EVAN MCNIGHT, ROBERT FOUCH, |
| Defendants. | : | AND THE CITY OF IRONTON, OHIO'S |
| | : | COMBINED RESPONSE IN |
| | : | OPPOSITION TO PLAINTIFF'S |
| | : | MOTIONS TO RECONSIDER |

Now come Defendants Pam Wagner, Brad Spoljaric, Chance Blankenship, Evan McNight, Robert Fouch, and the City of Ironton, Ohio's ("the Ironton Defendants"), by and through counsel, and respectfully request that this Honorable Court deny Plaintiff's Motions for Reconsideration. A Memorandum in Opposition is attached hereto.[1]

Respectfully submitted,

SURDYK, DOWD & TURNER, CO., L.P.A.

/s/ *Dawn M. Frick*
Dawn M. Frick (0069068)
Jeffrey C. Turner (0063154)
8163 Old Yankee Street, Suite C
Dayton, OH 45458
(937) 222-2333 | (937) 222-1970 (fax)
dfrick@sdtlawyers.com
jturner@sdtlawyers.om
*Attorneys for Defendants Pam Wagner, Brad Spoljaric, Chance Blankenship, Evan McNight, Robert Fouch and the City of Ironton*

---

[1] This is a combined response in opposition to Plaintiff's Motions to Reconsider. It appears that his first Motion for Reconsideration is directed toward the Ironton Defendants and that his Second Motion to Reconsider is directed at the County Defendants, but out of an abundance of caution, Ironton Defendants are responding to both.

1

**MEMORANDUM**

I. **INTRODUCTION AND BACKGROUND**

The procedural facts of this case have been thoroughly briefed. Plaintiff Jose DeCastro ("Plaintiff") filed the present Motions for Reconsideration on August 16, 2023, and August 18, 2023, (Doc. #49, PGID #566; Doc. #51, PGID #579) requesting this Court reconsider its Order Granting Ironton Defendants' Motion for Judgment on the Pleadings (Doc. #47, PGID #557). Ironton Defendants hereby request that this Court deny Plaintiff's Motions for Reconsideration as he is attempting to relitigate issues previously considered by this Court.

II. **LAW AND ARGUMENT**

**A. Standard of Review**

Though the Federal Rules of Civil Procedure do not expressly provide for "Motions for Reconsideration," *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir.2004), Federal Rule of Civil Procedure 59(e) permits parties to move the court to alter or amend a judgment within 28 days after the entry of the judgment. F.R.C.P 59(e). However, motions for reconsideration serve a limited function. "The standard for deciding a Rule 59(e) motion is well established: Motions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling constitutional law, or to prevent manifest injustice." *Dawson-Durgan v. Shoop*, No. 1:19-cv-382, 2023 WL 3984600, at *1 (S.D. Ohio 2023) (internal citations omitted); *Pegg v. Davis,* No. 2:09-908, 2009 WL 5194436, at *1 (S.D. Ohio 2009). "A clear error of law is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Lifestyle Communities, Ltd. V. City of Worthington, Ohio*, No. 2:22-cv-1775, 2023 WL 5162656, at *1 (S.D. Ohio 2023) citing *Oto v. Metropolitan Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000).

Motions for reconsideration "are not intended to relitigate issues previously considered by the Court or to present evidence that could have been raised earlier." *Pegg v. Davis,* at *1. (citing *J.P. v. Toft*, No. C2-04-692, 2006 WL 689091, at *13 (S.D. Ohio 2006). "A Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *J.P. v. Toft*, at *3 (citing *Brown v. City of Syracuse*, 2005 WL 2033492, at *1-2 (N.D.N.Y. Aug. 17, 2005).

Moreover, "[a] motion for reconsideration does not provide [Plaintiff] with an opportunity to try out new legal theories or submit new evidence previously available to it." *Long Point Energy, LLC v. Gulfport Energy Corp.,* No. 2:20-cv-46442023 WL 5318030, at *1 (S.D. Ohio 2023). "A court will not find a clear error of law when the moving party claims that the court misinterpreted or omitted key facts." *Nayyar v. Mt. Carmel Health Systems*, Nos. 2:10-CV-00135; 2:12-CV-00189, 2014 WL 619394, at *3 (S.D. Ohio 2014). "Courts disfavor motions for reconsideration because they consume a court's scarce time for attention to a matter that has already been decided." *Dawson-Durgan v. Shoop,* at *1.

In this case, Plaintiff fails to argue reconsideration is necessary on the basis of (1) an intervening change of controlling law; (2) new evidence not previously available; (3) a need to correct a clear error; or (4) to prevent manifest injustice. Rather, Plaintiff is seeking reconsideration from this Court because he does not agree with this Court's decision. Additionally, Plaintiff seeks to offer new theories of law and argument not previously made. However, motions for reconsideration are "aimed at *re*consideration, not initial consideration." *White v. New Hampshire Dept. of Employment Sec*., 455 U.S. 445, 451 (1982). Accordingly, Plaintiff's Motion for Reconsideration must be denied.

3

**B. The Ironton Defendants Had Probable Cause for Plaintiff's Arrest**

Ironton Defendants had probable cause to arrest Plaintiff for the crime of trespass. This Court agreed that there was probable cause to arrest Plaintiff for trespass by virtue of Plaintiff's own admission when he chose to remain in the building after it closed without the privilege of doing so. (Doc #47, PGID #561). Plaintiff cannot and has not demonstrated that he had any privilege to remain at the Ironton City Center after closing. Plaintiff has not identified any statute that would permit his conduct because no such statute exists.

There is no factual disputes between the parties. Plaintiff filed his Amended Complaint and the video of his arrest with this Court (Doc #20, PGID #132; Doc. #20, Exhibit 1). As such, the Court determined there was probable cause for an arrest for criminal trespass. The criminal trespass statute in Ohio provides as follows:

(A) No person, without privilege to do so, shall do any of the following:

(1) Knowingly enter or remain on the land or premises of another;

(2) Knowingly enter or remain on the land or premises of another, the use of which is lawfully restricted to certain persons, purposes, modes, or hours, when the offender knows the offender is in violation of any such restriction or is reckless in that regard;

(3) Recklessly enter or remain on the land or premises of another, as to which notice against unauthorized access or presence is given by actual communication to the offender, or in a manner prescribed by law, or by posting in a manner reasonably calculated to come to the attention of potential intruders, or by fencing or other enclosure manifestly designed to restrict access;

(4) Being on the land or premises of another, negligently fail or refuse to leave upon being notified by signage posted in a conspicuous place or otherwise being notified to do so by the owner or occupant, or the agent or servant of either;

(5) Knowingly enter or remain on a critical infrastructure facility.

O.R.C § 2911.21(A)(1)-(5). Further, Section 2911.21(B) provides that "[i]t is no defense to a charge under this section that the land or premises involved was owned, controlled, or in custody of a public agency." Finally, the Ohio Revised Code defines "privilege" as "an immunity, license, or right conferred by law, bestowed by express or implied grant, arising out of status, position, office, or relationship, or growing out of necessity." *Id.* § 2901.01(A)(12). "'Ohio courts construe the lack-of-privilege requirement as an element of the offense of criminal trespass, and not an affirmative defense.'" *Skovgard*, 448 Fed.Appx. at 544 (quoting *Logsdon*, 492 F.3d at 342).

In this instance, based upon the foregoing, the Ironton Defendants had probable cause to arrest Plaintiff. The city center was closed for the day. Furthermore, it is undisputed that Plaintiff knew that the Ironton City Center was closed at the time of his arrest but remained in the building. In his Complaint, Plaintiff acknowledges that "[a]t approximately 5 p.m. a City of Ironton employee announced that the building was going to be closed and locked." (Doc. #20, PGID #134-135). He further acknowledges that Chief Wagner first approached him in the City Center at 5:03 p.m., and that Wagner warned him to leave prior to arresting him. (Id., PGID #135). Thus, by Plaintiff's own admission, he remained on the property after closing and refused to leave when told to do so. Plaintiff [k]nowingly remained on the premises of another, the use of which was lawfully restricted to certain hours, knowing he was in violation of such a restriction. Therefore, the Ironton Defendants had probable cause to place Plaintiff under arrest.

Plaintiff cites to *State v. Kilgore,* 2d Dist. Montgomery, No. 17880, 2000 WL 770530, at *3 (Jun. 16, 2000), to bolster his argument that regardless of usual or posted business hours, a person has a privilege to enter an establishment when it is open to the public. The *Kilgore* case is distinguishable in that the court found that there was no evidence that the store's business hours were posted and therefore the alleged trespasser was not put on notice that the store was not yet

5

open for business when he entered through an unlocked door. *Id.* Here, Plaintiff admitted that he was told by a City of Ironton employee that the building was going to be closed and locked. This notice that the building would no longer be "open to the public," therefore revoked his privilege.

Because this Court properly decided that Plaintiff failed to state a claim as to his Fourth Amendment claim for wrongful arrest, (Doc. #47, PGID #561) and Plaintiff's motion does not argue that there has been (1) an intervening change of trespass law; (2) new evidence not previously available; (3) a need to correct a wholesale disregard, misapplication, or failure to recognize controlling precedent.; or (4) to prevent manifest injustice, Plaintiff is not entitled to relief.

In the alternative, Plaintiff now wants to argue for the first time that even if Defendants established probable cause to arrest him, the trespass statute is inherently unconstitutional and that the statute may be void for vagueness or overly broad. (Doc. #49, PGID #570). Additionally, he claims that while probable cause may exist, "officers typically exercise their discretion not to do so, and so exercised their discretion to arrest Plaintiff because of retaliation." (Doc. #49, PGID #570).

Plaintiff is not only asking this Court to reconsider arguments already raised, pled and decided but he also requests that this Court give initial consideration of issues he failed to raise prior to judgment. See *Norfolk Southern Railway Co., v. Baker Hughes Oilfield Operations, LLC*, No. 2:19-cv-3486, 2022 WL 1793145, at *1 (S.D. Ohio Jun. 2, 2022). As stated above, a motion for reconsideration does not provide Plaintiff with an opportunity to try out new legal theories.

Plaintiff further attempts to argue that a party cannot move for a Motion for Judgment on the Pleadings until after the pleadings have closed and that no answers have been filed. This is clearly false. Plaintiff proceeding pro se, filed his original complaint in the instant case on April

13, 2022. (Doc. #1) Ironton Defendants filed their answer to the Complaint on May 11, 2022. (Doc. #12) Ironton Defendants filed a Motion for Judgment on the Pleadings on June 21, 2022 (Doc. #13). Plaintiff never filed a response to this motion, and as such, this Court issued Order to Show Cause on July 21, 2022, regarding the Ironton Defendants' Motion for Judgment on the Pleadings. (Doc. #17) Plaintiff filed a Response to the Court's Order to Show Cause on August 11, 2022. (Doc. #18) This Court subsequently afforded Plaintiff a thirty-day extension of time to respond to the pending dispositive motion, or in the alternative, to file his first amended complaint. Plaintiff filed his First Amended Complaint on September 15, 2022. (Doc. #20). Thereafter, the Ironton Defendants filed an answer to the First Amended Complaint on September 29, 2022. (Doc. #22).

      **C.**      **Plaintiff's Claim of First Amendment Retaliation Fails As A Matter Of Law**

This Court, having concluded that officers in this case had probable cause to arrest Plaintiff for the crime of trespass, ruled that Plaintiff's retaliatory arrest claim fails. (Doc #47, PGID #564) (citing *Nieves v. Bartlett,* 587 U.S. __, 139 S.Ct. 1715, 1725 (2019) and *Hartman v. Thompson*, 931 F.3d 471, 484 (6th Cir. 2015)). Plaintiff attempts to distinguish the present case with case law cited by this Court, arguing that "those cases involved summary judgment motions, where a showing of evidence is appropriate," and that "requiring a showing of evidence at this stage in the pleading is inappropriate." (Citing *Wesley v. Campbell*, 779 F.3d 421, 428 (6th Cir. 2015). (Doc #49, PGID #571). However, based upon the pleadings and the video recording Plaintiff attached thereto, the Court determined that it was clearly established that no material issues of facts remained to be resolved and therefore the Ironton Defendants were entitled to judgment as a matter of law.

In *Wesley v. Campbell*, the court held that the Plaintiff's false-arrest claim was incorrectly held to a higher pleading standard (calling for a substantial showing) rather than what is required under Rule 12(b)(6) and was wrongfully dismissed by the lower court. The Sixth Circuit identified the proper standard for surviving a motion to dismiss in that a plaintiff must show "more than a sheer possibility that a defendant acted unlawfully." *Id.* citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009). Plaintiff states that he is only required to plead facts and not make legal conclusions, but he has failed to assert any facts supporting a lack of probable cause and has, instead, made admissions to the contrary. "Although the court must accept well-pleaded factual allegations of the complaint as true for purposes of a motion to dismiss, the court is not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007), *see also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). Further, as this Court noted, even when the facts as set forth in the Amended Complaint were taken as true, a motion for judgment on the pleadings may be granted if the moving party is nevertheless clearly entitled to judgment. (Doc. 47, PgID 559 citing *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007) (quoting *S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973))

Plaintiff's "belief" that he was arrested out of retaliation is irrelevant. Regardless of his belief and/or any alleged evidence he argues will come out during the discovery phase regarding a particular officer's state of mind, as a matter of law, the Ironton Defendants had probable cause and thus by law, his claim fails. See *Devenpeck v. Alford*, 543 U.S. 146, 153, 155, 125 S.Ct. 588 (2004). Again, as this Court has pointed out, Plaintiff has failed to point to any legal authority that the officers in this case should have escorted him off the property instead of arresting him. (Doc. #47, PGID #561) Plaintiff has failed to allege facts demonstrating he had any privilege to remain

8

at the Ironton City Center after closing or that there was retaliation. As such, this Court properly determined there was no basis for Plaintiff's claim of a retaliatory arrest.

####    D.    Plaintiff was Provided an Adequate State Remedy

Plaintiff was provided an adequate state remedy and therefore was not denied due process. If an adequate post-seizure remedy is available, then the due process clause is not violated. Plaintiff did not plead that he was not provided an adequate post-deprivation remedy. Plaintiff filed a replevin action in the state court for the return of his cell phone. Ironton Defendant Pam Wagner returned Plaintiff's cell phone in that action. (Doc #23, Exhibit D). An Entry by Judge Kevin J. Waldo in Plaintiff's replevin action stated, in relevant part:

> The Court observed the Defendant, Ironton Police Department representative, Pam Wagner, return to the Plaintiff, Jose DeCastro, the IPhone 12 Max, subject of the Replevin action, herein.
>
> Therefore, the Plaintiff has obtained possession of the subject property and no evidence was presented as to any damages, thus, the case herein, is **DISMISSED** with prejudice.

Thus, through the replevin action (the state remedy), Plaintiff was successful in his attempt to have his cell phone returned. Furthermore, the Ironton Municipal Court Judge found that there was no evidence presented as to any damage to the cell phone. Plaintiff did not plead that he objected to that finding by Judge Waldo during his replevin action hearing. Plaintiff could have, but failed to, report the alleged damages at that time despite being afforded an opportunity in that case.

This Court found that the Plaintiff failed to allege that the state remedies available to him were inadequate. Plaintiff may dislike the fact that his cell phone was confiscated following his arrest and he may dislike the fact that he had to file a replevin action, but state remedies, such as replevin proceedings under state law, are an adequate remedy for individuals seeking property that

has been seized by police. *International Metal Trading Inc. v. City of Romulus, Mich.*, 438 Fed.Appx. 460, 463 (6th Cir. 2011).

Again, Plaintiff does not argue in his motion that there is newly available evidence or a change in controlling law. Plaintiff does not argue reconsideration is necessary to correct manifest injustice. Plaintiff is merely reiterating arguments previously raised and therefore this Court should deny reconsideration.

Furthermore, this Court properly found that there are no facts alleged by Plaintiff that would support a claim that Ironton Defendants searched his cell phone, concluding that his Fourth Amendment claim failed. (Doc. #47, PGID #562). This Court noted that the municipal court judge found that probable cause existed to take the phone and that there is no evidence that Ironton Defendants searched Plaintiff's phone or in any way disregarded the court's denial of Ironton Defendants' application for a search warrant. (Doc. 47, PgID 561-62 citing Doc. 23-3, PgID 213.) Plaintiff has not provided argument or fact not previously available to him to justify this Court's reconsideration. Rather, Plaintiff disagrees with this Court's decision and wants another bite at the apple to litigate his failed claims. This Court should deny Plaintiff's motions.

    **E.**    **This Court Properly Exercised Its Discretion**

Courts have discretion to allow a Plaintiff an opportunity to amend their pleadings. *Brown v. Matauszak*, 415 F.App'x 608, 615 (6th Cir. 2011). The decision to grant or deny a plaintiff leave to amend his complaint pursuant to Rule 15(a) "is committed to the district court's sound discretion." *Moore v. City of Paducah,* 790 F.2d 557, 559 (6th Cir.1986). Although Rule 15(a) provides that leave to amend "shall be freely given when justice so requires," a district court may deny leave to amend in cases of bad faith, dilatory motive, or undue prejudice to the opposing

10

party. *Foman,* 371 U.S. at 182; *Gen. Elec. Co. v. Sargent & Lundy,* 916 F.2d 1119, 1129 (6th Cir.1990).

In fact, this Court provided Plaintiff with such an opportunity. As outlined above, after Plaintiff filed his Complaint (Doc. #1), Ironton Defendants filed their first Motion for Judgment on the Pleadings (Doc. #13, PGID #88; Doc. #15, PGID #106). Plaintiff failed to respond. This Court issued Show Cause Orders (Doc. #16, PGID #123; Doc. #17, PGID #125) and ultimately exercised its discretion to allow Plaintiff to either respond to Ironton Defendants Motion or to file an Amended Complaint (Doc #19, PGID #131). Plaintiff elected to file an Amended Complaint (Doc. #20, PGID #132).

Plaintiff was on notice as to any deficiencies in his Complaint based upon the Ironton Defendants' initial Motion for Judgment. In response to this Court's Show Cause Orders, Plaintiff stated that he was "committed to prosecuting this litigation and in anticipation of any of defenses' response, and has been working diligently to amend his complaint." (Doc. # 18, PGID #128, ¶5). However, based upon the undisputed facts, Plaintiff was unable to plead any additional facts to cure his deficiencies and thus, a further amendment would have been futile.

Again, because Plaintiff fails to argue that this Court should reconsider this claim under any of the proper bases established by case law, his request for reconsideration must be denied.

### III. CONCLUSION

Based upon the foregoing, and the arguments set forth in the Motion for Judgment on the Pleadings (Doc. 23) and their Reply in Support of their Motion for Judgment on the Pleadings (Doc. 36), the Ironton Defendants respectfully request that this Court deny Plaintiff's Motions for Reconsideration.

11

Respectfully submitted,

SURDYK, DOWD & TURNER CO., L.P.A.

*/s/ Dawn M. Frick*
Jeffrey C. Turner (0063154)
Dawn M. Frick (0069068)
8163 Old Yankee Street, Suite C
Dayton, Ohio 45458
(937) 222-2333, (937) 222-1970 (fax)
jturner@sdtlawyers.com
dfrick@sdtlawyers.com
*Trial Attorneys for Pam Wagner, Brad Spoljaric, Chance Blankenship, Evan McNight, Robert Fouch, and the City of Ironton, Ohio*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on Sept 6, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, a copy of which will automatically be forwarded to the parties or their counsel of record.

*/s/ Dawn M. Frick*
Dawn M. Frick (0069068)