IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DISTRICT

| | |
|---|---|
| JOSE MARIA DECASTRO, <br><br> *Plaintiff*, <br><br> vs. <br><br> PAM WAGNER, et al. <br><br> *Defendants*. | Case No. 22-cv-00204 |

# MOTION TO VACATE JUDGMENT AND LEAVE TO FILE SECOND AMENDED COMPLAINT

Plaintiff Jose Maria DeCastro ("Plaintiff"), pursuant to Fed. R. Civ. P. Rule 15, respectfully moves this Court for leave to file a second amended complaint after vacating the judgement under Fed. R. Civ. P. Rules 59 and 60 due to new evidence and errors raised in Plaintiff's motions for reconsideration (ECF Nos. 49 and 51).

In support of this motion, Plaintiff submits a Memorandum of Points and Authorities, filed concurrently, and incorporated here, records in this action, on the oral argument of counsel, if any, and on such other and further evidence as the Court might deem proper.

## INTRODUCTION

On September 15, 2022, Plaintiff filed a First Amended Complaint ("FAC") (ECF No. 20) in this action, including a jury trial demand, containing claims for violations of his civil rights under the First, Fourth, and Fourteenth amendments of the United States Constitution, against Defendants Pam Wagner, Brad Spoljaric, Chance Blankenship, Evan McNight, and Robert Fouch in their individual capacity and in their official capacities under a Monell claim. The First Amendment claims included freedom of the press, freedom of speech, and freedom to assemble

and express his views through protest and petition. The Fourth Amendment claims included his right to be free from unwarranted search and seizure. The Fourteenth Amendment claims include inequal protection, unlawful arrest, deprivation of property without due process, and lack of due process due to vague statutes. Besides the facts alleged in the FAC, Plaintiff included an exhibit which contained video of the incidents.

In general, Plaintiff was in a traditionally public forum, the city hall, exercising his First Amendment rights, at a time when the city hall was open to the public, at which time Plaintiff was arrested without probable cause or a warrant. Even if Plaintiff was arrested for probable cause, Plaintiff raised the constitutionality of the criminal statute applied to chill his rights.

On September 20, 2022, the Lawrence County Defendants ("Defendants") filed a motion to dismiss Plaintiff's FAC for failure to state a claim (ECF No. 21).

In general, the Defendants alleged that the filing of the FAC eliminates Lawrence County as defendants because they are no longer "named", and that the FAC fails to make any claims against them. Additionally, Defendants argue that a social security number is not protected by any right to privacy.

On September 29, 2022, the individual defendants and the City of Ironton ("Defendants") filed a motion ("Motion") for a judgement on the pleadings (ECF No. 23) in their favor that would dismiss the FAC with prejudice.

In general, the Defendants alleged that they had probable cause or qualified immunity, and they argued pleading failures in the FAC in that Plaintiff failed to allege facts sufficient to show that he had exhausted state remedies or allege facts sufficient to show that there were policies or training failures under Monell.

2

On January 13, 2023, after being granted leave to extend his response deadline, Plaintiff filed an opposition ("Opposition") (ECF No. 32) to the Motion.

In general, Plaintiff argued that there were sufficient facts pled, that at that stage the facts must be weighed in the light most favorable to the plaintiff and that a complaint will not be dismissed merely because it contains an imperfect statement of the legal theory of a claim, and that a § 1983 complaint must only plead facts which establish the claim.

Plaintiff argued that there was no probable cause, that there were insufficient facts to show probable cause, and that where there is no probable cause, there is no qualified immunity. Plaintiff also alleged further facts that show he exhausted his state remedies and that an amendment would not be futile. Finally, Plaintiff argued that at that stage the facts must be weighed in the light most favorable to the plaintiff.

The Defendants did not file a reply.

On August 3, 2023, this Court entered an order ("Order") granting the Defendants Motion, dismissing the FAC.

In General, this Court ruled because the Plaintiff "repeatedly failed to address the County Defendants' assertion that their omission from the amended complaint functions as a voluntary dismissal of the claims against them."

Plaintiff brings the instant motion to vacate the judgment and for leave to file a second amended complaint.

**POINTS AND AUTHORITIES**

**A. Lower pleading standards.** To state a civil rights claim under 42 U.S.C. § 1983, "a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a

3

right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009).

Plaintiff is only required to plead the facts, not make legal conclusions. Plaintiff did plead and did include video evidence of him entering a traditionally public forum to exercise his First Amendment rights and that he was denied a permit and arrested as a result, and that this is a policy of the policing organization either due to a written policy or failure to train. Plaintiff further alleges based on information and belief that his arrest was retaliatory for his exercising his rights, and that evidence of retaliation will be available through discovery, specifically that the trespass enforcement is not content neutral. Moreover, Plaintiff's rights were chilled if the actions of the Defendants would chill a person of ordinary firmness, regardless of whether they actually chilled Defendant's. *Alsaada v. City of Columbus*, 536 F. Supp. 3d 216, 268 (S.D. Ohio 2021). Even where a *pro se* plaintiff leaves out facts, his complaint must only be dismissed where if allowed he could prove no set of facts which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957); *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 596 (1972). Besides the claims raised, Plaintiff has likely also stated facts sufficient for claims of fabrication of evidence, supervisor liability, failure to intervene, conspiracy, and abuse of power by a jailer, among others.

Here, "Defendants ostensibly arrested Plaintiff for violating Ohio's criminal trespass law. However, if instead, as Plaintiff appears to allege, Defendants arrested him because of the content of his speech, then Defendants acted in violation of the First Amendment in ways that should have been clear to a reasonable officer." *Logsdon v. Hains*, 492 F.3d 334, 346 (6th Cir. 2007).

Here, this Court should have found that Plaintiff could plead a set of facts to make a valid claim.

**B. Leave to Amend.** "When a motion to dismiss a complaint is granted, courts typically permit the losing party leave to amend." *PR Diamonds, Inc., v. Chandler*, 364 F.3d 671, 698, 91 Fed. Appx. 418 (6th Cir. 2004).

Plaintiff requested leave to amend prior to dismissal at Opposition ¶39.

A district court should normally grant a *pro se* plaintiff leave to amend where the plaintiff could possibly cure the pleading defects by pleading additional facts, even where the plaintiff has not requested leave to amend. See *Brown v. Matauszak*, 415 F. App'x 608, 614 (6th Cir. 2011) (stating that "generally, [i]f it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend" (internal quotation marks omitted)). See also *Tolliver v. Noble*, 752 F.App'x 254, 264-265 (6th Cir.2018).

A district court's failure to grant leave to amend a complaint will be reviewed for an abuse of discretion.

Here, Plaintiff again requests leave to amend in a separate motion, as requested by opposing parties.

**C. New Evidence.** New evidence is one of the grounds for amending the complaint. While working on a new complaint, Plaintiff's newly hired forensic experts discovered, on September 7, 2023, that the times of the events were incorrect in the original and first amended complaint. Since Plaintiff's video of the arrest of streamed live to YouTube, Plaintiff could rely on

YouTube's atomic clocks instead of the wall clock of the City Hall in the frame of the video. This new evidence showed that the clock in the City Hall was fast, and that Plaintiff was arrested for trespass while the city hall was not only open to the public, but also before its regular closing hours. Plaintiff could not have reasonably determined this, as Plaintiff is not an expert and Plaintiff could not have been expected to hire an expert prior to discovery if at all. Additionally, defendants had this exculpatory evidence but never provided it to Plaintiff, in violation of criminal procedure for the related criminal case. The prior judgment was therefore obtained by fraud. Newly discovered evidence is good cause for allowing even a late amended complaint. This new evidence would lead a reasonable juror to find Plaintiff innocent of the trespass charges which this Court ruled on. *Maniaci v. Schwartz*, 6th Cir. NO. 93-1326, 1994 U.S. App. LEXIS 10740, at *6 (May 11, 1994); *Langley v. Credit Suisse First Boston Corp.,* 89 F.App'x 938, 944 (6th Cir.2004); *James v. City of Detroit*, 6th Cir. No. 20-1805/21-1053, 2021 U.S. App. LEXIS 35069, at *9-12 (Nov. 23, 2021); *Venture Global Eng., Ltd. Liab. Co. v. Satyam Computer Servs*., 730 F.3d 580, 590 (6th Cir.2013); *Grant v. Target Corp.,* 281 F.R.D. 299, 304 (S.D.Ohio 2012); *Ketter v. City of Newark, S.D.Ohio* No. 04-cv-00550, 2008 U.S. Dist. LEXIS 133918, at *3-5 (July 25, 2008); *Fialka-Feldman v. Oakland Univ. Bd. of Trustees, E.D.Mich*. No. 08-14922, 2009 U.S. Dist. LEXIS 148128, at *5-6 (June 17, 2009).

**D. Consent under L.R. 7.3.** Plaintiff contacted opposing counsel, who will be opposing this motion.

## CONCLUSION

Plaintiff respectfully requests for This Court to vacate the judgement and for leave to amend his FAC. The proposed second amended complaint is attached.

6

## DECLARATION OF JOSE MARIA DECASTRO

I declare under penalty of perjury, that the foregoing is true and correct.

DATED: September 8, 2023        Respectfully submitted,

/s/ Jose Maria DeCastro
Jose Maria DeCastro, Pro Se
1258 Franklin Street
Santa Monica, CA 90404
(310) 963-2445
Email: iamalaskan@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ Jose Maria DeCastro