UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JOSE MARIA DECASTRO, | : | |
| | : | Case No. 1:22-cv-204 |
| PLAINTIFF, | : | |
| | : | |
| v. | : | JUDGE BARRETT |
| | : | |
| PAM WAGNER, *et al.*, | : | MAGISTRATE JUDGE BOWMAN |
| | : | |
| DEFENDANTS. | : | |

## LAWRENCE COUNTY DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO VACATE AND LEAVE TO FILE SECOND AMENDED COMPLAINT

On August 3, 2023, this case was closed. Despite it being closed, Plaintiff filed two Motions for Reconsideration (Docs. #: 49, 51), a Motion to Correct the Judgment Entry (Doc. #: 50), and now a Motion to Vacate and Leave to File a Second Amended Complaint (Doc. #: 55). For the reasons set forth below, the Lawrence County Defendants respectfully request this Court deny Plaintiff's Motion to Vacate and Leave to File a Second Amended Complaint.

### I. MOTION TO VACATE

Plaintiff requests this Court grant "leave to file a second amended complaint after vacating the judgement [*sic*] under Fed. R. Civ. P. Rules 59 and 60 […]." (Doc. #: 55, PAGEID #: 612). A court may grant a motion to amend or alter judgment under Rule 59(e) if there is a clear error of law, newly discovered evidence, to prevent manifest injustice, or due to an intervening change in controlling law. *Allen v. Stark State Coll.*, No. 5:17cv2706, *7 (N.D. Ohio 2019) (citing *Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 841 (6th Cir. 2018); *Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)). The function of a Rule 59 motion is not to

"renew arguments already considered and rejected by a court or 'to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue.'" *Id*. (quoting *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F.Supp. 1182, 1184 (N.D. Ohio 1996)). *See also Howard v. U.S.A.*, 533 F.3d 472, 475 (6th Cir. 2008) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)) ("Rule 59(e) allows for reconsideration; it does not permit parties to effectively 're-argue a case.'"). Moreover, motions under this Rule are extraordinary and should be sparingly granted. *Id*.

The standard for granting a Rule 60 motion is significantly higher than the standard applicable to a Rule 59 motion. *Allen v. Stark State Coll.*, No. 5:17CV2706, *7-8 (N.D. Ohio 2019) (citing *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998)). A court may provide relief under a Rule 60 motion in instances of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, it is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed.R.Civ.P. 60(b). Importantly, a Rule 60(b) motion does not afford a litigant a second chance to convince the court to rule in his favor by presenting a new explanation, new legal theories, or proof. *Allen*, at *8-9 (citing *Jinks v. Allied Signal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001)).

It appears that Plaintiff is claiming his Motion to Vacate is warranted due to newly discovered evidence and due to fraud. Plaintiff claims that "[w]hile working on a new complaint, Plaintiff's newly hired forensic experts discovered, on September 7, 2023, that the times of the

2

events were incorrect in the original and first amended complaint." (Doc. #: 55, PAGEID #: 616). Plaintiff further alleges that he "could not have reasonably determined this, as Plaintiff is not an expert and Plaintiff could not have been expected to hire an expert prior to discovery if at all." (Doc. #: 55, PAGEID #: 617). However, Plaintiff could have hired a forensic expert when he amended his complaint for the first time in September of 2022. Despite claiming this is "new evidence," Plaintiff, with due diligence, could have discovered this information prior to this Court ruling on Defendants' Motion to Dismiss. *See United States v. Dalide*, 316 F.3d 611, 622 (6th Cir. 2003) (when, with due diligence, evidence could have been discovered prior to judgment, it is not newly discovered).

Nonetheless, this "newly discovered evidence" fails to change the fact that the allegations set forth in the First Amended Complaint did not hinge upon the time that the incident occurred. The time difference of couple minutes, if true, fails to establish that the claims set forth in the Amended Complaint sufficiently allege a constitutional violation occurred as a result of Defendants' actions. Most importantly, the "newly discovered evidence" has no impact on the claims against the Lawrence County Defendants because the aforesaid Defendants did not effectuate Plaintiff's arrest. Accordingly, the Lawrence County Defendants respectfully request this Court deny Plaintiff's Motion to Vacate.

## II. MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Pursuant to Fed.R.Civ.P. 15(a), a court may permit a plaintiff to amend his complaint if "justice so requires." However, the decision regarding whether to grant permission to amend the complaint "is left to the sound discretion of the district court […]." *Estes v. Ky. Utils. Co.*, 636 F.2d 1131, 1133 (6th Cir. 1980). When determining whether to allow a party to amend the complaint, a court "should consider the delay in filing, the lack of notice to the opposing party,

3

bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001).

In this case, almost all of the factors weigh against permitting Plaintiff to file another amended complaint. Plaintiff filed his original Complaint on April 13, 2022. (Doc. #: 1). On May 11, 2022, the Lawrence County Defendants filed a Motion to Dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). (Doc. #: 8). Plaintiff failed to file a response to the Motion to Dismiss, and as a result, on June 29, 2022, this Court issued an Order to Show Cause. (Doc. #: 16). The Order to Show Cause stated that Plaintiff was ordered to show cause or file a responsive memorandum, on or before July 22, 2022, as to why the Lawrence County Defendants' Motion to Dismiss should not be construed as unopposed and granted. (Doc. #: 16). Plaintiff failed to file a response to this Court's Order to Show Cause or file a responsive memorandum to the Lawrence County Defendants' motion to dismiss by July 22, 2022.

On August 11, 2022, Plaintiff filed a Response to this Court's Order to Show Cause. (Doc. #: 18). The aforesaid Response provided that Plaintiff, until July 27, 2022, did not receive any filings in this matter. (Doc. #: 18, ¶ 2). On August 15, 2022, this Court granted Plaintiff a 30-day extension to respond to the Lawrence County Defendants' Motion to Dismiss and the City of Ironton Defendants' Motion for Judgment on the Pleadings. (Doc. #: 19). Plaintiff filed his First Amended Complaint on September 15, 2022. (Doc. #: 20). In the Amended Complaint, Plaintiff omitted the Lawrence County Defendants that were named in the original Complaint and the causes of action against them. Five days later, on September 20, 2022, a Motion to Dismiss was filed by the Lawrence County Defendants. (Doc. #: 21).

4

Plaintiff once again failed to timely respond, and on October 24, this Court entered an Order to Show Cause requiring Plaintiff to show cause, in writing, on or before November 17, 2022, as to why the Lawrence County Defendants' Motion to Dismiss should not be construed as unopposed and granted. (Doc. #: 25). The Order further provided that "Plaintiff may also satisfy the requirements of this Order by filing a responsive memorandum to Defendants motion by the 11/17/2022 deadline. Failure to timely comply with this Order will result in the pending motion being granted as unopposed for the reasons stated therein." (Doc. #: 25).

Plaintiff, once again, failed to respond to the Order to Show Cause, and as a result, on December 6, 2022, this Court granted Defendants' Motion to Dismiss and "closed and terminated" this case from the Court's active docket. (Doc. #: 27). On December 7, Plaintiff filed a Motion for Leave to File Response Two Days Late. (Doc. #: 29). Attached to the Motion for Leave was Plaintiff's Response in Opposition to Defendants' Motion for Judgment on the Pleadings. (Doc. #: 29-1). Thereafter, on January 13, 2023, this Court's Notation Order granted Plaintiff's Motion for Leave and reopened the case.

After the case was reopened, Plaintiff failed to address the argument that was presented multiple times by the Lawrence County Defendants regarding the omission of the aforesaid Defendants in the Amended Complaint and the absence of the causes of action in the Amended Complaint that were set forth in the original Complaint. (Doc. #: 21, 33, 40). Plaintiff never attempted to file a motion requesting leave to amend his Complaint regarding the aforesaid issue. However, Plaintiff does claim that he "requested leave to amend prior to dismissal at Opposition ¶ 39." (Doc. #: 55, PAGEID #: 616). Plaintiff's alleged "request" to file an Amended Complaint was merely a sentence stating the following: "If the underlying facts were lacking, which is all that is required of Plaintiff at the pleading stage, he should be given leave to add them." (Doc. #: 31, ¶

5

39). Thus, Plaintiff's request in his Memorandum in Opposition is not a proper motion. *See La. Sch. Emps Ret. Sys.*, 622 F.3d 471, 486 (6th Cir. 2010) (quoting *Begala v. PNC Bank, Ohio, Nat'l Ass'n,* 214 F.3d 776, 784 (6th Cir. 2000) ("A request for leave to amend 'almost as an aside, to the district court in a memorandum in opposition to the defendant's motion to dismiss is […] not a motion to amend.'").

Moreover, Plaintiff was given ample time from April of 2022, until this case was closed in August of 2023, to file a Second Amended Complaint. Plaintiff's Motion for Leave to Amend comes approximately a year and a half after he filed the original Complaint and over a year after he filed his First Amended Complaint. Plaintiff has not offered any explanation or basis for his belated request. *See Young v. Bailey*, No. 1:10-CV-1064, *3-4 (W.D. Mich. 2011). In fact, Plaintiff waited until this Court ruled on the Lawrence County Defendants' Motion to Dismiss and the City of Ironton's Motion for Judgment on the Pleadings before attempting to remedy the deficiencies in his Amended Complaint. *See Van Vleck v. Keikin, Ingber & Winters, P.C.*, No. 20-11635, *11 (E.D. Mich. 2022) ("The fact that Plaintiff elected not to amend his Complaint when he had the right to do so in response to Defendant filing the motion to dismiss also weighs against allowing Defendant to amend his complaint now and, in essence, take a second bite at the apple. Accordingly, the Court denies Plaintiff's request to file an amended complaint in this matter.").

The Sixth Circuit previously stated the following:

> An open request for the Court to permit amendment to cure deficiencies, once the Court identifies those deficiencies, will not defeat a meritorious motion to dismiss pursuant to Rule 12(b)(6). Had plaintiffs filed a motion to amend the complaint prior to this Court's consideration of the motion to dismiss and accompanied that motion with a memorandum identifying the proposed amendments, the Court would have considered the motions to dismiss in light of the proposed amendments to the complaint. The Court would not have dismissed this action had it been convinced that the deficiencies in the complaint would have been cured by the

> proposed amendments. Absent such a motion, however, Defendant was entitled to a review of the complaint as filed pursuant to Rule 12(b)(6). *Plaintiffs were not entitled to an advisory opinion from the Court informing them of the deficiencies* of the complaint and then an opportunity to cure those deficiencies.

*Begala v. PNC Bank, Ohio, Nat'l Assn.*, 214 F.3d 776, 784 (6th Cir. 2000) (emphasis in original).

In this case, Defendants' Motion to Dismiss (Doc. #: 21), Reply in Support of the Motion to Dismiss (Doc. #: 33), and Response in Opposition to Plaintiff's Motion for a Protective Order (Doc. #: 40) alerted Plaintiff of the alleged deficiencies in the Amended Complaint. The deficiencies of Plaintiff's First Amended Complaint were not only highlighted by the Lawrence County Defendants, but this Court also brought the issues to light. *See Wysong Corp. v. APN, Inc.*, 266 F.Supp.3d 1058 (E.D. Mich. 2017); *Camaj v. Makower Abbate Guerra Wegner Vollmer PLLC*, No. 19-cv-10179, *18-19 ("Under these circumstances, leave to amend yet again – to correct deficiencies that were plainly highlighted for [plaintiff] prior to his last amendment – is properly denied. Simply put, justice would not be served by granting [plaintiff] a third 'do over.'"). As a result, justice does not require granting Plaintiff's Motion for Leave to file another amended Complaint. *See United States ex rel. Ibanez v. Bristol-Myers Squibb Co.*, 874 F.3d 905, 918 n.2 (6th Cir. 2017) ("Where parties have fully argued the merits of a 12(b)(6) motion to dismiss and the district court has […] issued an opinion resolving the motion, it is a stretch to say justice requires granting leave to cure the complaint's deficiencies as identified in the adversarial pleadings and the district court's order[.]"); *Wysong Corp. v. APN, Inc.*, 889 F.3d 267, 273 (6th Cir. 2018).

The claims set forth in the Second Amended Complaint are based upon the same factual allegations as the original Complaint. Plaintiff has exhibited undue delay and bad faith by waiting until this Court ruled on the dispositive motions to file his Motion for Leave to File the Second

Amended Complaint. Plaintiff repeatedly failed to cure deficiencies that were highlighted by the Lawrence County Defendants and this Court. Lastly, by reopening the case and permitting Plaintiff to file a Second Amended Complaint, it would cause undue prejudice to the Lawrence County Defendants.

### III. <u>CONCLUSION</u>

For the reasons set forth above, the arguments set forth in Plaintiff's Motion to Vacate and Leave to File a Second Amended Complaint are meritless. Accordingly, the Lawrence County Defendants respectfully request this Court deny Plaintiff's Motion.

Respectfully Submitted,

/s/ Cassaundra L. Sark
Cassaundra L. Sark (0087766)
*Counsel for Lawrence County Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the Lawrence County Defendants' Response in Opposition to Plaintiff's Motion to Vacate and Leave to File a Second Amended Complaint was provided via the Court's electronic filing system (CM/ECF) on the 16th day of September 2023.

/s/ Cassaundra L. Sark
Cassaundra L. Sark (0087766)
*Counsel for Lawrence County Defendants*