UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JOSE MARIA DECASTRO,<br><br>    Plaintiff,<br><br>v.<br><br>PAM WAGNER, et al.,<br><br>    Defendants. | Case No. 1:22-CV-204<br><br>Judge Michael R. Barrett<br><br><br><br>**ORDER** |

This matter is before the Court on Plaintiff Jose Maria Decastro's motions for reconsideration of the Court's August 3, 2023, order.[1] (Docs. 49, 51). Decastro also moves to correct the Clerk's accompanying judgment, (Doc. 50), and separately seeks leave to file a second amended complaint, (Doc. 55).

I. **FACTUAL BACKGROUND**

In March 2022, Decastro—a California resident and self-described "videographer, vlogger, and civil rights activist[] who has been . . . publishing his recordings . . . on media forums such as YouTube, Facebook, Instagram, and the like since approximately 2020"— was at the Ironton City Hall with approximately fourteen other individuals, "waiting hours for a permit to use one of the rooms for a constitutional teaching session." (Doc. 20,

---

[1] Decastro is mistaken in his belief that the Court dismissed this matter without prejudice. Dismissals under Federal Rule of Civil Procedure 12(b)(6) and judgments on the pleadings under Federal Rule of Civil Procedure 12(c) operate as adjudications on the merits. Absent an indication to the contrary, an adjudication on the merits is presumed to be with prejudice. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001).

PageID 134). Decastro alleges that shortly before 5:00 PM, a city employee announced that the building was closing and would be locked. (*Id.*, PageID 134-35). Decastro alleges that Wagner approached him after the building had closed "and began yelling suddenly . . . to 'cease and desist his disorderly conduct.'" (*Id.*, PageID 135). Decastro was then arrested by Spoljaric, Blankenship, McKnight, and Fouch, and "was taken to the booking area where several criminal charges were brought against him." (*Id.*).

When Decastro posted bond approximately two hours after his arrest, his iPhone was not among the possessions that were returned to him. (*Id.*). Despite visiting the Ironton Police Department four times between late-March and early-April to request the return of his phone, Decastro alleges that that the phone was withheld from him until April 28. (*Id.*, PageID 136). Decastro filed a municipal court replevin action, which was dismissed after his phone was returned and "no evidence was presented as to any damages." (Doc. 23, PageID 217). Decastro now alleges that his phone was searched and damaged to the point of being "no longer usable." (Doc. 20, PageID 136).

In April 2022, during the pendency of his state court proceedings, Decastro initiated the instant action under 42 U.S.C. § 1983, alleging that the Defendants violated his First, Fourth, and Fourteenth Amendment rights. (Doc. 1). He then amended his complaint to include only claims against the City Defendants. (*See* Doc. 20). The County Defendants moved to dismiss for failure to state a claim and the City Defendants moved for judgment on the pleadings.

On review, the Court determined that Decastro failed to state a claim against the County Defendants because he omitted them from his amended complaint and gave no indication that he did not intend the omission to function as a voluntary dismissal. As for

the City Defendants, the Court concluded that Decastro could not assert First or Fourth Amendment claims against them because they possessed probable cause to arrest him, nor could he assert a Fourteenth Amendment claim against them because he was able to regain possession of his phone through adequate state procedural remedies. The Court also concluded that Decastro's municipal liability claim against the City of Ironton could not succeed because there existed no underlying constitutional violation.

These motions for reconsideration, motion to correct, and motion to amend followed.

## II.  LEGAL STANDARD

The Federal Rules of Civil Procedure do not explicitly authorize motions for reconsideration of judgments. However, "[u]nder Rule 59(e), a party can move to 'alter or amend a judgment'" for any one of four reasons: "(1) there was 'a clear error of law' in the judgment, (2) the movant has 'newly discovered evidence,' (3) there has been an 'intervening change in controlling law,' or (4) the alteration or amendment is needed 'to prevent manifest injustice.'" *Cont'l Cas. Co. v. Indian Head Indus.*, 941 F.3d 828, 833 (6th Cir. 2019) (quoting *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010)).

A motion under Rule 59(e) is not to be used as a mechanism to relitigate a case, *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998); *see Jones v. Natural Essentials, Inc.*, 740 F. App'x 489, 494 (6th Cir. 2018) ("Rule 59(e) does not exist to provide an unhappy litigant an opportunity to relitigate issues the court has already considered and rejected."), nor should it be used as a means to raise new legal arguments that could have been raised prior to the entry of judgment, *Exon*

3

*Shipping Co. v. Baker*, 554 U.S. 471, 486 (2008). Rather, a Rule 59(e) motion is an "extraordinary remedy" that "should be granted sparingly because of the interests in finality and conservation of scarce judicial resources." *Am. Textile Mfrs. Inst., Inc. v. The Limited, Inc.*, 179 F.R.D. 541, 547 (S.D. Ohio 1997). District courts are to use their "informed discretion" when deciding a Rule 59(e) motion. *Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982).

### III. <u>ANALYSIS</u>

Beginning with the first motion for reconsideration, Decastro asserts that the Court "made an error of law because Plaintiff alleges a lack of probable cause and Defendants allege the opposite."[2] (Doc. 49, PageID 568). He proceeds to challenge the Court's analysis, but relies on facts already in the record and otherwise "simply regurgitates arguments previously presented." *Rheinfrank v. Abbott Lab'ys, Inc.*, 137 F. Supp. 3d 1035, 1038 (S.D. Ohio 2015) (cleaned up). Decastro notably fails to identify any actual error—legal or factual—in the Court's order. And because Decastro's "proper recourse" is an appeal to the United States Court of Appeals for the Sixth Circuit, *id.*, this Court need not and will not entertain arguments that it has already considered and rejected, nor will it entertain new arguments that Decastro has not previously raised.

As for the County Defendants, Decastro similarly fails to show how the Court made any error warranting reconsideration. Contrary to his assertion, Decastro did indeed *repeatedly* fail to address the omission of claims against the County Defendants from his amended complaint. Not once did Decastro broach the subject, despite the fact that the

---

[2] Decastro also claims that a motion for judgment on the pleadings was inappropriate because "no answers had been filed." (Doc. 49, PageID 570). A review of the record reveals that this is simply not true—the docket entry filed immediately prior to the City Defendants' motion for judgment on the pleadings was their answer to Decastro's amended complaint. (*See* Doc. 22).

County Defendants raised it in their motion to dismiss, (Doc. 21, PageID 150), their reply to Decastro's response to the motion to dismiss, (Doc. 33, PageID 428), and their response in opposition to Decastro's motion for a protective order, (Doc. 40, PageID 493 n.1). Decastro even failed to acknowledge the issue after the Magistrate Judge explicitly noted that:

> The County Defendants' motion to dismiss is based upon the premise that Plaintiff's amended complaint eliminates nearly all references to the allegations and claims originally included by Plaintiff against those Defendants, but for a brief reference to Major Chapman. Plaintiff's response in opposition purports to be "responsive to" the motion to dismiss, but does not directly contest the County Defendants' argument that his amended complaint implicitly dismisses them.

(Doc. 45, PageID 541 n.3) (internal citation omitted).

Decastro also contends that the Court erred when it did not *sua sponte* allow him to amend his complaint for a second time. He is incorrect. Even the unpublished Sixth Circuit case upon which Decastro rests his argument clearly provides that "a district court does not abuse its discretion in failing to grant a party leave to amend where such leave is not sought." *Brown v. Matauszak*, 415 F. App'x 608, 616 (6th Cir. 2011); *see Tucker v. Middleburg-Legacy Place, LLC*, 539 F.3d 545, 551 (6th Cir. 2008) (collecting cases). And because Decastro points to nothing that makes this matter so "uniquely appropriate" that an abuse of discretion would arise from not allowing him to amend his complaint a second time, *Brown*, 415 F. App'x at 616, the Court finds this argument to be wholly without merit.[3]

---

[3] Decastro contends that he "requested leave to amend prior to dismissal," (Doc. 49, PageID 574), but he mischaracterizes the record yet again. The cited passage from an earlier filing merely says that "[i]f the underlying facts were lacking, which is all that is required of Plaintiff at the pleading stage, he should be given leave to add them." (Doc. 32, PageID 426). Even liberally construed, such a non-specific statement contained within a responsive pleading hardly constitutes a motion to amend. Moreover, the motion to dismiss put Decastro on clear notice that Defendants were challenging the sufficiency of his pleadings, and Decastro was "not entitled to an advisory opinion from the Court informing [him] of the deficiencies of the

Finally, Decastro contends that the judgment contains a clerical mistake because it notes in part that "[t]his action came to trial or hearing before the Court." (Doc. 48, PageID 565). As this matter was decided on the motions and the Court did not conduct a formal hearing, the Court recognizes the imprecise nature of the judgment wording and will therefore grant the motion to correct.

IV. **CONCLUSION**

For the foregoing reasons, Decastro's motions for reconsideration, (Docs. 49, 51), are **DENIED**. The motion for leave to file a second amended complaint, (Doc. 55), is **DENIED** as moot. The motion to correct the judgment, (Doc. 50), is **GRANTED** and the Clerk is directed to enter a corrected judgment pursuant to this order.

**IT IS SO ORDERED.**

                     */s/ Michael R. Barrett*
                     Michael R. Barrett
                     United States District Judge

---

complaint and then an opportunity to cure those deficiencies." *Begala v. PNC Bank, Ohio, Nat. Ass'n*, 214 F.3d 776, 784 (6th Cir. 2000); *see also Tucker*, 539 F.3d at 551 (noting that courts are "not required to engage in a guessing game" as to potential deficiencies).