**NOT RECOMMENDED FOR PUBLICATION**

No. 23-3808

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

```
FILED
Jun 25, 2024
KELLY L. STEPHENS, Clerk
```

| | |
|---|---|
| JOSE MARIA DECASTRO, | ) |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) |
| | ) ON APPEAL FROM THE UNITED |
| v. | ) STATES DISTRICT COURT FOR |
| | ) THE SOUTHERN DISTRICT OF |
| PAM WAGNER, in her individual and official | ) OHIO |
| capacities, et al., | ) |
| | ) |
| Defendants-Appellees. | ) |

O R D E R

Before: GRIFFIN, KETHLEDGE, and NALBANDIAN, Circuit Judges.

Jose Maria DeCastro, a pro se California resident, appeals the district court's judgment dismissing his civil rights lawsuit brought under 42 U.S.C. § 1983. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a). Because DeCastro's complaint failed to state a claim, we affirm.

In April 2022, DeCastro, a self-described "videographer, vlogger, and civil rights activist[]," sued the City of Ironton, Ironton Police Chief Pam Wagner, and Ironton police officers Brad Spoljaric, Chance Blankenship, Evan McKnight, and Robert Fouch ("the City Defendants"), along with Major Chapman, Jane Doe, and Lawrence County, Ohio ("the County Defendants"). DeCastro's amended complaint, however, omitted his claims against the County Defendants.

In his amended complaint, DeCastro alleged that he was waiting in the Ironton City Hall on March 29, 2022, "for a permit to use one of the rooms for a constitutional teaching session." According to DeCastro, at approximately 5:00 p.m., an Ironton employee announced that the building was closing, but DeCastro was not given sufficient time to leave. He alleged that there

were approximately 14 other individuals with him who were allowed to leave. But at approximately 5:03 p.m., Wagner and officers Spoljaric, Blankenship, McKnight, and Fouch approached DeCastro, yelled at him to "cease and desist his disorderly conduct," and arrested him. He alleged that his wallet, car key, and iPhone were seized and that Chapman coerced him into providing his social security number during the booking process. DeCastro alleged that he was released approximately two hours later and was given back his property except for the iPhone. He attempted several times to recover the iPhone, but it was not returned to him until April 28th and was "damaged" and "no longer usable." He made several additional allegations concerning his ongoing prosecution that did not relate to either the City or County Defendants.

DeCastro's amended complaint claimed that the City Defendants (1) violated his Fourth Amendment rights by arresting him without probable cause and searching his iPhone without a warrant, (2) violated his Fourteenth Amendment rights by withholding his iPhone, and (3) retaliated against him for exercising his First Amendment rights and that (4) the City of Ironton promulgated a custom or policy of targeting proponents of activities protected by the First Amendment. The County Defendants moved to dismiss, noting that the amended complaint did not name them as defendants or raise any claims against them, and the City Defendants moved for judgment on the pleadings. After affording DeCastro additional time to respond, the district court granted the motions, determining that DeCastro had effectively voluntarily dismissed the County Defendants by omitting them from the amended complaint and that he failed to state a claim against the City Defendants. DeCastro filed motions for reconsideration and a motion to vacate and for leave to file a second amended complaint, which the district court denied.

On appeal, DeCastro lists forty issues. In general, he argues that he should have been allowed to amend his complaint; that there are material disputes of fact over whether the defendant officers had probable cause to arrest him; that the district court incorrectly concluded that there was probable cause for his arrest absent any allegations or evidence that he trespassed or intended to trespass; that the defendants did not typically enforce the trespassing statute and did so here to

chill his rights; that he needed not perfectly state the law to assert a municipal-liability claim; and that the district court was biased against him.

We review de novo a district court's decision to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) or to grant judgment on the pleadings pursuant to Rule 12(c). *Wesley v. Campbell*, 779 F.3d 421, 428 (6th Cir. 2015) (Rule 12(b)(6)); *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008) (Rule 12(c)). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Although pro se litigants are entitled to a liberal construction of their pleadings, *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004), they are not exempt from "basic pleading essentials," *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). To state a § 1983 claim, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the Federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-56 (1978).

Beginning with the County Defendants, DeCastro clearly omitted them from his amended complaint, both in the caption and in the "Defendants" and "Causes of Action" sections. DeCastro did refer to Chapman in the "Factual Allegations" section of the amended complaint, but he omitted the claim against Chapman set forth in his original complaint. An amended complaint generally supersedes a prior pleading, and DeCastro did not indicate in his amended complaint or in his response to the County Defendants' motion to dismiss that he intended to incorporate his original complaint. *See Haywood v. Cleveland Clinic Found.*, 759 F.3d 601, 617 (6th Cir. 2014) (noting that a plaintiff cannot "rely on claims asserted in a former complaint if a subsequent, voluntarily amended complaint does not include those claims"); *Shreve v. Franklin Cnty.*, 743 F.3d 126, 131 (6th Cir. 2014) ("An amended pleading that is complete in itself and does not refer to or adopt a former pleading . . . supersedes or supplants the former pleading." (quoting 61B Am.

Jur. 2d Pleading § 729)).  This conclusion is reinforced by the fact that the County Defendants raised their omission from the amended complaint in their motion to dismiss, and DeCastro did not contest it prior to the district court's dismissal.  The County Defendants were correctly dismissed.

Turning to the City Defendants, the district court first dismissed DeCastro's Fourth Amendment claims because his own allegations showed that he was in violation of Ohio's trespassing statute, section 2911.21(A)(1)-(5) of the Ohio Revised Code, when he was arrested, providing probable cause for his arrest, and he pleaded no facts to support his speculative assertion that the City Defendants searched his phone.  To succeed on a wrongful arrest claim under § 1983, DeCastro must first show, in part, that the police lacked probable cause to arrest him.  *See Fridley v. Horrighs*, 291 F.3d 867, 872 (6th Cir. 2002).  Probable cause exists when the "facts and circumstances are sufficient to lead an ordinarily prudent person to believe the accused was guilty of the crime charged."  *Webb v. United States*, 789 F.3d 647, 660 (6th Cir. 2015) (cleaned up).

According to the facts alleged in the amended complaint, at approximately 5:00 p.m., a City employee announced that the building was being closed.  DeCastro was "not given time to leave," and three minutes later, Wagner approached him and yelled at him to "cease and desist his disorderly conduct."  He was then arrested.  The video of the arrest that DeCastro attached to his amended complaint sheds light on the incident.  *See Brown v. Giles*, 95 F.4th 436, 440 (6th Cir. 2024) (holding that, at motion to dismiss stage, the court did not "need to accept as true any allegation 'blatantly contradicted" by the video" referenced in and provided with the complaint (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007))); *Osberry v. Slusher*, 750 F. App'x 385, 390 (6th Cir. 2018) ("[W]e have allowed the use of a video when deciding a Rule 12 motion if the video 'utterly discredits' the plaintiff's version of events." (quoting *Bailey v. City of Ann Arbor*, 860 F.3d 382, 386 (6th Cir. 2017))).  DeCastro's allegations that he was not given time to leave the building and did not refuse to leave are flatly contradicted by his video.  The video shows that DeCastro was standing near the City Hall doors when he was first informed that the building was closing and that he had to leave, and he acknowledged this but responded, "We're not leaving.

We're protesting." And behind DeCastro for much of the video is a clock showing that it was after 5:00 p.m. DeCastro remained in front of the doors for an extended period without making any attempt to leave, while providing detailed instructions to other people about what they should do when the police arrived. He was then asked for a second time to leave, but he again refused by stating, "We're protesting." An officer approached DeCastro and calmly asked him to "cease and desist your disorderly conduct or you will be arrested." The officer then raised her voice and said, "vacate right now, or you will be arrested." DeCastro responded, "I am more than willing to go with you" if he was being arrested. He was then arrested and led away by the officers.

DeCastro now attempts to discount his own allegations and video, namely by claiming that the person who told him that the building was closing may not have been a City employee or that the clock on the wall behind him was not accurate when compared to an atomic clock. But, even if accepted as true, none of these allegations would change that a reasonable person in the defendant officers' position would have concluded that DeCastro's refusal to leave violated Ohio's criminal-trespass statute. Probable cause therefore existed for his arrest, defeating his wrongful-arrest claim. *See Fridley*, 291 F.3d at 872. And to the extent that he raised a Fourth Amendment claim based on an alleged warrantless search of his iPhone, he also failed to state a claim. Although DeCastro alleged that his iPhone was damaged, he did not allege facts supporting an inference that the defendants searched his iPhone, relying instead on his own speculation. *See Wesley*, 779 F.3d at 427 (noting that, to avoid dismissal, a plaintiff's allegations must show more than a speculative right to relief).

DeCastro next claimed that the City Defendants violated his procedural-due-process rights by withholding his property, specifically his iPhone. To state a procedural-due-process claim, a plaintiff must "show that the defendant acted under the color of state law to deprive [him] of a definite liberty or property interest." *Doe v. DeWine*, 910 F.3d 842, 851 (6th Cir. 2018) (quoting *Mich. Paytel Joint Venture v. City of Detroit*, 287 F.3d 527, 539 (6th Cir. 2002)). To succeed on his claim, however, DeCastro must demonstrate that the available state remedies to address the deprivation were inadequate. *See Jefferson v. Jefferson Cnty. Pub. Sch. Sys.*, 360 F.3d 583, 587

(6th Cir. 2004). DeCastro did not allege that his state post-deprivation remedies were inadequate. Instead, he filed a replevin action in state court, *DeCastro v. Ironton Police Dep't*, No. CVH2200076 (Ohio Ironton Mun. Ct. June 10, 2022), that resulted in the return of his iPhone. The judge in that case noted in his dismissal order that no evidence was presented as to any damages. DeCastro did not demonstrate that he could not have sought damages in state court, and section 2737.14 of the Ohio Revised Code provides for damages in a replevin action. DeCastro thus made no showing that this state post-deprivation remedy was inadequate, and his Fourteenth Amendment claim was properly dismissed.

DeCastro next claimed that the City Defendants retaliated against him for exercising his First Amendment right to film and otherwise investigate and report on local public officials. To establish a retaliation claim, DeCastro must show that (1) he engaged in a protected activity, (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that protected activity, and (3) the adverse action was motivated by the protected activity. *Sensabaugh v. Halliburton*, 937 F.3d 621, 627-28 (6th Cir. 2019). But the presence of probable cause generally negates a First Amendment retaliatory-arrest claim. *See Hartman v. Thompson*, 931 F.3d 471, 484-85 (6th Cir. 2019) (citing *Nieves v. Bartlett*, 587 U.S. 391, 397-98, 402 (2019)). The Supreme Court has recognized a "narrow qualification" to this rule "for circumstances where officers have probable cause to make arrests, but typically exercise their discretion not to do so." *Nieves*, 587 U.S. at 406. DeCastro asserts, without any supporting facts, that the City Defendants typically did not enforce the trespassing statute. Although he alleged that other people were allowed to leave the building, it is notable that, according to the video, he was the only one actively refusing to leave. DeCastro thus did not allege facts from which it could be plausibly inferred that the City Defendants typically would not arrest someone for repeatedly refusing to leave a government building after it closed.

DeCastro lastly claimed that the City of Ironton had a custom, practice, or policy of enabling officers to target proponents of First Amendment rights. A municipality may be held liable for promulgating a custom or policy that triggers a violation of a plaintiff's rights, *see Monell*

*v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978), but DeCastro must state an underlying constitutional violation, *see Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014). He did not do so, and this claim was correctly dismissed.

DeCastro also challenges the district court's denial of his motions for reconsideration and to amend his complaint. We review the denial of a Federal Rule of Civil Procedure 59(e) motion for an abuse of discretion. *See Keith v. Bobby*, 618 F.3d 594, 597 (6th Cir. 2010). To succeed, DeCastro must show (1) a clear error of law, (2) newly discovered evidence, (3) an intervening change in controlling law, or (4) a need to prevent a manifest injustice. *See Mich. Flyer LLC v. Wayne Cnty. Airport Auth.*, 860 F.3d 425, 431 (6th Cir. 2017). In his motions for reconsideration, DeCastro merely reargued his claims, did not present any relevant new evidence, and did not show that he could not have adequately pleaded his claims or raised his arguments earlier. He claimed in his motion to amend that he has new evidence from "forensic experts" that the clock on the wall was not synced with YouTube's atomic clocks. But regardless of whether that assertion is true, it would be irrelevant to whether he and the City Defendants believed that the building was closed. The district court therefore did not abuse its discretion by denying reconsideration. And because DeCastro did not satisfy the requirements of Rule 59(e), he was not entitled to amend his complaint after the judgment. *See Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615-16 (6th Cir. 2010). Neither is he entitled to relief based on his unsupported allegation that the district court judge was biased because he knew a potential witness and DeCastro "blast[ed] the judge on YouTube."

For these reasons, the district court's judgment is **AFFIRMED**.

ENTERED BY ORDER OF THE COURT

*Kelly L. Stephens*
Kelly L. Stephens, Clerk

# United States Court of Appeals for the Sixth Circuit

**U.S. Mail Notice of Docket Activity**

The following transaction was filed on 06/25/2024.

**Case Name:** Jose DeCastro v. Pam Wagner, et al
**Case Number:** 23-3808

**Docket Text:**
ORDER filed: The district court's judgment is AFFIRMED. Mandate to issue, pursuant to FRAP 34(a)(2)(C), decision not for publication. Richard Allen Griffin, Circuit Judge; Raymond M. Kethledge, Circuit Judge and John B. Nalbandian, Circuit Judge.

**The following documents(s) are associated with this transaction:**
Document Description:   Order

**Notice will be sent to:**

Mr. Jose Maria DeCastro
1258 Franklin Street
Santa Monica, CA 90404

**A copy of this notice will be issued to:**

Ms. Dawn M. Frick
Mr. Randall L. Lambert
Mr. Richard W. Nagel
Ms. Cassaundra L. Sark
Mr. Jeffrey Charles Turner